UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

—————————————————————— x
JOSEPH F. FARIS, Individually and on Behalf :   Civil Action No. 1:11-cv-03658-SAS
of All Others Similarly Situated,              :
                                          :   <u>CLASS ACTION</u>
                    Plaintiff,    :
                                          :
      vs.                              :
                                          :
LONGTOP FINANCIAL TECHNOLOGIES   :
LIMITED, et al.,                         :
                                          :
                   Defendants.    :
—————————————————————— 
BRADLEY D. KAIR, on Behalf of Himself   :   Civil Action No. 1:11-cv-03661-DAB
and All Others Similarly Situated,           :
                                          :   <u>CLASS ACTION</u>
                    Plaintiff,    :
                                          :
      vs.                              :
                                          :
LONGTOP FINANCIAL TECHNOLOGIES   :
LIMITED, et al.,                         :
                                          :
                   Defendants.    :
—————————————————————— x

**MEMORANDUM OF LAW IN SUPPORT OF MOTION FOR CONSOLIDATION, APPOINTMENT AS LEAD PLAINTIFF AND APPROVAL OF LEAD PLAINTIFF'S SELECTION OF LEAD COUNSEL**

The City of Pontiac General Employees' and Police and Fire Retirement Systems (the "Retirement Systems") respectfully submit this memorandum of law in support of their motion for: (1) consolidation of the above-captioned actions pursuant to Rule 42(a) of the Federal Rules of Civil Procedure; (2) appointment as lead plaintiff pursuant to the Private Securities Litigation Reform Act of 1995 ("PSLRA"); and (2) approval of their selection of Robbins Geller Rudman & Dowd LLP ("Robbins Geller") as lead counsel for the class.

## I.      INTRODUCTION

Presently pending in this district are two securities class action lawsuits (the "Related Actions") on behalf of purchasers of Longtop Financial Technologies Limited ("Longtop" or the "Company") American Depository Shares during various class periods against the Company and certain of its officers and/or directors for violations of the Securities Exchange Act of 1934 (the "1934 Act"):[1]

| Caption | Class Period | Date Filed |
|---|---|---|
| *Faris v. Longtop Fin. Techs. Ltd.*, No. 11-cv-03658-SAS | 06/29/09-05/17/11 | 05/27/11 |
| *Kair v. Longtop Fin. Techs. Ltd.*, No. 11-cv-03661-DAB | 10/25/07-05/16/11 | 05/27/11 |

In securities class actions, the PSLRA requires district courts to resolve consolidation prior to appointing a lead plaintiff. *See* 15 U.S.C. §78u-4(a)(3)(B)(ii). Here, the Related Actions should be consolidated because they each involve substantially similar issues of law and fact. *See* Fed. R. Civ. P. 42(a); *infra* §III.A.

---

[1]     There are also three actions pending in the U.S. District Court for the Central District of California: *Mikus v. Longtop Fin. Techs. Ltd.*, No. 11-cv-04402; *Washtenaw County Employees' Ret. Sys. v. Longtop Fin. Techs. Ltd.*, No. 11-cv-04714; and *Maadan v. Longtop Fin. Techs. Ltd.*, No. 11-cv-5182. The Retirement Systems are also filing a motion for consolidation, appointment as lead plaintiff and approval of lead plaintiff's selection of lead counsel in the California actions.

635776_1

As soon as practicable after its decision on consolidation, the Court "shall appoint the most adequate plaintiff as lead plaintiff for the consolidated actions."  *See* 15 U.S.C. §78u-4(a)(3)(B)(ii).  The lead plaintiff is the "member or members of the purported plaintiff class that the court determines to be most capable of adequately representing the interests of class members."  15 U.S.C. §78u-4(a)(3)(B)(i).  The Retirement Systems should be appointed as lead plaintiff because they: (1) timely filed this motion; (2) to their counsel's knowledge, have the largest financial interest in the relief sought by the class; and (3) will fairly and adequately represent the interests of the class.  *See* 15 U.S.C. §78u-4(a)(3)(B)(iii).  In addition, the Retirement Systems' selection of Robbins Geller as lead counsel for the class should be approved.  *See* 15 U.S.C. §78u-4(a)(3)(B)(v).

## II.  FACTUAL BACKGROUND

Longtop, together with its subsidiaries, provides a wide range of software solutions and services to financial institutions in the People's Republic of China, including the development, licensing and support of software solutions, the provision of maintenance, support, and other services, and system integration services related to the procurement and sale of third party hardware and software.  The software solutions provided by the Company are classified into four categories: channel, business, management, and business intelligence.

The complaints allege that defendants issued materially false and misleading statements regarding the Company's financials and business prospects during the class period.  Specifically, the Company misrepresented and overstated its financial condition.  As a result of defendants' false statements, Longtop securities traded at artificially inflated prices during the class period, reaching a high of $42.73 per share on November 10, 2010.

On April 26, 2011, Citron Research ("Citron") issued a report on Longtop stating "every financial statement from its IPO to this date is fraudulent."  The report raised serious issues with the

635776_1

3

quality of the Company's earnings reports and operations, pointing to a suspicious off-balance-sheet arrangement with Xiamen Longtop Human Resources ("XLHR"), a staffing company, that allowed Longtop to report super-sized profit margins and inflated financial results. The report also called into question the integrity of Longtop's key management, specifically pointing to undisclosed misdeeds involving past unfair business practices. In response to the negative news revealed in the report, the price of Longtop shares declined substantially, falling 12.9% on April 26, 2011, and a further 20% on April 27, 2011, on heavy trading volume.

Following publication of the Citron report, Longtop hosted a conference call during which it vehemently denied every aspect of the report and assured investors that not only was Citron wrong, but that the Company would soon be issuing positive financial results that would receive a clean bill of health from Longtop's auditors. The effect of the false and misleading statements made in the conference call was to maintain and increase the artificial inflation in the price of Longtop securities.

Then on May 9, 2011, Citron published a follow-up report entitled "Longtop Financial (NYSE: LFT) Final Proof of Undisclosed Related Party Transactions." Among other things, the report further revealed the Company's connection to XLHR and how that connection materially impacted Longtop's financial condition. In response to the release of the second Citron report, Longtop's stock price fell another 8%.

While Longtop issued a press release on May 10, 2011, further denying the claims of both Citron reports, as well as a similar report issued by OLP Global, a week later, on May 17, 2011, trading in Longtop stock was halted pending an announcement by the Company. At the time trading was suspended, Longtop stock was trading at $18.93 per share.

On May 19, 2011, Longtop issued a press release announcing that the Company would not announce its fourth quarter and fiscal year 2011 financial results on May 23, 2011, as previously

- 3 -

scheduled (and emphatically reiterated by defendants in their false denials of the Citron reports).
The Company stated that it "plans to publish an announcement on the new date of fourth quarter and
fiscal year 2011 earnings reporting once the date has been determined."

Then, on May 23, 2011, Longtop issued a press release announcing that its independent
auditor, Deloitte Touche Tohmatsu CPA Limited, had resigned and that the SEC was conducting an
investigation into related matters.  The Company also announced that its Chief Financial Officer
Derek Palaschuk tendered his resignation dated May 19, 2011.  But for the suspension of trading, the
disclosures on May 19 and May 23, 2011 would have substantially lowered the price of Longtop
securities and further removed the artificial inflation caused by defendants' fraud.

The true facts, which were known by defendants but concealed from the investing public
during the class period, were as follows: the Company misrepresented and overstated its financial
condition and future business prospects; and as a result of the foregoing, defendants' statements
regarding the Company's financial performance and expected earnings were false and misleading
and lacked a reasonable basis when made.  As a result of defendants' materially false statements,
Longtop's securities traded at inflated levels during the class period.  Because of the precipitous
decline in the market value of the Company's securities when the truth was revealed, plaintiff and
the class suffered significant losses and damages.

**III.    ARGUMENT**

    **A.    The Related Actions Should Be Consolidated**

"If actions before the court involve a common question of law or fact the court may . . .
actions consolidate the actions . . . ."  Fed. R. Civ. P. 42(a).  Here, all of the Related Actions assert
1934 Act claims on behalf of purchasers of Longtop securities during similar class periods.  Each of
the Related Actions name the Company and certain of its officers and/or directors as defendants and

635776_1

involve similar factual and legal issues, namely, whether plaintiffs purchased Longtop securities at artificially inflated prices as a result of defendants' allegedly false and misleading statements, and whether defendants' conduct violates the 1934 Act. As such, "[l]itigation of these actions will require resolution of common questions of law and of fact." *In re Centerline Holding Co. Sec. Litig.*, 2008 U.S. Dist. LEXIS 36406, at *9 (S.D.N.Y. 2008) (Scheindlin, J.). Therefore, consolidation is appropriate. *Id.*; *Johnson v. Celotex Corp.*, 899 F.2d 1281, 1285 (2d Cir. 1990).

### B.    The Retirement Systems Should Be Appointed as Lead Plaintiff

The PSLRA establishes the procedure for the appointment of a lead plaintiff in "each private action arising under [the 1934 Act] that is brought as a plaintiff class action pursuant to the Federal Rules of Civil Procedure." 15 U.S.C. §78u-4(a)(1); *see also* 15 U.S.C. §78u-4(a)(3)(B)(i). First, the pendency of the action must be publicized in a widely circulated national business-oriented publication or wire service not later than 20 days after filing of the first complaint. 15 U.S.C. §78u-4(a)(3)(A)(i). Next, the PSLRA provides that the Court shall adopt a presumption that the most adequate plaintiff is the person or group of persons that –

(aa) has either filed the complaint or made a motion in response to a notice . . .;

(bb) in the determination of the court, has the largest financial interest in the relief sought by the class; and

(cc) otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure.

15 U.S.C. §78u-4(a)(3)(B)(iii). The Retirement Systems meet these requirements and should therefore be appointed as lead plaintiff.

### 1.    This Motion Is Timely

The notice published in this action on May 23, 2011 advised class members of: (1) the pendency of the action; (2) the claims asserted therein; (3) the proposed class period; and (4) the right to move the Court to be appointed as lead plaintiff within 60 days from May 23, 2011, or July

635776_1

22, 2011.  *See* Declaration of David A. Rosenfeld in Support of Motion for Consolidation, Appointment as Lead Plaintiff and Approval of Lead Plaintiff's Selection of Lead Counsel ("Rosenfeld Decl."), Ex. A.  Because the Retirement Systems' motion is timely filed, it is entitled to be considered for appointment as lead plaintiff.

### 2. The Retirement Systems Have the Largest Financial Interest in the Relief Sought by the Class

During the Class Period, the Retirement Systems purchased almost 13,000 shares of Longtop stock and lost approximately $122,000 as a result of defendants' alleged misconduct.  *See* Rosenfeld Decl., Exs. B-C.[2]  To the best of their counsel's knowledge, there are no other applicants who have sought appointment as lead plaintiff who have a larger financial interest.  Therefore, the Retirement Systems satisfy the PSLRA's prerequisite of having the largest financial interest.

### 3. The Retirement Systems Satisfy Rule 23 of the Federal Rules of Civil Procedure at This Stage

In addition to possessing a significant financial interest, a lead plaintiff must also "otherwise satisf[y] the requirements of Rule 23 of the Federal Rules of Civil Procedure."  15 U.S.C. §78u-4(a)(3)(B)(iii)(I)(cc).  "At the lead plaintiff stage of the litigation, in contrast to the class certification stage, 'a proposed lead plaintiff need only make a "preliminary showing" that it will satisfy the typicality and adequacy requirements of Rule 23.'"  *Sgalambo v. McKenzie*, 268 F.R.D. 170, 173 (S.D.N.Y. 2010) (Scheindlin, J.) (citation omitted).  "'Typicality' 'requires that the claims of the class representatives be typical of those of the class, and is satisfied when each class member's claim arises from the  same course of events, and each class member makes similar legal arguments to prove the defendant's liability.'"  *Id.* at 173-74 (citation omitted).  "'The adequacy requirement is

---

[2]    The Retirement Systems' losses are the same regardless of whether the First In, First Out ("FIFO") or Last In, Last Out ("LIFO") method is used.

635776_1

satisfied where the proposed Lead Plaintiff does not have interests that are antagonistic to the class that he seeks to represent and has retained counsel that is capable and qualified to vigorously represent the interests of the class  . . . .'" *Id.* at 174 (citation omitted).

Here, the Retirement Systems purchased Longtop securities during the class period at prices artificially inflated by defendants' materially false and misleading statements and/or omissions and suffered damages when the truth leaked into the market.  The Retirement Systems' claims therefore arise from the same factual predicate as those in the complaints.  *See Sgalambo*, 268 F.R.D. at 174. In addition, as institutional investors with prior experience serving as lead plaintiff in securities class actions, the Retirement Systems have demonstrated their ability and willingness to prosecute this action by filing their certifications as well as by retaining qualified counsel.  *See* Rosenfeld Decl., Exs. B, D.  The Retirement Systems are not subject to unique defenses and there is no evidence that they seek anything other than the greatest recovery for the class consistent with the merits of the claims.  As such, the Retirement Systems satisfy the typicality and adequacy requirements at this stage.

### C.    The Court Should Approve the Retirement Systems' Selection of Counsel

The PSLRA vests authority in the lead plaintiff to select and retain lead counsel, subject to this Court's approval.  *See* 15 U.S.C. §78u-4(a)(3)(B)(v).  This Court should not disturb the lead plaintiff's choice of counsel unless it is necessary to "protect the interests of the class."  15 U.S.C. §78u-4(a)(3)(B)(iii)(II)(aa).

The Retirement Systems have selected Robbins Geller to serve as lead counsel.  *See* Rosenfeld Decl., Ex. D.  Robbins Geller "has extensive experience litigating securities class actions and, therefore, has the ability to conduct the litigation effectively."  *Pompano Beach Police & Firefighters' Ret. Sys. v. Comtech Telecomms. Corp*., 2010 U.S. Dist. LEXIS 103218, at *16

- 7 -

635776_1

(E.D.N.Y. 2010).  Indeed, "Robbins Geller has served as lead or co-lead counsel in numerous securities class actions, including *In re Enron Corp. Sec. Litig.*, No. 01-H-3624, 2005 U.S. Dist. LEXIS 41240, 2005 WL 3504860 (S.D. Tex. Dec. 22, 2005), as well as several cases filed in the district courts within the Second Circuit."  *Id.* at *18.  Based upon Robbins Geller's extensive experience and proven track record as counsel in securities class actions, the Retirement Systems' selection of Robbins Geller as lead counsel should be approved.

## IV.    CONCLUSION

The Retirement Systems have satisfied each of the PSLRA's requirements for appointment as lead plaintiff.  Therefore, the Retirement Systems respectfully request that the Court grant their Motion for appointment as lead plaintiff, approve their selection of counsel and grant such other relief as the Court may deem just and proper.

DATED:  July 22, 2011                Respectfully submitted,

                                     ROBBINS GELLER RUDMAN
                                       & DOWD LLP
                                     SAMUEL H. RUDMAN
                                     DAVID A. ROSENFELD


                                     _____
                                          s/DAVID A. ROSENFELD
                                         DAVID A. ROSENFELD

                                     58 South Service Road, Suite 200
                                     Melville, NY  11747
                                     Telephone:  631/367-7100
                                     631/367-1173 (fax)
                                     srudman@rgrdlaw.com
                                     drosenfeld@rgrdlaw.com

- 8 -

ROBBINS GELLER RUDMAN
  & DOWD LLP
DARREN J. ROBBINS
DANIELLE S. MYERS
655 West Broadway, Suite 1900
San Diego, CA  92101
Telephone:  619/231-1058
619/231-7423 (fax)
darrenr@rgrdlaw.com
dmyers@rgrdlaw.com

[Proposed] Lead Counsel for Plaintiffs

SULLIVAN, WARD, ASHER
  & PATTON, P.C.
CYNTHIA J. BILLINGS
25800 Northwestern Highway
1000 Maccabees Center
Southfield, MI  48075-1000
Telephone:  248/746-0700
248/746-2760 (fax)

Additional Counsel for Plaintiff

- 9 -

<u>CERTIFICATE OF SERVICE</u>

I hereby certify that on July 22, 2011, I authorized the electronic filing of the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the e-mail addresses denoted on the attached Electronic Mail Notice List, and I hereby certify that I caused to be mailed the foregoing document or paper via the United States Postal Service to the non-CM/ECF participants indicated on the attached Manual Notice List.

I certify under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.  Executed on July 22, 2011.

s/ DAVID A. ROSENFELD
DAVID A. ROSENFELD

ROBBINS GELLER RUDMAN
   & DOWD LLP
SAMUEL H. RUDMAN
DAVID A. ROSENFELD
58 South Service Road, Suite 200
Melville, NY  11747
Telephone:  631/367-7100
631/367-1173 (fax)

E-mail:drosenfeld@rgrdlaw.com

635776_1

11

# Mailing Information for a Case 1:11-cv-03658-SAS

## Electronic Mail Notice List

The following are those who are currently on the list to receive e-mail notices for this case.

- **Lester R. Hooker**
  lhooker@saxenawhite.com

- **Christopher Steven Jones**
  cjones@saxenawhite.com,e-file@saxenawhite.com

- **Katharine M. Ryan**
  kryan@rmclasslaw.com,rmaniskas@rmclasslaw.com

- **Jennifer Elizabeth Traystman**
  jtraystman@trinko.com

- **Curtis Victor Trinko**
  ctrinko@trinko.com

- **Joseph E. White**
  jwhite@saxenawhite.com

## Manual Notice List

The following is the list of attorneys who are **not** on the list to receive e-mail notices for this case (who therefore require manual noticing). You may wish to use your mouse to select and copy this list into your word processing program in order to create notices or labels for these recipients.

**Richard A. Maniskas**
RYAN & MANISKAS, LLP
995 Old Eagle School Rd.
Suite 311
Wayne, PA 19087