UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| JOSEPH F. FARIS, Individually and On Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br><br>v.<br><br>LONGTOP FINANCIAL TECHNOLOGIES LIMITED, HUI KUNG KA a/k/a XIAOGONG JIA, WAI CHAU LIN a/k/a WEIZHOU LIAN, and DEREK PALASCHUK,<br><br>Defendants. | Civil Action No. 11-CV-3658 |
| BRADLEY D. KAIR, On Behalf Of Himself And All Others Similarly Situated,<br><br>Plaintiff,<br><br>v.<br><br>LONGTOP FINANCIAL TECHNOLOGIES LIMITED, WAI CHAU LIN (also known as LIN WAI CHAU and WEIZHOU LIAN), and DEREK PALASCHUK,<br><br>Defendants. | Civil Action No. 11-CV-3661 |

**MEMORANDUM IN SUPPORT OF THE NORFOLK COUNTY RETIREMENT SYSTEM'S MOTION FOR CONSOLIDATION, APPOINTMENT AS LEAD PLAINTIFF AND APPROVAL OF ITS CHOICE OF LEAD COUNSEL**

# TABLE OF CONTENTS

TABLE OF AUTHORITIES ................................................................. ii-iii

PRELIMINARY STATEMENT .................................................................. 1

STATEMENT OF FACTS ........................................................................... 3

ARGUMENT ................................................................................................ 5

I. THE PENDING ACTIONS SHOULD BE CONSOLIDATED ............... 5

II. THE COURT SHOULD APPOINT NORFOLK AS LEAD
PLAINTIFF FOR THE CLASS ................................................................ 7

    A. Norfolk Has Met The Procedural Requirements
Of The PSLRA ................................................................................. 7

    B. Norfolk Has The Largest Known Financial Interest
In The Relief Sought By The Class ................................................. 8

    C. Norfolk Is A Sophisticated Investor That Satisfies
The Requirements of Rule 23 .......................................................... 9

        1. Norfolk Satisfies the Typicality Requirement
of Rule 23 ................................................................................. 9

        2. Norfolk Satisfies The Adequacy Requirement
of Rule 23 ............................................................................... 10

III. THE COURT SHOULD APPROVE NORFOLK'S
SELECTION OF LEAD COUNSEL ...................................................... 12

CONCLUSION ........................................................................................... 13

# TABLE OF AUTHORITIES

**Cases**

*Glauser v. EVCI Ctr. Colls. Holding Corp.*,
   236 F.R.D. 184 (S.D.N.Y. 2006) ................................................................................................ 5

*In re Bear Stearns Cos. Sec., Derivative & ERISA Litig.*,
   No. 08 M.D.L. 1963,
   2009 WL 50132 (S.D.N.Y. Jan. 5, 2009) .................................................................................... 6

*In re Cendant Corp. Litig.*,
   264 F.3d 201 (3d Cir. 2001) ...................................................................................................... 12

*In re Doral Fin. Corp. Sec. Litig.*,
   414 F. Supp. 2d 398 (S.D.N.Y. 2006) ........................................................................................ 1

*In re IPO Sec. Litig*,
   214 F.R.D. at 117 (S.D.N.Y. 2002) ...................................................................................... 9, 10

*In re McDermott Int'l Sec. Litig.*,
   2009 WL 579502 (S.D.N.Y. Mar. 6, 2009) ................................................................................ 9

*In re Olsten Corp. Sec. Litig.*,
   3 F. Supp. 2d 286 (E.D.N.Y. 1998) ............................................................................................ 7

*In re Orion Sec. Litig.*,
   No. 08 Civ. 1328 (RJS),
   2008 WL 2811358 (S.D.N.Y. July 8, 2008) ............................................................................... 6

*Kaplan v. Gelfond*,
   240 F.R.D. 88 (S.D.N.Y. 2007) .......................................................................................... 5, 6, 7

*Lowinger v. Global Cash Access Holdings, Inc.*,
   No. 08 Civ. 3516 (SWK),
   2008 WL 2566558 (S.D.N.Y. June 26, 2008) ........................................................................ 5, 9

*Olsen v. New York Cmty. Bancorp, Inc.*,
   233 F.R.D. 101 (E.D.N.Y. 2005) ........................................................................................ 7, 10

*Vladimir v. Bioenvision Inc.*,
   2007 WL 4526532 (S.D.N.Y. 2007) ........................................................................................ 12

**Statutes**

15 U.S.C. §§ 78j(b) ........................................................................................................................ 1

15 U.S.C. §§ 78t(a) ........................................................................................................................ 1

15 U.S.C. § 78u-4(a)(3) .................................................................................................................. 7

15 U.S.C. § 78u-4(a)(3)(B) ..................................................................................................... passim

**Other Authorities**

17 C.F.R. § 240.10b-5 ................................................................................................................... 1

Statement of Managers – The "Private Securities Litigation Reform Act of 1995,"
   141 Cong. Rec. H13691-08, at H13700, H. R. Conf. Rpt. No. 104-369, at 35, 104 Cong.
   1 Sess. *reported in* 1995 U.S.C.C.A.N. 730 (Nov. 28, 1995) .................................................. 12

H.R. Conf. Rep. No. 104-369, at 34, 104th Con. 1st Sess. (1995),
   *reprinted in* 1995 U.S.C.C.A.N. 679 ......................................................................................... 12

**Rules**

Fed. R. Civ. P. 23 ................................................................................................................. passim

Fed. R. Civ. P. 42(a) ................................................................................................................ 1, 2

## PRELIMINARY STATEMENT

The Norfolk County Retirement System ("Norfolk") respectfully submits this memorandum in support of its motion: (1) to consolidate the above-captioned securities class actions (the "Actions") pursuant to Rule 42(a) of the Federal Rules of Civil Procedure; (2) to appoint Norfolk as Lead Plaintiff pursuant Section 21D(a)(3)(B) of the Securities Exchange Act of 1934 (the "Exchange Act"), 15 U.S.C. § 78u-4(a)(3)(B), as amended by the Private Securities Litigation Reform Act of 1995 (the "PSLRA"); and (3) for approval of Norfolk's selection of Berman DeValerio as Lead Counsel for a class (the "Class") described herein.

Presently pending before the Court are the two above-captioned securities class actions brought on behalf of purchasers of Longtop Financial Technologies Limited ("Longtop" or the "Company") American Depositary Shares ("ADS") during the period from October 25, 2007 through and including May 17, 2011 (the "Class Period").[1] Three additional and substantially identical securities class actions have also been filed in the U.S. District Court for the Central District of California.[2] All of the pending actions assert claims for violations of Sections 10(b) and 20(a) of the Exchange Act, 15 U.S.C. §§ 78j(b) and 78t(a), and Rule 10b-5 promulgated thereunder, 17 C.F.R. § 240.10b-5. As alleged in the pending actions, Defendants caused the

---

[1] When faced with multiple class periods at the lead plaintiff stage, courts typically choose the most inclusive class period. *See, e.g., In re Bear Stearns Cos., Inc. Sec., Deriv. & ERISA Litig.*, 08 MDL 1963, 2009 WL 50132, at *8 (S.D.N.Y. Jan. 5, 2009) (adopting the longer class period for purposes of determining which movant had the largest financial interest seeking appointment as lead plaintiff); *In re Doral Fin. Corp. Sec. Litig.*, 414 F. Supp. 2d 398, 402-03 (S.D.N.Y. 2006) (adopting longer class period at lead plaintiff stage because "it encompasses more potential class members" and noting that narrowing the class period, if appropriate at all, should be done at a later stage in the litigation). Thus, for purposes of determining Lead Plaintiff, Norfolk adopts the longest class period asserted in the pending actions.

[2] These actions were filed between May 23 and June 21, 2011. *See Mikus v. Longtop Fin. Techs. Ltd., et al.*, No. CV11-04402 (C.D. Cal.); *Washentaw County Employees Ret. Sys. v. Longtop Fin. Techs. Ltd., et al.*, No. CV11-04714 (C.D. Cal.); *Maadan v. Longtop Fin. Techs. Ltd., et al.*, No. CV11-05182 (C.D. Cal.). Norfolk has filed a motion similar to this one in the Central District of California.

price of Longtop ADS to be artificially inflated during the Class Period by issuing materially false and misleading statements and omitting to disclose material facts that misled shareholders regarding the Company's business operations, financial condition, and prospects.

Norfolk moves, pursuant to Rule 42(a) of the Federal Rules of Civil Procedure, for consolidation of the above-captioned Actions. The Actions allege similar claims based on the same or similar legal and factual allegations, including the alleged violations of the federal securities laws. It is therefore appropriate to consolidate the Actions for all purposes.

In addition, Norfolk seeks appointment as Lead Plaintiff in the Actions and approval of its selection of Berman DeValerio as Lead Counsel for the Class. Pursuant to the PSLRA, this Court is to appoint the "most adequate plaintiff" to serve as Lead Plaintiff. 15 U.S.C. § 78u-4(a)(3)(B)(i). In that regard, the Court is required to determine which movant has the "largest financial interest" in the relief sought by the Class in this litigation and also makes a *prima facie* showing that it is an adequate Class representative under Rule 23 of the Federal Rules of Civil Procedure. 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I).

Norfolk respectfully submits that it is the "most adequate plaintiff" given its significant losses, totaling $69,691.81, from its investment in Longtop ADS.[3] Further, Norfolk satisfies the requirements of Rule 23(a) of the Federal Rules of Civil Procedure. Indeed, Norfolk, a public pension fund, is precisely the sort of institutional investor that Congress envisioned would head up securities class actions when it enacted the PSLRA. In addition, Norfolk has selected and

---

[3] A copy of the PSLRA-required Certification submitted by Norfolk (the "Norfolk Certification") is attached as Exhibit B to the Declaration of Jeffrey C. Block ("Block Decl."). Exhbit A to the Norfolk Certification sets forth Norfolk's transactions in Longtop ADS during the relevant period. In addition, a chart reflecting calculations of Norfolk's financial losses from its trading in Longtop ADS is attached as Ex. C to the Block Decl.

2

retained Berman DeValerio, a law firm with significant experience in prosecuting securities fraud class actions, to serve as Lead Counsel for the class.

As such, Norfolk respectfully requests that the Court consolidate the above-captioned actions, appoint Norfolk as Lead Plaintiff, and grant its selection of Berman DeValerio as Lead Counsel.

## STATEMENT OF FACTS

Defendant Longtop is a Cayman Islands corporation with principal executive offices located in Hong Kong and a principal China operations office located in Xiamen, People's Republic of China. Longtop, together with its subsidiaries, purports to provide software and information technology products and services targeted to companies operating in the financial services sector in the People's Republic of China. Until the Company's trading was suspended on May 16, 2011, Longtop's ADS traded on the New York Stock Exchange ("NYSE") under the ticker symbol "LFT."

The Actions charge that Defendants misled Longtop's investors by overstating the Company's financial results and misrepresenting its business operations. In particular, it is alleged that Longtop misled investors by, *inter alia*: (1) using a suspicious off-balance-sheet arrangement with a staffing company called Xiamen Longtop Human Resources Services Co. ("XLHRS") to inflate the Company's profit margins and financial results; (2) failing to disclose that this arrangement was a material related party transaction; (3) failing to disclose that key members of Longtop's senior management had engaged in unfair business practices at their previous employer; (4) engaging in accounting irregularities and the falsification of financial records such as bank account balances; (5) falsely stating that the Company's financial records were prepared in accordance with Generally Accepted Accounting Principles ("GAAP"); and (6) failing to disclose that the Company lacked adequate internal and financial controls.

3

The truth about Longtop began to emerge on April 26, 2011, when the financial analysis firm Citron Research released a report, *Citron reports on Longtop Financial (NYSE:LFT)* (the "Citron Report"). According to the Citron Report, Longtop was "a story that has all the markings of a complete stock fraud – with off balance sheet transactions that create outsized margins and management with backgrounds unsuitable to run a public company." The Citron Report attacked Longtop's reported "spectacularly high margins" as being a complete fiction and attributed the Company's success to its use of an "unconventional staffing model" whereby the Company used XLHRS to take Longtop's largest expenditure – staffing costs – off the Company's books in a massive and improper off-balance sheet transaction. The Citron Report also revealed that: Longtop's Chairman and Chief Executive Officer each had previously been found liable for violations of Chinese unfair competition law and other deceptive conduct involving their former employer; Longtop's Chairman had made massive gifts from his personal holdings of Company stock to certain employees and others; and there were other problems at the Company including "concerns about the revenue recognition from some of LFT's larger customers." On this news, Longtop's ADS price plunged by $3.30 per share to close at $22.24 per share, a loss of 12.92%.

The next day, April 27, 2011, financial analysis firm Bronte Capital issued a report that, among other things, questioned Longtop's ability to report increasing growth in revenue and profit without increasing capital expenses, further questioning the Company's efforts to raise capital from the market when it claimed to be well capitalized already. Longtop's ADS price continued to plummet, declining by $4.51 per share to close at $17.73 per share, a drop of more than 20%. Analysts continued to issue negative reports on Longtop, with Bronte Capital writing on May 3, 2011 that Longtop's purported 50% revenue growth was highly questionable, and

OLP Research reporting on May 9, 2011 that Longtop had been using XLHRS to hide costs associated with human resources expenses, possibly in violation of China's labor laws.

On May 16, 2011, the NYSE halted trading in Longtop ADS, and trading remains suspended as of the date of this filing. The last reported price of Longtop ADS was $18.93 per share. According to subsequent reports, the NYSE's decision was based on unspecified pending news about the Company. On May 23, 2011, the date on which Longtop was to have announced its fourth quarter and fiscal year 2011 results, the Company announced that its auditor, Deloitte Touche Tohmatsu CPA, Ltd. had resigned and that the Company's Chief Financial Officer, Defendant Derek Palaschuk, had tendered his resignation. As a result of Defendants' wrongful acts and omissions, Norfolk and the other Class members have suffered significant damages.

## ARGUMENT

### I. THE PENDING ACTIONS SHOULD BE CONSOLIDATED

The PSLRA provides that, "[i]f more than one action on behalf of a class asserting substantially the same claim or claims arising under this [chapter] has been filed," the court shall not make the determination of the most adequate plaintiff until "after the decision on the motion to consolidate is rendered." 15 U.S.C. § 78u-4(a)(3)(B)(ii). Thereafter, the court "shall appoint the most adequate plaintiff as lead plaintiff for the consolidated actions." *Id.*

Courts have broad discretion under Rule 42(a) of the Federal Rules of Civil Procedure to consolidate actions and, in making that determination, "are to consider whether judicial economy favors consolidation." *Kaplan v. Gelfond*, 240 F.R.D. 88, 91 (S.D.N.Y. 2007). "[C]onsolidation is particularly appropriate in the context of securities class actions if the complaints are based on the same public statements and reports." *Lowinger v. Global Cash Access Holdings, Inc.*, 08 Civ. 3516 (SWK), 2008 WL 2566558, at *1 (S.D.N.Y. June 26, 2008) (citing *Glauser v. EVCI Ctr. Colls. Holding Corp.*, 236 F.R.D. 184, 186 (S.D.N.Y. 2006)).

Moreover, "[d]ifferences in causes of action, defendants, or the class period do not render consolidation inappropriate if the cases present sufficiently common questions of fact and law, and the differences do not outweigh the interests of judicial economy served by consolidation." *Kaplan*, 240 F.R.D. at 91; *see also Bear Stearns*, 2009 WL 50132, at *6-7 (rejecting argument that differing class periods and ways in which parties acquired shares prevented consolidation); *In re Orion Sec. Litig.*, 08 Civ. 1328 (RJS), 2008 WL 2811358, at *2-3 (S.D.N.Y. July 8, 2008) (finding consolidation appropriate even though complaints alleged different securities law violations and named different defendants).

As stated previously, two securities class action complaints have been filed in the U.S. District Court for the Southern District of New York on behalf of investors that purchased Longtop ADS:

| Case Number | Abbreviated Case Name | Date Filed |
| --- | --- | --- |
| 11-CV-3658 | *Faris v. Longtop Fin. Techs. Ltd., et al.* | May 27, 2011 |
| 11-CV-3661 | *Kair v. Longtop Fin. Techs. Ltd., et al.* | May 27, 2011 |

Consolidation of these Actions is appropriate since both assert similar claims based on the same or similar legal and factual allegations. Here, both Actions allege the same types of untrue and misleading statements and material omissions including that Defendants failed to disclose that: (1) Longtop was using a suspicious off-balance-sheet arrangement with XLHRS to inflate the Company's profit margins and financial results; (2) the arrangement with XLHRS was a material related party transaction; (3) key members of Longtop's senior management had engaged in unfair business practices at their previous employer; (4) Longtop was engaging in accounting irregularities and the falsification of financial records such as bank account balances; (5) the Company's financial records were not prepared in accordance with GAAP; and (6) the

Company lacked adequate internal and financial controls. To the extent that there are minor differences between the two Actions, any such differences can be resolved when the Court-appointed Lead Plaintiff files a consolidated amended complaint. *See, e.g., Olsen v. New York Cmty. Bancorp, Inc.*, 233 F.R.D. 101, 105 (E.D.N.Y. 2005) (finding consolidation appropriate and noting differences could be resolved by filing consolidated amended complaint).

In addition, the interests of judicial economy weigh heavily in favor of consolidation given the substantial overlap of common questions of law and fact between both Actions. *See, e.g., Kaplan*, 240 F.R.D. at 91-92 (finding that differing causes of action, defendants and class periods "do not outweigh the interests of judicial economy served by consolidation" and noting that "the 'consolidation of stockholders' suits often benefits both the courts and the parties by expediting pretrial proceedings, avoiding duplication of discovery, and minimizing costs.") (quoting *In re Olsten Corp. Sec. Litig.*, 3 F. Supp. 2d 286, 293-94 (E.D.N.Y. 1998)). As such, the Court should consolidate the aforementioned Actions and any others filed subsequent to this motion which purport to assert claims against Defendants in connection with the above-mentioned allegations.

## II. THE COURT SHOULD APPOINT NORFOLK AS LEAD PLAINTIFF FOR THE CLASS

### A. Norfolk Has Met The Procedural Requirements Of The PSLRA

The PSLRA sets forth detailed procedures for the selection of a Lead Plaintiff. *See* 15 U.S.C. § 78u-4(a)(3). First, the plaintiff who files the initial complaint must, within 20 days of filing the action, publish a notice to the class informing class members of their right to file a motion for appointment as Lead Plaintiff. 15 U.S.C. 78u-4(a)(3)(A)(i). The plaintiff in a related action filed in the U.S. District Court for the Central District of California, *Mikus v. Longtop Fin. Techs. Ltd., et al.*, Case No. CV11-4402 (C.D. Cal.), published a notice on *Businesswire* on May

23, 2011, the day the initial complaint in that matter was filed. That notice, in accordance with the PSLRA, stated that applications to serve as Lead Plaintiff must be made no later than 60 days from the date on which the notice was published. The *Mikus* plaintiff subsequently amended his complaint on May 27, 2011 to extend the class period and filed an additional notice on that date, noting that the Lead Plaintiff deadline remained July 22, 2011. Plaintiff in the *Kair* Action, filed in this Court, published a notice on *Marketwire* on May 27, 2011, the day that its initial complaint was filed. The notice in the *Kair* Action indicated a July 22, 2011 lead plaintiff filing deadline. *See* Block Decl., Ex. A.

The PSLRA provides that any member or members of the purported class may move the court to serve as Lead Plaintiff within 60 days after publication of the required notice. 15 U.S.C. § 78u-4(a)(3)(A). Norfolk has accordingly satisfied the procedural requirement of the PSLRA by filing this motion seeking appointment as Lead Plaintiff within the requisite time frame.

### B. Norfolk Has The Largest Known Financial Interest In The Relief Sought By The Class

Pursuant to the PSLRA, this Court is to appoint the "most adequate plaintiff" to serve as Lead Plaintiff. 15 U.S.C. § 78u-4(a)(3)(B)(i). In that regard, the Court is required to adopt a rebuttable presumption that the "most adequate plaintiff" is the movant with the "largest financial interest" in the relief sought by the Class, has made a *prima facie* showing that it is an adequate and typical Class representative under Rule 23 of the Federal Rules of Civil Procedure, and, as discussed above, has either filed a complaint or a motion seeking Lead Plaintiff status. 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I).

To the best of its knowledge, Norfolk believes that it has the largest financial interest in this litigation by any qualified movant seeking appointment as lead plaintiff. Specifically, Norfolk purchased 7,925 shares of Longtop ADS during the Class Period at a cost of

$226,481.81, and suffered a loss of $69,691.81. *See* Block Decl., Ex. B (Exhibit A to the Norfolk Certification). Accordingly, Norfolk has the largest financial interest in the relief sought by the Class by any qualified movant seeking appointment as Lead Plaintiff.

### C. Norfolk Is A Sophisticated Investor That Satisfies The Requirements of Rule 23

The PSLRA requires that the movant with the largest financial interest must "otherwise satisf[y] the requirements of Rule 23 of the Federal Rules of Civil Procedure." 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I)(cc). "As for the requirements of Rule 23, at this stage a proposed lead plaintiff need only make a 'preliminary showing' that it will satisfy the typicality and adequacy requirements of Rule 23." *In re McDermott Int'l Sec. Litig.*, 2009 WL 579502, at *2 (S.D.N.Y. Mar. 6, 2009) (citing *In re IPO Sec. Litig.*, 214 F.R.D. 117, 121 (S.D.N.Y. 2002)). In this case, Norfolk satisfies both requirements.

#### 1. Norfolk Satisfies The Typicality Requirements Of Rule 23

Norfolk's claims are typical of the claims of other Class members. "Typicality is satisfied where the claims arise from the same conduct from which the other class members' claims and injuries arise." *Lowinger*, 2008 WL 2566558, at *3 (citing *IPO*, 214 F.R.D. at 121). For instance, Norfolk, like other Class members, seeks to hold Defendants liable for the consequences of their violations of the federal securities laws. In addition, there are no facts which indicate any conflicts of interest between Norfolk and the other Class members. Indeed, the events and course of conduct that give rise to Norfolk's claims are the same events and course of conduct that give rise to the claims of the Class; to wit, the false and misleading statements and material omissions regarding significant material adverse facts about Longtop's financial condition, use of off-balance sheet arrangements to inflate financial results and profit margins and conceal costs, material related party transactions, accounting irregularities, management, compliance with GAAP, and internal controls. As a result of these material

9

misstatements and/or omissions, Norfolk, like the other Class members, purchased Longtop ADS at artificially inflated prices.

Lastly, Norfolk suffered losses as a result of the alleged misconduct. *See, e.g., Glauser*, 236 F.R.D. at 188-89 (finding a lead plaintiff movant's claim to be typical where the movant, "like all class members, (1) purchased or acquired [the Company's] securities during the proposed class period, (2) at prices allegedly artificially inflated by Defendants' false and misleading statements and/or omissions, and (3) suffered damages thereby.").

### 2. Norfolk Satisfies The Adequacy Requirement Of Rule 23

Norfolk likewise satisfies the adequacy requirement of Rule 23, which is satisfied where "class counsel is qualified, experienced, and generally able to conduct the litigation," "the class members' interests are not antagonistic to one another" and "the class has a sufficient interest in the outcome of the case to ensure vigorous advocacy." *Olsen*, 233 F.R.D. at 109 (citing *In re Initial Pub. Offering Sec. Litig.*, 214 F.R.D. 117, 121 (S.D.N.Y. 2002)). Norfolk satisfies each of these elements of the adequacy requirement.

Norfolk is an adequate Class representative because it has obtained counsel that is highly experienced in the area of securities litigation and class action lawsuits, its interests are perfectly aligned with those of the other Class members and are not antagonistic in any way, and it has a sufficient interest in the outcome of the case to ensure vigorous advocacy. More specifically, Norfolk has retained Berman DeValerio to represent it in the instant action. Berman DeValerio has successfully prosecuted numerous securities fraud class actions and obtained excellent recoveries on behalf of defrauded investors. Berman DeValerio has the skill and knowledge that will enable them to prosecute this action effectively and expeditiously. *See* Block Decl., Ex. C.

Moreover, there are no facts suggesting that any actual or potential conflict of interest or other antagonism exists between Norfolk and the other Class members. In fact, Norfolk has submitted a Certification in which it affirms its understanding of the duties it owes to the Class, and has expressed its commitment to oversee the prosecution of the instant litigation. *See* Block Decl., Ex. B. Through this Certification, Norfolk accepts the fiduciary obligations it will undertake if appointed Lead Plaintiff in the Actions.

Lastly, Norfolk is a sophisticated institutional investor with a real financial interest in the litigation and the resources and sophistication to vigorously advocate and pursue claims on behalf of the Class. Norfolk is a public pension fund comprised of members from 40 governmental units within Norfolk County, Massachusetts. According to the most recent financial information available, Norfolk had approximately $507.3 million in assets under management and has nearly 10,500 participants. Norfolk also has substantial experience serving as a Lead Plaintiff under the PSLRA and has achieved significant recoveries for shareholders while serving as Lead or Co-Lead Plaintiff in cases such as *In re Gildan Activewear Inc. Sec. Litig.*, 08cv5048 (S.D.N.Y.), which resulted in a $22.5 million settlement for the class; *Norfolk County Ret. Sys. v. Ustian*, 07-cv-07014 (N.D. Ill.), in which Norfolk recovered $13 million on behalf of shareholders; and *In re Herley Indus., Inc. Sec. Litig.*, 06cv2596 (E.D. Pa.), which resulted in a $10 million settlement. Norfolk has also been active in litigating other significant securities cases, including the recently filed *Pipefitters Local No. 636 Defined Benefit Plan v. Tekelec*, 11-cv-00004 (E.D.N.C.); *In re Colonial BancGroup, Inc. Sec. Litig.*, 09cv00104 (M.D. Ala.) and *In re DG Fastchannel, Inc. Sec. Litig.*, 10 Civ. 6523 (S.D.N.Y.), in which a settlement is currently pending.

Thus, Norfolk is precisely the sort of plaintiff that Congress envisioned would lead securities class actions when it enacted the PSLRA. *See* H.R. Conf. Rep. No. 104-369, at 34, 104th Con. 1st Sess. (1995), *reprinted in* 1995 U.S.C.C.A.N. 679, 690 ("increasing the role of institutional investors in class actions will ultimately benefit the class and assist the courts by improving the quality of representation in securities class actions"); *see also Vladimir v. Bioenvision Inc.*, 2007 WL 4526532, at *3 (S.D.N.Y. Dec. 21, 2007) ("Congress decided that the PSLRA's objectives are best achieved when lead plaintiffs are institutional investors or others with large holdings at stake whose interests will be most strongly aligned with those of the class members.").

In sum, Norfolk, having the largest financial interest and satisfying both the typicality and adequacy requirements of Rule 23, should be appointed as Lead Plaintiff for the Class.

### III. THE COURT SHOULD APPROVE NORFOLK'S SELECTION OF LEAD COUNSEL

The PSLRA vests authority in the Lead Plaintiff to select and retain lead counsel, subject to the approval of the court. 15 U.S.C. § 78u-4(a)(3)(B)(v); *In re Cendant Corp. Litig.*, 264 F.3d 201, 276 (3d Cir. 2001) (stating that "the [PSLRA] evidences a strong presumption in favor of approving a properly-selected lead plaintiff's decisions as to counsel selection and counsel retention"). Consistent with Congressional intent, a court should not disturb the Lead Plaintiff's choice of counsel, unless it is "necessary to protect the interests of the plaintiff class." *See* Statement of Managers – The "Private Securities Litigation Reform Act of 1995," 141 Cong. Rec. H13691-08, at H13700, H. R. Conf. Rpt. No. 104-369, at 35, 104 Cong. 1 Sess. *reported in* 1995 U.S.C.C.A.N. 730, 734 (Nov. 28, 1995).

Here, Norfolk has selected Berman DeValerio to serve as Lead Counsel for the Class. Berman DeValerio is highly experienced in the area of securities class action litigation, and has

successfully prosecuted numerous securities fraud class actions and obtained excellent recoveries on behalf of defrauded investors, including many cases in this District. Further, Berman DeValerio has the skill and knowledge that will enable them to prosecute this action effectively and expeditiously. *See* Block Decl., Ex. C. The Court may be assured that by approving Norfolk's choice of counsel, the Class will receive the highest caliber of legal representation. Accordingly, the Court should approve Norfolk's selection of Berman DeValerio as Lead Counsel for the Class.

## CONCLUSION

Norfolk respectfully requests that the Court: (1) consolidate all related actions; (2) appoint Norfolk as Lead Plaintiff for the Class pursuant to the PSLRA; (3) approve Norfolk's selection of Berman DeValerio to serve as Lead Counsel for the Class; and (4) grant such other and further relief as the Court may deem just and proper.

Dated: July 22, 2011

Respectfully submitted,

**BERMAN DEVALERIO**

/s/ Jeffrey C. Block
Jeffrey C. Block (JBC-0387)
Leslie R. Stern
Steven J. Buttacavoli
One Liberty Square
Boston, MA 02109
Telephone: (617) 542-8300
Facsimile: (617) 542-1194
Email: jblock@bermandevalerio.com

*Counsel for the Norfolk County Retirement System, and Proposed Lead Counsel for the Class*