| | |
|---|---|
| **THE ROSEN LAW FIRM, P.A.**<br>Phillip Kim, Esq. (PK 9384)<br>Laurence M. Rosen, Esq. (LR 5733)<br>275 Madison Avenue, 34th Floor<br>New York, New York 10016<br>Telephone: (212) 686-1060<br>Fax: (212) 202-3827<br>Email: pkim@rosenlegal.com<br>Email: lrosen@rosenlegal.com | **WOHL & FRUCHTER LLP**<br>Ethan Wohl, Esq.<br>570 Lexington Avenue, 16th Floor<br>New York, New York 10022<br>Telephone: (212) 758-4000<br>Facsimile: (212) 758-4004<br>Email: ewohl@wohlfruchter.com |
| [Proposed] co-Lead Counsel for Plaintiffs and Class | [Proposed] co-Lead Counsel for Plaintiffs and Class |

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X

| | |
|---|---|
| JOSEPH F. FARIS, INDIVIDUALLY AND ON BEHALF OF ALL OTHERS SIMILARLY SITUATED,<br><br>      Plaintiff,<br><br>      v.<br><br>LONGTOP FINANCIAL TECHNOLOGIES LIMITED, HUI KUNG KA a/k/a XIAOGONG JIA, WAI CHAU LIN a/k/a WEIZHOU LIAN, and, DEREK PALASCHUK,<br><br>      Defendants. | Case No.: 11-CV-3658 (SAS)<br><br>CLASS ACTION<br><br>**MEMORANDUM OF LAW IN SUPPORT OF MOTION OF THE KOWALCZYK GROUP TO CONSOLIDATE RELATED ACTIONS; APPOINT LEAD PLAINTIFF; AND APPROVE LEAD PLAINTIFF'S SELECTION OF COUNSEL** |

-----------------------------------------------------------------X

| | |
|---|---|
| BRADLEY D. KAIR, INDIVIDUALLY AND ON BEHALF OF ALL OTHERS SIMILARLY SITUATED,<br><br>      Plaintiff,<br><br>      v.<br><br>LONGTOP FINANCIAL TECHNOLOGIES LIMITED, WAI CHAU LIN (also known as LIN WAI CHAU and WEIZHOU LIAN), and DEREK PALASCHUK,<br><br>      Defendants. | Case No. 11-CV-3661 (DAB)<br><br>CLASS ACTION |

-----------------------------------------------------------------X

1

Joseph Kowalczyk, Platinum Partners Value Arbitrage Fund, L.P., Platinum Partners Liquid Opportunity Master Fund, L.P., and James Casolo (collectively, "Movant" or the "Kowalczyk Group") respectfully submit this memorandum of law in support of the group's motion for an Order, pursuant to Section 21D of the Securities Exchange Act of 1934 (the "Exchange Act"), as amended by the Private Securities Litigation Reform Act of 1995 (the "PSLRA"):

(1)   consolidating the above-captioned related actions;

(2)   appointing the Kowalczyk Group and its members as Lead Plaintiff on behalf of all purchasers of the securities of Longtop Financial Technologies Ltd ("Longtop" or the "Company"); and

(3)   approving the Kowalczyk Group's selection of The Rosen Law Firm, P.A. and Wohl & Fruchter, LLP as co-Lead Counsel for the Class.

## INTRODUCTION AND BACKGROUND

On May 23, 2011, The Rosen Law Firm, P.A. commenced the first of these actions against Defendants[1] for claims under Sections 10(b) and 20(a) of the Exchange Act in the United States District Court for the Central District of California (the "First Filed Action"): *Joe Mikus v. Longtop Financial Technologies Limited., et al.,* Case No. CV 11-4402 MMM (FFMx). On that same day, the Rosen Law Firm issued a PSLRA early notice advising potential class members of, among other things, the claims alleged in this case and the 60 day deadline for class members to move this Court to be appointed as lead plaintiff. A copy of the early notice is attached as Exhibit 1 to the Declaration of Phillip Kim filed herewith ("Kim Decl." or "Kim Declaration").

---

[1] "Defendants" refers to, collectively: Longtop Financial Technologies Ltd., Hiu Kung Ka (Xiaogong Jia), Wai Chau Lin (Weizhou Lian), Derek Palaschuk, Thomas Gurnee, Zuyun Xue, and Yifeng Shen.

Two more related actions were filed in the Central District of California, entitled *Washtenaw County Employees Retirement System v. Longtop Financial Technologies Limited et al.,* No: 11-CV-4714 MMM (FFMx) and *Sanjay Maadan v. Longtop Financial Technologies Limited et al.,* No: 11-CV-5182 MMM (FFMx).

Consequently, the Kowalczyk Group has filed a similar lead plaintiff motion in actions pending in the Central District of California.

In this District, the following related actions were commenced:

| Case Name | Case No. | Filing Date |
|---|---|---|
| *Faris v. Longtop Financial Technologies Limited., et al.* | 11-CV-3658 | 5/27/11 |
| *Bradley D. Kair v. Longtop Financial Technologies Limited., et al.* | 11-CV-3661 | 5/27/11 |

Longtop provides software and information technology services to the financial services industry in the People's Republic of China (the "PRC" or "China"). The Company is incorporated in the Cayman Islands and its China operations' office is located in Xiamen, China.

Longtop does not directly employ most of its staff but does through employment agencies, 95% of which is done specifically through Xiamen Longtop Human Resources Co. ("XLHR"), an undisclosed related party.

The related actions allege that Longtop and certain of its officers and directors violated the Exchange Act in connection with the Company's issuance of materially false and misleading statements about the Company's true financial condition; and the issuance of materially false and misleading financial statements in its periodic reports filed with the Securities and Exchange Commission ("SEC").

Namely, the complaints allege that, on April 26, 2011, analyst firm Citron Research published a report on Longtop raising red flags about the Longtop's true financial condition: (1) that Longtop reported significantly higher gross margins and operating margins than its peers; that (2) that Longtop failed to disclose that its human resources staffing company, XHLR is a related party; and (3) that Longtop Chairman and CEO (Defendants Ka and Lin, respectively), concealed their previous work experience. That same day, analyst John Hempton of Bronte Capital published an article questioning Longtop's $120 million secondary offering in light of the Company's purported $200 million cash position.

Following these adverse disclosures, Longtop's share price fell precipitously on extraordinarily heavy trading volume, from $25.54/share at closing on April 25, to $17.13/share at closing on April 27, 2011 – about a 33% loss.

Over the course of the following weeks, the Company disputed these allegations. Consequently, Longtop's shares price rose back to close at $22.56/share on April 29, 2011.

On May 3, Mr. Hempton published another article, alleging that Longtop made false claims regarding a cloud-based storage service the Company does not actually provide. Thereafter, another analyst firm, OLP Global published a more detailed report that called into question the Company's true financial condition. Then, on May 9, Citron published a follow-up report, providing further evidence of the related-party relationship between Longtop and XHLR, and stating that the latter was used primarily as a vehicle to hide the true nature of the Company's transactions.

The series of reports caused Longtop's share price to drop again to $18.54/share at the close of trading on May 9, 2011.

Yet Longtop, continued to deny these reports. On May 10, 2011 the Company issued a statement in response to the Citron and OLP reports, claiming that there were no related party transactions and that the Company was not committing fraud.

On May 17, 2011, trading in Longtop's shares was halted pending release of material news.

On May 23, 2011, the Longtop issued a press release announcing: the resignation of the Company's CFO; the resignation of the Company's auditor Deloitte & Touche Tohmatshi CPA Ltd.; an SEC inquiry; and the commencement of a special investigation.

As a result of the adverse disclosures described above, Longtop's shares dropped significantly in value, and has since been halted, thereby rendering it virtually illiquid. As a result, plaintiffs and the Class have been damaged.

## ARGUMENT

### I.     THE RELATED ACTIONS SHOULD BE CONSOLIDATED

Consolidation pursuant to Federal Rule of Civil Procedure Rule 42(a) is proper when actions involve common questions of law and fact. *See Johnson v. Celotex Corp.*, 899 F.2d 1281, 1284 (2nd Cir. 1990). The Court has broad discretion under this Rule to consolidate cases pending within this District. *Id.*

The related actions present similar factual and legal issues, as they involve the same subject matter, and present the same legal issues. Each alleges the same violations of federal securities laws and is based on the same wrongful course of conduct. Each names the Company and certain of its officers and/or directors as defendants. Because the related actions arise from the same facts and circumstances and involve the same subject matter, the same discovery and

similar class certification issues will be relevant to the related actions.[2]  Accordingly, consolidation under Rule 42(a) is appropriate.

## II. MOVANT SHOULD BE APPOINTED LEAD PLAINTIFF

The PSLRA sets forth procedures for the selection of Lead Plaintiff in class actions brought under the Exchange Act.  The PSLRA directs courts to consider any motion to serve as Lead Plaintiff filed by class members in response to a published notice of class action by the latter of (i) 60 days after the date of publication, or (ii) as soon as practicable after the Court decides any pending motion to consolidate.  15 U.S.C. § 78u-4(a)(3)(B)(i) and (ii).

The PSLRA provides a "rebuttable presumption" that the most "adequate plaintiff" to serve as Lead Plaintiff is the "person or group of persons" that:

> (aa) has either filed the complaint or made a motion in response to a notice . . .;
>
> (bb) in the determination of the Court, has the largest financial interest in the relief sought by the class; and
>
> (cc) otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure.

15 U.S.C. § 78u-4(a)(3)(B)(iii).

As set forth below, the Kowalczyk Group satisfies all of these criteria and is thus entitled to the presumption that it is the most adequate plaintiff, and that the group, as a result, should be appointed Lead Plaintiff.

### A. Movant is Willing to Serve as Class Representative

---

[2] While the two actions filed in Court have differing class period, consolidation is still appropriate.  *See In re Olsten Corp. Sec. Litig.,* 3 F. Supp. 2d 286, 293 (E.D.N.Y. 1998) (consolidation is appropriate where allegations in complaints alleging different class periods are based upon disclosures common to all actions); *Miller v. Dyadic Intern., Inc.*, 2008 WL 2465286, at *3-4 (S.D. Fla. April 18, 2008) ("the longest, most inclusive class period is appropriate at this stage in the litigation because it encompasses more potential class members.'") (citation omitted).

The Kowalczyk Group has made a timely motion in response to a PSLRA early notice. *See* Rosen Decl., Ex. 1.  Additionally, as set forth in the PSLRA certifications of the members of the Kowalczyk Group filed concurrently herewith, each member attests that he, or its representative, has reviewed the complaint, adopts the allegations therein, and is willing to serve as a representative of the class. *See* Rosen Decl. Ex. 2.  Accordingly, the Kowalczyk Group satisfies the first requirement to serve as Lead Plaintiff for the class.

### B.   Movant Group Has the Largest Financial Interest in the Action

The PSLRA requires a court to adopt a rebuttable presumption that "the most adequate plaintiff . . . is the person or group of persons that . . . has the largest financial interest in the relief sought by the class."  15 U.S.C. § 78u-4(a)(3)(B)(iii).  "While the PSLRA does not specify how we should decide which plaintiff group has the 'largest financial interest' in the relief sought, most courts simply determine which potential lead plaintiff has suffered the greatest total losses."  *Takara Trust v. Molex*, 229 F.R.D. 577, 579 (N.D. Ill. 2005).  Of the *Lax/Olsten*-styled[3] factors in determining the largest financial interest, the financial loss is the most significant factor.  *Fuwei Films*, 247 F.R.D. at 437 (citing *Kaplan v. Gelfond*, 240 F.R.D. 88, 93 (S.D.N.Y. 2007); *see also Richardson v. TVIA, Inc.*, 2007 WL 1129344 * 4 (N.D. Cal. Apr. 16, 2007) (of the *Lax/Olsten* factors approximate loss is most determinative).  Indeed, "the best yardstick by which to judge 'largest financial interest' is the amount of loss, period".  *In re Bally Total Fitness, Sec. Litig.*, 2005 WL 627960 * 4 (N.D. Ill. Mar. 15, 2005).

With $1,741,976.52 in total losses, the Kowalczyk Group is not aware of any other movant that has suffered greater losses in Longtop shares during the Class Period[4].  *See* Kim

---

[3]   *Lax v. First Merch. Acceptance Corp.*, 1997 WL 461036 *5 (N.D. Ill. Aug. 11, 1997); *In re Olsten Corp. Secs. Litig.*, 3 F.Supp.2d 286, 295 (E.D.N.Y. 1998).
[4]   As trading in Longtop's shares has been halted since May 17, 2011, rendering it completely illiquid, Movant uses a $0/share value for retained shares in Movant's loss calculations.

Decl., Ex. 3 (Kowalczyk Group Loss Chart). Accordingly, the Kowalczyk Group satisfies the largest financial interest requirement to be appointed as Lead Plaintiff for the class.

    **C.**    **Movant Satisfies the Requirements of Rule 23 of the Federal Rules of Civil Procedure**

The PSLRA further provides that, in addition to possessing the largest financial interest in the outcome of the litigation, the Lead Plaintiff must "otherwise satisfy the requirements of Rule 23 of the Federal Rules of Civil Procedure." 15 U.S.C. §78u-4(a)(3)(B)(iii)(I)(cc). Federal Rule of Civil Procedure Rule 23(a) provides that a party may serve as a class representative if the following four requirements are satisfied:

> (1) the class is so numerous that joinder of all members is impracticable, there are questions of law or fact common to the class, (2) the claims or defenses of the representative parties are typical of the claims or defenses of the class, and (3) the representative parties will fairly and adequately protect the interests of the class.

Fed. R. Civ. P. 23(a).

In making its determination that a movant satisfies the requirements of Rule 23, the Court need not raise its inquiry to the level required in ruling on a motion for class certification – a *prima facie* showing that the Movant satisfies the requirements of Rule 23 is sufficient. *Cavanaugh*, 306 F.3d at 730-31. At the lead plaintiff stage, "[t]he typicality and adequacy requirements of Rule 23 are the main focus…" and "[e]xamination of the remaining requirements [of Rule 23] are deferred until the lead plaintiff moves for class certification." *Richardson*, 2007 WL 1129344, at * 4 (citing *Cavanaugh*, 306 F.3d at 730)).

The Kowalczyk Group and each of its members fulfill all of the pertinent requirements of Rule 23. Each member of the Kowalczyk Group shares substantially similar questions of law and fact with the members of the class, and their claims are typical of the members of the class.

8

Each of the Kowalczyk Group members and all members of the class allege that Defendants violated the Exchange Act by publicly disseminating false and misleading financial statements about Longtop. The Kowalczyk Group and its members, as did all of the members of the class, purchased Company shares at prices artificially inflated due to Defendants' misrepresentations and omissions, and were damaged thereby. These shared claims also satisfy the requirement that the claims of the representative parties be typical of the claims of the class.

Thus, the close alignment of interests between Movant and other class members, as well as the Kowalczyk Group's desire to prosecute this action on behalf of the class, provides ample reason to appoint the Kowalczyk Group as Lead Plaintiff.

### D. Movant Will Fairly and Adequately Represent the Interests of the Class and Is Not Subject to Unique Defenses

The presumption in favor of appointing the Kowalczyk Group as Lead Plaintiff may be rebutted only upon proof "by a purported member of the plaintiff[']s class" that the presumptively most adequate plaintiff:

> (aa) will not fairly and adequately protect the interest of the class; or
>
> (bb) is subject to unique defenses that render such plaintiff incapable of adequately representing the class.

15 U.S.C. § 78u-4(a)(3)(b)(iii)(I).

Movant's ability and desire to fairly and adequately represent the class have been discussed above, in Section C. The group is not aware of any unique defenses that defendants could raise against it that would render it inadequate to represent the class. Accordingly, the Court should appoint the Kowalczyk Group as Lead Plaintiff for the class.

### IV. MOVANT'S SELECTION OF COUNSEL SHOULD BE APPROVED

The PSLRA vests authority in the Lead Plaintiff to select and retain lead counsel, subject to the approval of the Court.  15 U.S.C. § 78u-4(a)(3)(B)(v).  The Court should only interfere with the Lead Plaintiff's selection when necessary "to protect the interests of the class." 15 U.S.C. § 78u-4(a)(3)(B)(iii)(II)(aa).

The Kowalczyk Group has selected The Rosen Law Firm, P.A. and Wohl & Fruchter LLP as co-Lead Counsel.  Both firms have been actively researching the class' and Movant's claims – reviewing publicly available financial and other documents and gathering information in support of the claims against the Defendants.  Furthermore the Rosen Law Firm and Wohl & Fruchter LLP's lead attorney are experienced in the area of securities litigation and class actions, having been appointed as lead counsel in securities class actions in this District and in numerous courts throughout the nation.  The resumes of The Rosen Law Firm, P.A. and Wohl & Fruchter LLP are attached as Exhibits 4 & 5 to the Kim Declaration.

As a result of the firms' experience in litigation involving issues similar to those raised in this action, Movant's counsel have the skill and knowledge that will enable the firms to prosecute this action effectively and expeditiously.  Thus, the Court may be assured that by approving the Kowalczyk Group's selection of co-Lead Counsel, the members of the class will receive the best legal representation available.

## CONCLUSION

For the foregoing reasons, Movant respectfully requests that the Court issue an Order (1) consolidating the related actions; (2) appointing the Kowalczyk Group as Lead Plaintiff of the class; (3) approving the group's selection of The Rosen Law Firm, P.A. and Wohl & Fruchter LLP as co-Lead Counsel; and (4) granting such other relief as the Court may deem to be just and proper.

Dated: July 22, 2011						Respectfully submitted,


**THE ROSEN LAW FIRM, P.A.**


      /s/ Phillip Kim
Phillip Kim, Esq. (PK 9384)
Laurence M. Rosen, Esq. (LR 5733)
275 Madison Avenue, 34th Floor
New York, New York 10016
Telephone: (212) 686-1060
Fax: (212) 202-3827
Email: pkim@rosenlegal.com
Email: lrosen@rosenlegal.com


-and-

**WOHL & FRUCHTER LLP**
Ethan Wohl, Esq.
570 Lexington Avenue, 16th Floor
New York, New York 10022
Telephone: (212) 758-4000
Facsimile: (212) 758-4004
Email: ewohl@wohlfruchter.com

[Proposed] co-Lead Counsel for Plaintiffs and Class

## **CERTIFICATE OF SERVICE**

      I hereby certify that on this, the 22 day of July, 2011, a true and correct copy of the foregoing document was served by CM/ECF to the parties registered to the Court's CM/ECF system.


      /s/ Phillip Kim