**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| JOSEPH F. FARIS, Individually and on Behalf of All Others Similarly Situated, | |
| Plaintiff, | Civil Action No. 11-cv-03658-SAS |
| v. | |
| LONGTOP FINANCIAL TECHNOLOGIES LIMITED, HUI KUNG KA a/k/a XIOGONG JIA, WAI CHAU LIN a/k/a WEIZHOU LIAN, and, DEREK PALASCHUK, | |
| Defendants. | |
| BRADLEY D. KAIR, on behalf of himself and all others similarly situated, | |
| Plaintiff, | Civil Action No. 11-cv-03661-DAB |
| v. | |
| LONGTOP FINANCIAL TECHNOLOGIES LIMITED, WAI CHAU LIN (also known as LIN WAI CHAU and WEIZHOU LIAN), and DEREK PALASCHUK, | |
| Defendants. | |

**MEMORANDUM OF LAW IN SUPPORT OF DANSKE INVESTMENT MANAGEMENT A/S AND PENSION FUND OF LOCAL NO. ONE, I.A.T.S.E.'S MOTION FOR CONSOLIDATION, APPOINTMENT AS LEAD PLAINTIFF AND APPROVAL OF SELECTION OF LEAD COUNSEL AND LIAISON COUNSEL**

Danske Invest Management A/S ("Danske") and the Pension Fund of Local No. One, I.A.T.S.E ("Local One") (collectively, "Danske-Local One") respectfully submit this memorandum of law in support of their Motion for: (i) consolidation of related actions; (ii) appointment as lead plaintiff pursuant to the Private Securities Litigation Reform Act of 1995 ("PSLRA"), 15 U.S.C. § 78u-4(a)(3)(B); (iii) approval of their selection of Kessler Topaz Meltzer & Check, LLP ("Kessler Topaz") as lead counsel; and (iv) approval of their selection of Grant & Eisenhofer P.A. ("Grant & Eisenhofer") as liaison counsel.

## I.   PRELIMINARY STATEMENT

Presently pending in this district are two securities class action lawsuits (the "Actions") brought on behalf of all persons who purchased Longtop Financial Technologies Limited ("Longtop" or the "Company") securities between October 25, 2007 and May 17, 2011 (the "Class Period").[1]  The Actions allege violations of Sections 10(b) and 20(a) of the Securities Exchange Act of 1934 (the "Exchange Act") as amended by the PSLRA (15 U.S.C. §§ 78j(b) and 78t), and Rule 10b-5 promulgated thereunder (17 C.F.R. § 240.10b-5), against Longtop and certain of its executive

---

[1]    *Faris v. Longtop Financial Technologies Limited, et al.*, No. 11-cv-03658-SAS (S.D.N.Y. filed May 27, 2011) asserts a class period of June 29, 2009 through May 17, 2011 and *Kair v. Longtop Financial Technologies Limited, et al.*, No. 11-cv-03661-DAB (S.D.N.Y. filed May 27, 2011) asserts a class period of October 25, 2007 through May 16, 2011.  Three related securities class action lawsuits are also pending in the Central District of California.  *Mikus v. Longtop Financial Technologies Limited, et al.*, No. 11-cv-4402-MMM-FFM (C.D. Cal. filed May 23, 2011) asserts a class period of June 29, 2009 through May 17, 2011.  *Washtenaw County Employees' Retirement System v. Longtop Financial Technologies Limited, et al.*, No. 11-cv-04714-MMM-FFM (C.D. Cal. filed June 2, 2011) and *Maadan v. Longtop Financial Technologies Limited, et al.*, No. 11-cv-05182-MMM-FFM (C.D. Cal. filed June 21, 2011) assert class periods of May 15, 2009 to May 17, 2011.    Danske-Local One are also moving for appointment as lead plaintiff in the California actions.

Given that multiple class periods have been pled, Danske-Local One provide their financial interest based on the most comprehensive class period pled to date (i.e., October 25, 2007 and May 17, 2011).  *See Bhojwani v. Pistiolis*, 2007 U.S. Dist. LEXIS 52139, at *14 (S.D.N.Y. June 26, 2007).

officers ("Defendants").  The first action against the Defendants was filed on May 23, 2011 by Joe Mikus in the Central District of California.  *See* Declaration of Deborah A. Elman in Support of Danske Investment Management A/S and Pension Fund of Local No. One, I.A.T.S.E.'s Motion for Consolidation, Appointment as Lead Plaintiff and Approval of Selection of Lead Counsel and Liaison Counsel ("Elman Decl."), Ex. A.

The Actions should be consolidated because they involve common issues of law and fact.  *See* Fed. R. Civ. P. 42(a) ("Rule 42(a)"); § III.A., *infra*.  After the Court's ruling on consolidation, Danske-Local One should be selected as lead plaintiff because, to the best of their knowledge, they have the largest financial interest in the relief sought by the class.  *See* Elman Decl., Exs. C & E; *Sgalambo v. McKenzie*, 268 F.R.D. 170, 173 (S.D.N.Y. 2010) (Scheindlin, J.) (discussing the PSLRA's process for selecting a lead plaintiff); *Kaplan v. Gelfond*, 240 F.R.D. 88, 93-94 (S.D.N.Y. 2007).  Additionally, Danske-Local One satisfy the requirements of Fed. R. Civ. P. 23 ("Rule 23") because their claims are typical and they will fairly and adequately represent the class's interests.  *See In re Espeed, Inc. Sec. Litig.*, 232 F.R.D. 95, 102-03 (S.D.N.Y. 2005) (Scheindlin, J.).  Danske and Local One are sophisticated institutions collectively responsible for overseeing billions of dollars in investments and have personally discussed this filing prior to seeking appointment.  These highly-sophisticated institutional investors have demonstrated their commitment to protecting the class by implementing specific protocols for ensuring the efficient prosecution of the class's claims.  *See* Elman Decl., Ex. F.  The appointment of Danske-Local One also fulfills a critical goal of the PSLRA—encouraging participation by institutional investors—and ensures that the class's claims

will be zealously prosecuted by committed plaintiffs.  *See Espeed*, 232 F.R.D. at 99 ("the PSLRA was designed to favor institutional investors").[2]

Finally, in accordance with the PSLRA, Danske-Local One's selection of lead and liaison counsel should be approved.  *See* § III.D, *infra*; *Sgalambo*, 268 F.R.D. at 177 ("[t]he most adequate plaintiff shall, subject to the approval of the court, select and retain counsel to represent the class.").

## II.   FACTUAL BACKGROUND

Longtop purports to be a provider of software and information technology services to financial services institutions in the People's Republic of China ("China").  Longtop is incorporated in the Cayman Islands and maintains its principal executive offices in Hong Kong.  Prior to being halted on May 17, 2011, the Company's American Depositary Shares ("ADSs") traded on the New York Stock Exchange under the ticker "LFT."  On October 24, 2007, Longtop conducted its initial public offering of its ADSs—generating over $143 million in proceeds for the Company.  In connection with this offering, Longtop filed a Form 424B4 prospectus with the Securities and Exchange Commission ("SEC") that disclosed, *inter alia*, previous financial results including total revenue and net income for 2006 and the first two quarters of 2007.  Throughout the Class Period, Longtop continued to file reports with the SEC providing investors with its quarterly and annual financial results.

On April 26, 2011, Citron Research ("Citron") issued a report calling into question the legitimacy of Longtop's financial statements dating back to its initial public offering.  Specifically, Citron suggested that the Company's reported margins—which were much greater than its competitors—were the result of fraudulent and improper balance sheet transfers with Xiamen

---

[2]      As detailed in the Joint Declaration, Danske-Local One have, *inter alia*, agreed to protocols for resolving disputes and have entered into a Joint Prosecution Agreement to govern the prosecution of this action.  *See* Elman Decl., Ex. F, ¶¶7, 9.  Without waiving any applicable privileges, Danske-Local One will provide the Joint Prosecution Agreement for *in camera* review should the Court deem such a review necessary.

Longtop Human Resources ("Xiamen"), a related party.  Furthermore, Citron suggested that Longtop concealed certain information concerning questionable business practices of its Chairman and CEO. On this news, Longtop's ADSs declined from $25.54 per share at the close of April 25, 2011 to $22.24 per share at the close of April 26, 2011—a decline of approximately 8%.

On April 27, 2011, John Hempton from Bronte Capital ("Bronte") published an article that also challenged the accuracy of Longtop's financial statements and questioned the need for Longtop's recent secondary offering in light of the fact that the Company reported over $200 million in cash on hand.  On this news, Longtop's ADSs declined an additional 20% to close at $17.73 per share on April 27, 2011.  The following day, on April 28, 2011, Longtop held a conference call with investors to address the allegations raised by Citron and Bronte.  In this call, the Company denied any wrongdoing and repeatedly assured investors of the accuracy of its financial statements.  In doing so, Longtop emphasized the "very close dialogue" the Company has with its auditor, Deloitte Touche Tohmatsu CPA Limited ("Deloitte").  In response to the Company's assurances, Longtop's ADSs rose nearly 11% to close at $19.66 per share on April 28, 2011.

Over the following three weeks, Citron, Bronte, and other analysts issued follow-up reports raising additional questions about the validity of Longtop's representations and financial statements. In response, Longtop's ADSs declined further, ultimately settling at $18.93 per share when trading of Longtop's ADSs on the New York Stock Exchange was halted on May 17, 2011.

On May 23, 2011, Longtop announced, among other things, the Company's Chief Financial Officer's resignation, Deloitte's resignation as the Company's auditor, and a SEC investigation. Specifically, Longtop revealed that Deloitte had resigned because of "***the recently identified falsity of the Company's financial records***," "***deliberate interference***" by certain Longtop executives

during the audit process, and "the unlawful detention of [Deloitte's] audit files."  Trading of Longtop's ADSs remains frozen.[3]

## III.    ARGUMENT

### A.    Consolidation

The PSLRA provides that "[i]f more than one action on behalf of a class asserting substantially the same claim or claims arising under this title [] has been filed," courts shall not appoint a lead plaintiff until "after the decision on the motion to consolidate is rendered."  15 U.S.C. §78u-4(a)(3)(B)(ii). There are at least two related securities class actions pending in this district on behalf of investors who purchased Longtop securities during the Class Period:

| Abbreviated Case Name | Case Number | Date Filed |
|---|---|---|
| *Faris v. Longtop Financial Technologies Limited, et al.* | 11-cv-03658-SAS | May 27, 2011 |
| *Kair v. Longtop Financial Technologies Limited, et al.* | 11-cv-03661-DAB | May 27, 2011 |

Under Rule 42(a), consolidation is appropriate where the actions involve common questions of law or fact.  *See In re Tronox, Inc. Sec. Litig.*, 262 F.R.D. 338, 344 (S.D.N.Y. 2009) (Scheindlin, J.).  Here, the Actions present virtually identical factual and legal issues arising out of the same alleged course of misconduct and involve the purchase of Longtop securities by investors at artificially inflated prices during the Class Period.  Accordingly, consolidation is appropriate.  *See id.*

### B.    The PSLRA's Lead Plaintiff Provisions

The PSLRA establishes the procedures for selecting a lead plaintiff in class action lawsuits alleging violations under the federal securities laws.  *See* 15 U.S.C. § 78u-4(a).

---

[3]     Given that trading has not resumed, Danske-Local One have valued their retained shares at $0 per share.

First, the plaintiff who files the initial action must publish a notice to the class within twenty days, informing class members of their right to file a motion for appointment as lead plaintiff. *See* 15 U.S.C. § 78u-4(a)(3)(A)(i). Second, within sixty days of the publication of notice, any person who is a member of the proposed class may apply to be appointed as lead plaintiff, whether or not they have previously filed a complaint in the action. *See* 15 U.S.C. § 78u-4(a)(3)(A)(i)(II). Third, the PSLRA provides that within ninety days after publication of notice, courts are to consider any motion made by a class member and appoint as lead plaintiff the member or members of the class that the court determines to be most capable of adequately representing the interests of class members. *See* 15 U.S.C. § 78u-4(a)(3)(B)(i). In determining the "most adequate plaintiff," the PSLRA provides that:

> [T]he court shall adopt a presumption that the most adequate plaintiff in any private action arising under this [Act] is the person or group of persons that –
> (aa)    has either filed the complaint or made a motion in response to a notice…;
> (bb)    in the determination of the court, has the largest financial interest in the relief sought by the class; and
> (cc)    otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure.

15 U.S.C. § 78u-4(a)(3)(B)(iii)(I); *see also Sgalambo*, 268 F.R.D. at 173.

Here, in connection with the filing of the first-filed action, *Mikus v. Longtop Financial Technologies Limited*, No. 11-cv-04402-MMM-FFM (C.D. Cal. filed May 23, 2011), notice was published on Business Wire on May 23, 2011. *See* Elman Decl., Ex. A. Thus, the time period in which class members may move to be appointed lead plaintiff in this case expires on July 22, 2011. *See* 15 U.S.C. § 78u-4(a)(3)(A). Pursuant to the PSLRA's provisions, and within the requisite time frame after publication of the required notice, Danske-Local One timely move this Court to be appointed lead plaintiff on behalf of all members of the class. *See Kaplan*, 240 F.R.D. at 92. In addition, Danske-Local One have selected and retained counsel experienced in the prosecution of

securities class actions to represent the class.  *See* Elman Decl., Exs. G & H.  Accordingly, Danske-Local One satisfy the PSLRA's filing requirements for seeking appointment as lead plaintiff.

### C.     Danske-Local One are the "Most Adequate Plaintiff"

#### 1.     Danske-Local One have the Largest Financial Interest in the Relief Sought by the Class

During the Class Period, Danske-Local One suffered a loss of approximately $3,513,477 in connection with its Class Period transactions in Longtop securities.  *See* Elman Decl., Exs. C & E. The loss is the same under either a first-in, first-out (FIFO) or a last-in, first-out (LIFO) analysis. *See id.*  To the best of their knowledge, Danske-Local One's losses represents the largest financial interest in the relief sought by the class.  *See Sgalambo*, 268 F.R.D. at 173.[4]

#### 2.     Danske-Local One Satisfy Rule 23

In addition to possessing the largest financial interest in the relief sought by the class, the lead plaintiff must also "otherwise satisf[y] the requirements of Rule 23 of the Federal Rules of Civil Procedure."  15 U.S.C. § 78u-4(a)(3)(B)(iii)(I)(cc).  Rule 23(a) provides that a party may serve as a class representative if the following four requirements are satisfied:  "(1) the class is so numerous that joinder of all members is impracticable; (2) there are questions of law or fact common to the class; (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class; and (4) the representative parties will fairly and adequately protect the interests of the class."  Although Rule 23 consists of four requirements, at this stage, a movant "need only make a preliminary showing that it satisfies the typicality and adequacy requirements of Rule 23."  *Espeed*, 232 F.R.D. at 102; *see also Tronox*, 262 F.R.D. at 344.

---

[4]     Danske-Local One collectively purchased 126,842 Longtop ADSs during the Class Period resulting in 117,077 net ADSs purchased.  *See* Elman Decl., Exs. C & E.  Danske-Local One also expended $3,513,477 net funds on their Class Period ADS purchases.  *See id.*; *see also Espeed*, 232 F.R.D. at 100 (discussing financial interest under the "*Lax* Test").

### a.    Danske-Local One are Typical

Under Rule 23(a)(3), the claims or defenses of the representative party must be typical of those of the class.  "Typicality is satisfied where the claims arise from the same conduct from which the other class members' claims and injuries arise." *Espeed*, 232 F.R.D. at 102 (citation omitted).

Here, Danske-Local One are typical because, just like all other class members asserting claims under the Exchange Act, they: (1) purchased or otherwise acquired Longtop securities during the Class Period; (2) at prices allegedly artificially inflated by Defendants' materially false and misleading statements and/or omissions; and (3) suffered damages when corrective disclosures removed the inflation caused by the Defendants' conduct causing the price of Longtop's securities to fall.  *See Tronox*, 262 F.R.D. at 344.  Thus, Danske-Local One's claims are typical of other class members' claims because both sets of claims arise out of the same course of events and predicated on identical theories of liability and damages.  *See id.*

### b.    Danske-Local One are Adequate

The adequacy requirement of Rule 23(a)(4) is met if the representative party makes a showing that it will "fairly and adequately protect the interests of the class."  Specifically, the adequacy requirement is fulfilled when the plaintiff "seeks identical relief on identical claims based on identical legal theories making their interests not antagonistic with other class members." *Tronox*, 262 F.R.D. at 345.  Danske-Local One have also selected highly qualified firms with significant experience prosecuting class action lawsuits.  *See* § III.D, *infra*.

Further, there are no conflicts between Danske-Local One and the class as each seek to recover losses caused by the Defendants' false and misleading statements.  Danske-Local One, consisting of two sophisticated institutional investors that suffered substantial losses as a result of their Class Period purchases of Longtop ADSs, are committed to vigorously prosecuting this litigation and maximizing the recovery for the class.  *See* Elman Decl., Exs. B & D.  Additionally,

Danske-Local One have executed a Joint Declaration explaining the reasons for joining together, their commitment to maximizing recovery for the class, and the mechanisms through which they will make litigation decisions and oversee the prosecution of this case.  *See id.*, Ex. F, ¶¶3-5, 8, 9; *see also Tronox*, 262 F.R.D. at 345 (noting submission of certification "affirming [movant's] understanding of the duties owed to class members through its commitment to oversee the prosecution of this class action").

In addition to satisfying the preliminary requirements of Rule 23, Danske-Local One also fulfill a critical legislative goal—encouraging sophisticated institutions with large financial interests to serve as lead plaintiff.  *See Espeed*, 232 F.R.D. at 99 ("The fact that the PSLRA was designed to favor institutional investors should be taken into account…"); *see also* H.R. Conf. Rep. No. 104-369 (1995) reprinted in 1995 U.S.C.C.A.N. 730, 733 ("The Conference Committee believes that increasing the role of institutional investors in class actions will ultimately benefit shareholders and assist courts by improving the quality of representation in securities class actions.").  Danske, with approximately $55 billion in assets, is one of Denmark's largest institutional investors and is presently serving as a lead plaintiff in *Minneapolis Firefighters' Relief Ass'n v. Medtronic, Inc.*, No. 08-6324 (D. Minn.) and *In re SunPower Sec. Litig.*, No. 09-5473 (N.D. Cal.).  *See* Elman Decl., Ex. F at ¶1.  Local One provides benefits to thousands of entertainment industry employees in the New York City metropolitan area.  *Id.* at ¶2.  Danske and Local One's sophistication assures that Danske-Local One will adequately litigate this action and supervise class counsel.  *See generally, id.*

### D.      The Court Should Approve Danske-Local One's Selection of Counsel

The PSLRA vests authority in the lead plaintiff to select and retain lead counsel, subject to the Court's approval.  *See* 15 U.S.C. § 78u-4(a)(3)(B)(v); *Sgalambo*, 268 F.R.D. at 177.  The court should not disturb lead plaintiff's choice of counsel unless it is necessary to "protect the interests of the class." 15 U.S.C. § 78u-4(a)(3)(B)(iii)(II)(aa).  Because Danske-Local One have selected counsel

experienced in litigating securities fraud class actions with the resources to prosecute this action to the greatest recovery possible for the class, its choice of lead counsel should be approved.

Danske-Local One have selected Kessler Topaz as lead counsel.  Kessler Topaz specializes in prosecuting complex class action litigation and is one of the preeminent law firms in its field. Kessler Topaz is actively engaged in complex litigation and has successfully prosecuted numerous securities fraud class actions on behalf of injured investors.  Kessler Topaz is currently serving as lead or co-lead counsel in several high profile securities class actions, including actions involving Lehman Brothers, Bank of America, Medtronic, Johnson & Johnson, Transocean and UBS and has secured billions of dollars in recoveries for investors.  *See* Elman Decl., Ex. G.

In addition, Grant & Eisenhofer is among the preeminent securities class action law firms in the country and is currently serving as lead or co-lead counsel in several complex securities fraud cases involving, *inter alia*, Satyam, Pfizer, UBS, Alstom, Merck and Refco.  Grant & Eisenhofer has achieved national recognition in representing institutional investors and has been lead counsel in some of the largest securities class actions in history.  *See* Elman Decl., Ex H.  Thus, the Court may be assured that in the event this motion is granted, the members of the class will receive the highest caliber of legal representation available from these firms.

## IV.    CONCLUSION

For the foregoing reasons, Danske-Local One respectfully request that the Court: (i) consolidate all related actions; (ii) appoint Danske-Local One as lead plaintiff pursuant to the PSLRA; (iii) approve their selection of Kessler Topaz to serve as lead counsel for the class; and (iv) approve their selection of Grant & Eisenhofer as liaison counsel for the class.

Dated:  July 22, 2011                                        Respectfully submitted,

                                                            */s/ Jay W. Eisenhofer*
                                                            **GRANT & EISENHOFER P.A.**
                                                            Jay W. Eisenhofer

Deborah A. Elman
485 Lexington Avenue
New York, NY 10017
Telephone: (646) 722-8500
Facsimile: (646) 722-8501

*Proposed Liaison Counsel*

**KESSLER TOPAZ
MELTZER & CHECK, LLP**
Sean M. Handler
Darren J. Check
Naumon A. Amjed
Ryan T. Degnan
280 King of Prussia Road
Radnor, PA 19087
Telephone: (610) 667-7706
Facsimile: (610) 667-7056

*Counsel for Danske-Local One
and Proposed Lead Counsel*