**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| JOSEPH F. FARIS, Individually and On Behalf of All Others Similarly Situated,<br><br>               Plaintiff,<br><br>      v.<br><br>LONGTOP FINANCIAL TECHNOLOGIES LIMITED, HUI KUNG KA a/d/a XIAOGONG LIAN, and DEREK PALASCHUK,,<br><br>               Defendants. | Civil Action No. 1:11-cv-3658- SAS |
| BRADLEY D. KAIR, on behalf of himself and all others similarly situated,<br><br>               Plaintiff,<br><br>      vs.<br><br>LONGTOP FINANCIAL TECHNOLOGIES LIMITED, WAI CHAU LIN (also known as LIN WAI CHAU and WEIZHOU LIAN), and DEREK PALASCHUK,<br><br>               Defendants. | Civil Action No. 1:11-cv-3661-DAB |

**MEMORANDUM OF LAW IN SUPPORT OF BRADLEY D. KAIR AND**
**PETER YAHR'S MOTION FOR CONSOLIDATION OF RELATED ACTIONS,**
**APPOINTMENT AS LEAD PLAINTIFF AND APPROVAL OF LEAD PLAINTIFF'S**
**<u>SELECTION OF LEAD COUNSEL</u>**

Bradley D. Kair  ("Mr. Kair") and Peter Yahr ("Mr. Yahr") respectfully submit this memorandum of law in support of their motion for: (i) consolidation of related actions; (ii) appointment as lead plaintiff pursuant to the Private Securities Litigation Reform Act of 1995 ("PSLRA"), 15 U.S.C. §§ 78u-4(a)(3)(B); and (iii) approval of their selection of Kaplan Fox & Kilsheimer LLP ("Kaplan Fox") as lead counsel.

## I.    PRELIMINARY STATEMENT

Presently pending in this district are at least two related securities class action lawsuits (the "Actions") brought on behalf of purchasers of Longtop Financial Technologies Limited ("Longtop" or the "Company") securities, including Longtop American depository shares ("ADSs").[1]   The Actions are:

| Case Caption | Court | Case No. | Date Filed | Assigned Judge |
|---|---|---|---|---|
| *Faris v. Longtop Financial Technologies Limited, et al.* | SDNY | 11-cv-3658 | 5/27/2011 | Shira A. Scheindlin |
| *Kair  v. Longtop Financial Technologies Limited, et al.* | SDNY | 11-cv-3661 | 5/27/2011 | Deborah A. Batts |

The Actions are brought against Longtop and certain of its officers and directors alleging violations of the Securities Exchange Act of 1934 (the "Exchange Act") during the period October 25, 2007 and May 17, 2011 (the "Relevant Period").[2]

---

[1]      In addition to the two cases filed in this District, three related  actions have  also been filed in the Central District of California: *Mikus v. Longtop Financial Technologies Limited, et al.*, No. 11-cv-4402 (C.D. Cal. filed May 23, 2011), *Washtenaw County Employees' Retirement System v. Longtop Financial Technologies Limited, et al.*, No. 11-cv-4714 (C.D. Cal. filed June 2, 2011), and *Maadan v. Longtop Financial Technologies Limited, et al.*, No. 11-cv-5182 (C.D. Cal. filed June 21, 2011) .  Contemporaneous with this filing, Mr. Kair and Mr. Yahr will also move for appointment as lead plaintiff in the California actions.

[2]      The Relevant Period referred to herein is the longest possible class period based on the cases that have been filed. For purposes of determining which lead plaintiff movant has the "largest financial interest," courts often use the most inclusive class period and select as lead plaintiff the movant with the largest financial interest under that class period.  *See, e.g.*, *In re Doral Fin. Corp. Sec. Litig.*, 414 F. Supp. 2d 398, 402-03 (S.D.N.Y. 2006) ("For the purpose of

The Actions should be consolidated because they involve common issues of law and fact. *See* Fed. R. Civ. P. 42(a) ("Rule 42(a)"); § III.A., *infra*. After the Court's ruling on consolidation, Mr. Kair and Mr. Yahr should be selected as lead plaintiff because, to the best of their knowledge, they have the largest financial interest in the relief sought by the class. As the movant with the largest financial interest that otherwise meets the applicable requirements of Rule 23 of the Federal Rules of Procedure ("Rule 23"), Mr, Kair and Mr. Yahr believe they are entitled to appointment as lead plaintiff. Further, Mr. Kair and Mr. Yahr respectfully request the Court approve its selection of lead counsel. *See* § III.D, *infra*; *Kaplan v. Gelfond*, 240 F.R.D. 88, 96 (S.D.N.Y. 2007) ("the PSLRA directs the lead plaintiff to select and retain counsel to represent the class, subject to the Court's approval") (citing 15 U.S.C. § 78u-4(a)(3)(B)(v)).

## II.   FACTUAL BACKGROUND

Longtop purports to be a leading provider of software and information technology services targeting the financial services industry in China. Prior to being halted on May 17, 2011, the Company's ADSs traded on the NYSE under the symbol "LFT."

During the Relevant Period, which begins on October 25, 2007, Longtop and its senior executives reported increased revenue and profit, and that the Company's financial statements were reported in accordance with U.S. generally accepted accounting principles ("GAAP"). But, unknown to investors, the Company made materially false and misleading statements to investors by misrepresenting and failing to disclose that: 1) Defendants falsified certain financial records in

---

determining lead plaintiff, I find that the use of the longer, most inclusive class period . . . is proper, as it encompasses more potential class members . . . .").

The most inclusive period begins on October 25, 2007 and ends on May 17, 2011. The longest period is asserted in *Kair v. Longtop Financial Technologies Limited, et al*, No. 11-cv-3661 (S.D.N.Y. filed May 27, 2011), which asserts a class period of October 25, 2007 through May 16, 2011. The other cases assert shorter class periods that end on May 17, 2011.

relation to cash at bank, loan balances, and sales revenue; 2) Defendants' management interfered with the audit process and improperly detained audit files of the Company's auditor, Deloitte Touche Tohmatsu CPA Ltd ("Deloitte"); 3) Defendants improperly understated expenses, and thereby artificially inflated margins; 4) Longtop's financial statements were not presented in accordance with GAAP, and 5) Defendants had no reasonable basis for their positive statements about Longtop's business and financial results. ¶ 3[3].

On April 26, 2011, Citron Research issued a report concerning Longtop that, among other things, questioned the Company's financial statements and outlined "several concerns which should be considered by the auditors as they prepare the company's annual audit.  It is the opinion of Citron that every financial statement from its IPO to this date is fraudulent . . . ."  Specifically, Citron Research questioned the Company's high margins, relative to its peers, and suggested that the Company may have hid certain expenses in off-balance sheet related parties. ¶ 4.

Then, on May 9, 2011, Citron Research reported, among other things, that a research company named OLP Global reportedly determined that Longtop used an off-balance sheet related party to hide certain expenses. ¶ 11.

On May 10, 2011, Longtop issued a press release that responded to the Citron Research and OLP Global allegations by stating, among other things, that Longtop "refutes [the allegations of OLP Global], and in view of similarly specious allegations publishd by Citron Research on May 9, 2011, wishes to express concern that Longtop appears to be a target of efforts to attack the integrity of its business and its financial statements as the time for the announcement of its fiscal 2011 earnings approach." ¶ 13.

---

[3]     All references to ¶__ refer to the paragraphs in the complaint filed in *Kair v. Longtop Financial Technologies Limited, et al.*, No. 11-cv-3661 (S.D.N.Y filed May 27, 2011).

Then, on May 17, 2011, the last day of the Class Period, reportedly all trading in Longtop's ADSs was halted.  ¶ 66.  Trading of the Company's ADSs has not yet resumed.[4]

After the stock was halted, on May 23, 2011, Longtop disclosed, among other things, that Deloitte, the Company's registered independent accounting firm, had resigned and that the SEC had commenced an inquiry into the Company. ¶ 67.

## III.   ARGUMENT

### A.   The Actions Should Be Consolidated

The PSLRA provides that "[i]f more than one action on behalf of a class asserting substantially the same claim or claims arising under this title [] has been filed," courts shall not appoint a lead plaintiff until "after the decision on the motion to consolidate is rendered."  15 U.S.C. §78u-4(a)(3)(B)(ii). As noted earlier there are at least two related securities class actions pending in this District on behalf of investors who purchased Longtop securities during the Class Period.

Under Rule 42(a), consolidation is appropriate where the actions involve common questions of law or fact.  *See Kaplan*, 240 F.R.D. at 90-91.  Here, the Actions present virtually identical factual and legal issues arising out of the same alleged course of misconduct and involve the purchase of Longtop securities by investors at artificially inflated prices during the Class Period.  Accordingly, consolidation is appropriate.  *See Kaplan*, 240 F.R.D. at 91.

### B.   The PSLRA's Lead Plaintiff Provisions

The PSLRA establishes the procedures for selecting a lead plaintiff in class action lawsuits alleging violations under the federal securities laws.  *See* 15 U.S.C. § 78u-4(a).

---

[4]      Given that trading has not resumed, Mr. Kair and Mr. Yahr valued their retained shares purchased at $0 per share.

First, the plaintiff who files the initial action must publish a notice within twenty days of filing, informing class members of their right to file a motion for appointment as lead plaintiff. *See* 15 U.S.C. § 78u-4(a)(3)(A)(i).

Second, within sixty days of the publication of notice, any person who is a member of the proposed class may apply to be appointed as lead plaintiff, whether or not they have previously filed a complaint in the action. *See* 15 U.S.C. § 78u-4(a)(3)(A)(i)(II).

Third, the PSLRA provides that within ninety days after publication of notice, courts shall consider any motion made by a class member and shall appoint as lead plaintiff the member or members of the class that the court determines to be most capable of adequately representing the interests of class members. *See* 15 U.S.C. § 78u-4(a)(3)(B)(i). In determining the "most adequate plaintiff," the PSLRA provides that:

> [T]he court shall adopt a presumption that the most adequate plaintiff in any private action arising under this [Act] is the person or group of persons that –
>
> (aa)    has either filed the complaint or made a motion in response to a notice…;
>
> (bb)    in the determination of the court, has the largest financial interest in the relief sought by the class; and
>
> (cc)    otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure.

15 U.S.C. § 78u-4(a)(3)(B)(iii)(I); *see also Kaplan*, 240 F.R.D. at 92.

Here, *Mikus v. Longtop Financial Technologies Limited, et al*, No. 11-cv-4402-SAS, was filed on May 23, 2011. Notice of the *Mikus* action was published on *Business Wire* on May 23, 2011. *See* Declaration of Frederic S. Fox dated July 22, 2011 in Support of Mr. Kair and Mr. Yahr's Motion for Consolidation of Related Actions, Appointment as Lead Plaintiff, and Approval of Lead Plaintiff's Selection of Lead Counsel ("Fox Decl.") Ex. E. Thus, the time period in which class members may move to be appointed lead plaintiff in this case expires on July 22, 2011. *See* 15

U.S.C. § 78u-4(a)(3)(A).  Pursuant to the PSLRA's provisions, and within the requisite time frame after publication of the required notice, Mr. Kair and Mr. Yahr timely move this Court to be appointed lead plaintiffs on behalf of all members of the class.  *See Kaplan*, 240 F.R.D. at 92.  In addition, Mr. Kair and Mr. Yahr have selected and retained counsel experienced in the prosecution of securities class actions to represent the class.  *See* Fox Decl., Ex. F.  Accordingly, Mr. Kair and Mr. Yahr satisfy the PSLRA's filing requirements for seeking appointment as lead plaintiff.

> **C.     Mr. Kair and Mr. Yahr  are the "Most Adequate Plaintiff"**
>
> > **1.     Mr. Kair and Mr. Yahr  have the Largest Financial Interest in the Relief Sought by the Class**

Mr. Kair and Mr. Yahr suffered losses of approximately $291,359 in connection with their Class Period transactions in Longtop securities.  *See* Fox Decl., Ex. C.  To the best of their knowledge, Mr. Kair and Mr. Yahr's  loss represents the largest financial interest in the relief sought by the class.  *See Kaplan*, 240 F.R.D. at 93-94.

> > **2.     Mr. Kair and Mr. Yahr  Satisfy Rule 23**

In addition to possessing the largest financial interest in the relief sought by the class, the lead plaintiff must also "otherwise satisf[y] the requirements of Rule 23 of the Federal Rules of Civil Procedure."  15 U.S.C. § 78u-4(a)(3)(B)(iii)(I)(cc).  Rule 23(a) provides that a party may serve as a class representative if the following four requirements are satisfied:  "(1) the class is so numerous that joinder of all members is impracticable; (2) there are questions of law or fact common to the class; (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class; and (4) the representative parties will fairly and adequately protect the interests of the class."  Although Rule 23 consists of four requirements, at this stage of the litigation, a movant "need only make a preliminary showing that it satisfies the typicality and adequacy requirements of Rule 23."  *In re Espeed, Inc. Sec. Litig.*, 232 F.R.D. 95, 102 (S.D.N.Y. 2005); *see also Shi v. SINA*

*Corp.*, 05-cv-2154, 2005 U.S. Dist. LEXIS 13176, at *7-8 (S.D.N.Y. July 1, 2005) ("At this stage, only a preliminary showing of typicality and adequacy is required.").

### a.   Mr. Kair and Mr. Yahr are Typical

Under Rule 23(a)(3), the claims or defenses of the representative party must be typical of those of the class. "Typicality is satisfied where the claims arise from the same conduct from which the other class members' claims and injuries arise." *Espeed*, 232 F.R.D. at 102 (citation omitted).

Here, Mr. Kair and Mr. Yahr are typical because, just like all other class members asserting claims under the Exchange Act, they: (1) purchased or otherwise acquired Longtop securities during the Class Period; (2) at prices allegedly artificially inflated by defendants' materially false and misleading statements and/or omissions; and (3) suffered damages when corrective disclosures removed the inflation caused by the defendants' conduct causing the price of Longtop's securities to fall. *See Reimer v. Ambac Fin. Group, Inc.*, 08-cv-0411, 2008 U.S. Dist. LEXIS 38729, at *12 (S.D.N.Y. May 9, 2008). Thus, Mr. Kair and Mr. Yahr's claims are typical of other class members' claims because their claims arise out of the same course of events and are predicated on identical theories of liability and damages. *See id.*

### b.   Mr. Kair and Mr. Yahr are Adequate

The adequacy requirement of Rule 23(a)(4) is met if the representative party makes a showing that it will "fairly and adequately protect the interests of the class." Specifically, the adequacy requirement is fulfilled when: "(1) class counsel is qualified, experienced, and generally able to conduct the litigation; (2) there is no conflict between the proposed lead plaintiff and the members of the class; and (3) the proposed lead plaintiff has a sufficient interest in the outcome of the case to ensure vigorous advocacy." *Kaplan*, 240 F.R.D. at 94; *see also Shi,* 2005 U.S. Dist. LEXIS 13176, at *9.

Here, Mr. Kair and Mr. Yahr are adequate to represent the class. Mr. Kair and Mr. Yahr's interests are aligned with the interests of the class as both suffered losses from the revelation of defendants' false and misleading statements and material omissions. Mr. Kair and Mr. Yahr each signed certifications stating that each is willing to serve as a representative of the class, including providing testimony at a deposition or trial (Fox Decl., Exs. A-B) and Mr. Kair and Mr. Yahr met telephonically and agreed to file this motion jointly as evidenced by the Joint Declaration (Fox Decl. Ex. D).[5] Finally, as discussed below, Mr. Kair and Mr. Yahr's proposed lead counsel is highly qualified, experienced and able to conduct this complex litigation in a professional manner. Thus, Mr. Kair and Mr. Yahr have made a *prima facie* showing of typicality and adequacy.

**D.    The Court Should Approve Mr. Bair and Mr. Yahr's Selection of Counsel**

The PSLRA vests authority in the lead plaintiff to select and retain lead counsel, subject to the Court's approval. *See* 15 U.S.C. § 78u-4(a)(3)(B)(v); *Kaplan*, 240 F.R.D. at 96. The Court should not disturb lead plaintiff's choice of counsel unless it is necessary to "protect the interests of the class." 15 U.S.C. § 78u-4(a)(3)(B)(iii)(II)(aa). Because Mr. Kair and Mr. Yahr have selected and retained counsel experienced in litigating securities fraud class actions with the resources to prosecute this action to the greatest recovery possible for the class, its choice of lead counsel should be approved.

Mr. Kair and Mr. Yahr have selected Kaplan Fox as lead counsel for the class. Kaplan Fox specializes in prosecuting complex class action litigation and is one of the preeminent law firms in its field. Kaplan Fox is actively engaged in complex litigation and has successfully prosecuted numerous securities fraud class actions on behalf of injured investors. *See* Fox Decl., Ex. F. Thus,

---

[5]    Mr. Kair filed the case against Longtop asserting the longest class period from October 25, 2007 through May 16, 2011. *Kair v. Longtop Financial Technologies Limited, et al.* No. 11-cv-3661 (S.D.N.Y. filed May 27, 2011).

the Court may be assured that in the event this motion is granted, the members of the class will

receive the highest caliber of legal representation available from Kaplan Fox will zealously represent

the class's interests.

## IV.    CONCLUSION

For the foregoing reasons, Mr. Kair and Mr. Yahr respectfully request that the Court: (i)

consolidate all related actions; (ii) appoint Mr. Kair and Mr. Yahr as lead plaintiff pursuant to the

PSLRA; and (iii) approve their selection of Kaplan Fox to serve as lead counsel for the class.

Dated:  July 22, 2011                          Respectfully submitted,

                                               /s/ *Frederic S. Fox*
                                               **KAPLAN FOX & KILSHEIMER LLP**
                                               Frederic S. Fox
                                               Jeffrey P. Campisi
                                               Pamela A. Mayer
                                               850 Third Avenue, 14th Floor
                                               New York, NY 10022
                                               Telephone: (212) 687-1980
                                               Facsimile: (212) 687-7714

                                               *Counsel for Mr. Kair and Mr. Yahr and*
                                               *Proposed Lead Counsel*

## **CERTIFICATE OF SERVICE**

I hereby certify that on July 22, 2011, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the e-mail addresses denoted on the attached Electronic Mail Notice List.

Executed on July 22, 2011 in New York, New York.

/s/ *Frederic S. Fox*
Frederic S. Fox