UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
--------------------------------------------------------X

IN RE LONGTOP FINANCIAL
TECHNOLOGIES LIMITED SECURITIES
LITIGATION

--------------------------------------------------------X

MEMORANDUM
OPINION AND ORDER

11 Civ. 3658 (SAS)

SHIRA A. SCHEINDLIN, U.S.D.J.:

I.    INTRODUCTION

This putative securities class action is the result of defendants' alleged

material misrepresentations and omissions made between February 21, 2008 and

May 17, 2011 (the "Class Period) concerning the financial well-being of Longtop

Financial Technologies Limited ("Longtop").  Plaintiffs have brought claims under

sections 10(b) and 20(a) of the Securities Exchange Act of 1934 and Rule 10b-5

promulgated thereunder.[1]

Lead Plaintiffs Danske Invest Management A/S ("Danske") and

Pension Funds of Local No. One, I.A.T.S.E. ("Local One") have filed an

unopposed motion seeking: (1) certification of a class of Longtop investors; (2)

appointment of Lead Plaintiffs as Class Representatives; and (3) appointment of

---

[1]      *See* 15 U.S.C. §§ 78j(b) and 78t(a); 17 C.F.R. § 240.10b-5.

Lead Counsel[2] as Class Counsel.  For the reasons that follow, their motion is granted in its entirety.

## II.   PROCEDURAL HISTORY

On November 18, 2011, Lead Plaintiffs filed a Consolidated Class Action Complaint asserting claims under sections 10(b) and 20(a) of the Securities Exchange Act of 1934.  On April 23, 2012, defendant Derek Palaschuk ("Palaschuk"), the only defendant to have appeared in this action, filed a motion to dismiss the Consolidated Class Action Complaint which was denied, in large part, on June 29, 2012.

On December 14, 2012, Lead Plaintiffs filed an Amended Consolidated Class Action Complaint against Longtop, Palaschuk, Lian Weizhou ("Lian") and Deloitte Touche Tohmatsu CPA Limited (DTT").  Palaschuk answered the Amended Complaint on December 14, 2012.  On April 8, 2013, DTT was dismissed from this lawsuit.  Defendants Longtop and Lian have failed to appear.

On June 21, 2013, Lead Plaintiffs filed an Unopposed Motion for Class Certification and Appointment of Class Representatives and Class Counsel

---

[2]     Lead Counsel consists of the law firm Kessler Topaz Meltzer & Check, LLP ("Kessler Topaz"), to which the law firm of Grant & Eisenhofer ("G&E") serves as local counsel.

(the "Motion").[3] Lead Plaintiffs seek certification of the following class of

Longtop Investors (the "Class") pursuant to Federal Rule of Civil Procedure 23

("Rule 23"):

> All persons and entities who purchased or otherwise
> acquired Longtop ADSs during the period from February
> 21, 2008 through May 17, 2011, inclusive, and were
> damaged thereby. Excluded from the Class are Defendants,
> present or former executive officers of Longtop, present or
> former members of Longtop's Board of Directors, and their
> immediate family members (as defined in 17 C.F.R. §
> 229.404, Instructions).

In addition, Lead Plaintiffs seek to be appointed as Class Representatives and seek

the appointment of Kessler Topaz and G&E as Class Counsel.

## III.   DISCUSSION

### A.   Rule 23(a) Requirements

Before certifying the requested class, this Court must ensure that the

Rule 23(a) requirements are met, *i.e.,* numerosity, commonality, typicality, and

adequacy.

---

[3]     Defendant Palaschuk agreed not to oppose the Motion without
prejudice to his right to subsequently challenge any assertion of fact or law
contained in the Memorandum of Law in Support of Plaintiffs' Unopposed Motion
for Class Certification and Appointment of Class Representatives and Class
Counsel.

### 1.   Numerosity

Within the Second Circuit, numerosity is presumed if there are at least forty class members.[4]  In a federal securities class action, numerosity "may be satisfied by a showing that a large number of shares were outstanding and traded during the relevant period."[5]  Here, Longtop ADSs traded regularly during the Class Period, with an average daily trading volume of over 500,000 ADSs on the New York Stock Exchange.  Numerosity is therefore satisfied.

### 2.   Commonality

"The commonality requirement is met if there is a common question of law or fact shared by the class"[6] "Commonality requires the plaintiff[s] to demonstrate that the class members have suffered the same injury."[7]  Commonality is typically satisfied "where putative class members have been injured by similar material misrepresentations and omissions."[8]  Here, common questions include: (1)

---

[4]      *See Shahriar v. Smith & Wollensky Rest. Grp., Inc.*, 659 F.3d 234, 252 (2d Cir. 2011).

[5]      *In re Bank of Am. Corp. Sec., Derivative & ERISA Litig.*, 281 F.R.D. 134, 138 (S.D.N.Y. 2012).

[6]      *Brown v. Kelly*, 609 F.3d 467, 475 (2d Cir. 2010).

[7]      *Wal-Mart Stores, Inc. v. Dukes*, 131 S. Ct. 2541, 2551 (2011) (quotation marks and citation omitted).

[8]      *In re Bank of Am.*, 281 F.R.D. at 139 (quotation marks and citation omitted).

4

whether defendants violated federal securities laws; (2) whether defendants' SEC filings, press releases, and other public statements contained material misstatements and omissions; (3) whether defendants otherwise made false and misleading statements during the Class Period; (4) the materiality of such misstatements and omissions; and (5) whether Class members sustained damages and, if so, the proper measure of such damages. The commonality requirement has clearly been met here.

### 3.    Typicality

"Typicality is established where each class member's claim 'arises from the same course of events, and each class member makes similar legal arguments to prove the defendant's liability.'"[9]

Here, Lead Plaintiffs' claims are typical of the Class. Lead Plaintiffs purchased Longtop ADSs during the Class Period at prices allegedly inflated by defendants' misrepresentations and omissions concerning Longtop's financial condition. The arguments advanced by Lead Plaintiffs with respect to defendants' liability are the same arguments that other Class members would bring in support of their claims. Thus, typicality is satisfied.

---

[9]    *Janbay v. Canadian Solar, Inc.*, 272 F.R.D. 112, 120 (S.D.N.Y. 2010) (quoting *In re Drexel Burnham Lambert Grp., Inc.*, 960 F.2d 285, 291 (2d Cir. 1992)).

### 4.   Adequacy

Pursuant to Rule 23(a)(4), Lead Plaintiffs must establish that "the representative parties will fairly and adequately protect the interests of the class." "Generally, adequacy of representation entails inquiry as to whether a plaintiff's: (1) interests are antagonistic to the interest[s] of other members of the class; and (2) attorneys are qualified, experienced and able to conduct the litigation."[10] Because Lead Plaintiffs purchased Longtop ADSs during the Class Period, their interests are directly aligned with the interests of the other putative Class members. Moreover, the claims of both Lead Plaintiffs and the putative Class members are based on identical legal and remedial theories. Lastly, proposed Class Counsel are highly qualified and capable of prosecuting this action. Adequacy has thus been satisfied here.

### B.   Rule 23(b) Requirements

### 1.   Predominance

Lead Plaintiffs seek class certification under Rule 23(b)(3) given that "questions of law or fact common to the class members predominate over any questions affecting only individual members" and "a class action is superior to other available methods for fairly and efficiently adjudicating the controversy."

---

[10]   *In re Sadia, S.A. Sec. Litig.*, 269 F.R.D. 298, 305 (S.D.N.Y. 2010).

"[T]he [predominance] requirement is satisfied 'if resolution of some of the legal and factual questions that qualify each class member's case as a genuine controversy can be achieved through generalized proof, and if these particular issues are more substantial that the issues subject only to individualized proof.'"[11] Courts routinely find the elements of scienter, materiality and causation to be common issues in federal securities cases. Moreover, here reliance can be presumed under the "fraud-on-the-market" doctrine set forth in *Basic Inc. v. Levinson*[12] as the parties stipulated that Longtop ADSs traded in an efficient market during the Class Period. Accordingly, the predominance requirement has been satisfied.

## 2.    Superiority

Rule 23(b)(3) also requires that the class action is superior to other available methods for litigating the case. Here, the putative Class consists of a large number of investors in Longtop ADSs, many of whose individual damages are small enough to render litigation on an individual basis prohibitively expensive. Concentrating the claims of the Class members in a single action and forum is the most efficient use of judicial resources. Superiority has also been

---

[11]    *Myers v. Hertz Corp.*, 624 F.3d 537, 547 (2d Cir. 2010) (quoting *Moore v. PaineWebber, Inc.*, 306 F.3d 1247, 1252 (2d Cir. 2002)).

[12]    485 U.S. 224, 246 (1988).

satisfied.  Given that predominance and superiority have been met, the putative

Class can be certified under Rule 23(b)(3).

## IV.   CONCLUSION

For the foregoing reasons, this action shall proceed as a class action

on behalf of a Class consisting of all persons and entities who purchased or

otherwise acquired Longtop ADSs during the period from February 21, 2008

through May 17, 2011, inclusive, and were damaged thereby.  Lead Plaintiffs,

Danske and Local One, are appointed as Class representatives.  Finally, the law

firm of Kessler Topaz is appointed as Class Counsel and the law firm of G&E is

appointed as local counsel on behalf of Class Counsel and the Class.  The Clerk of

the Court is directed to close this Motion (Docket Entry # 153).

SO ORDERED:

Shira A. Scheindlin
U.S.D.J.

Dated:      New York, New York
            July 10, 2013

8

## - Appearances -

**For Plaintiffs:**

Gregory M. Castaldo, Esq.
Kimberly A. Justice, Esq.
Richard A. Russo, Esq.
Margaret E. Onasch, Esq.
Kessler Topaz Meltzer & Check, LLP
280 King of Prussia Road
Radnor, PA 19087
(610) 667-7706

Daniel L. Berger, Esq.
Deborah A. Elman, Esq.
Grant & Eisenhoffer, P.A.
485 Lexington Avenue, 29th Floor
New York, NY 10017
(646) 722-8500

**For Defendant Palaschuk (Pro Se):**

Derek Palaschuk
4326 Dunbar Street
P.O. Box 45117
Vancouver BC, Canada
V6S 2M8

9