USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 11/14/13

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| IN RE LONGTOP FINANCIAL TECHNOLOGIES LIMITED SECURITIES LITIGATION | Civil Action No. 11-cv-3658-SAS<br><br>**JURY TRIAL DEMANDED**<br><br>**ECF CASE** |

## [PROPOSED] ORDER ENTERING DEFAULT JUDGMENT

WHEREAS, pursuant to Rule 55(b) of the Federal Rules of Civil Procedure and Rule 55.2 of the Local Civil Rules for the United States District Courts for the Southern and Eastern Districts of New York (the "Local Rules"), Lead Plaintiffs Danske Invest Management A/S, Pension Funds of Local No. One, I.A.T.S.E. have applied for entry of judgment by default against Longtop Financial Technologies Limited ("Longtop") and Wai Chau Lin a/k/a Lian Weizhou ("Lin," and together with Longtop, "Defendants") based on Defendants' failure to answer or otherwise respond to the complaint in this action.

WHEREAS, on May 27, 2011, the actions captioned *Faris v. Longtop Financial Technologies Limited, et al.*, Civil Action No. 11-cv-03658-SAS (*"Faris"*) and *Kair v. Longtop Financial Technologies Limited, et al.*, Civil Action No. 11-cv-03661-DAB (*"Kair"*) were filed.

WHEREAS, on September 21, 2011, by Order of the Court, the *Faris* and *Kair* actions were consolidated into the instant action; Danske Invest Management A/S and Pension Funds of Local No. One, I.A.T.S.E. were appointed Lead Plaintiffs ("Lead Plaintiffs"). The law firm of Kessler Topaz Meltzer and Check, LLP was approved as Lead Counsel for the Class.

WHEREAS, on November 18, 2011, Lead Plaintiffs filed in this case, a Consolidated Class Action Complaint ("Complaint") against Defendants Longtop, Lin, Derek Palaschuk,

Thomas Gurnee, Hui Kung Ka a/k/a Xiaogong Ka, Deloitte Touche Tohmatsu Limited and Deloitte Touche Tohmatsu CPA Ltd. and a Summons was issued to each defendant.

WHEREAS, on December 12, 2011, Defendant Longtop was duly served with copies of the Summons and Complaint in English and Simplified Chinese through its registered agent for service in the United States, Law Debenture Corporate Service, Inc. The Proof of Service was filed on January 17, 2012. ECF No. 46.

WHEREAS, Defendant Longtop has failed to answer or otherwise move with respect to the Complaint, and the time for answering the Complaint has expired pursuant to Rule 12(a)(1)(A) of the Federal Rules of Civil Procedure. ECF Nos. 46, 84.

WHEREAS, on or about December 12, 2011, Lead Plaintiffs initiated service of the Summons and the Complaint on Defendant Lin pursuant to the Hague Convention on Service Abroad of Judicial and Extrajudicial Documents in Civil or Commercial Matters (opened for signature November 15, 1965, 20 U.S.T. 361, 658 V.N.T.S. 163). Such attempt was unsuccessful as Lead Plaintiffs' Request for Service Abroad of Judicial or Extrajudicial Documents was returned on or around March 4, 2013 after the Bureau of International Judicial Assistance, Ministry of Justice of the People's Republic of China failed to find the "charge person and nobody came to the court to take the documents."

WHEREAS, on July 18, 2012, the Court authorized alternate service of the Summons and the Complaint on Defendant Lin via email pursuant to Fed. R. Civ. P. 4(f)(3). ECF No. 87.

WHEREAS, proof of service as to Defendant Lin was filed on July 20, 2012. ECF No. 88.

WHEREAS, Defendant Lin has failed to answer or otherwise move with respect to the Complaint, and the time for answering the Complaint has expired pursuant to Rule 12(a)(1)(A) of the Federal Rules of Civil Procedure. *See* ECF Nos. 88, 160.

WHEREAS, on July 12, 2012, the Clerk of the United States District Court for the Southern District of New York issued a Clerk's Certificate regarding Defendant Longtop's default. ECF No. 84.

WHEREAS, on October 9, 2013, the Clerk of the United States District Court for the Southern District of New York issued a Clerk's Certificate regarding Defendant Lin's default. ECF No. 160.

WHEREAS, Lead Plaintiffs have satisfied the requirement of Local Rule 55.2 requiring service by mail of all papers submitted to the Court in connection with an application for default judgment.

WHEREAS, the Court accepts as true, the factual allegations in the Complaint against Defendants, who have defaulted in this action.

WHEREAS, the Court accepts the Expert Report on Damages of Gang Hu, Ph.D., CFA dated August 30, 2013, which neither Defendant Longtop nor Defendant Lin has contested, and finds, for purposes of entering default judgment against Defendants Longtop and Lin, that Dr. Hu's event study and trading models discussed therein sufficiently support with reasonable certainty the aggregate out-of-pocket damages figure of $882.3 million.

Now therefore,

IT IS HEREBY ORDERED, ADJUDGED AND DECREED that the Motion for Default Judgment against Defendants Longtop and Lin is GRANTED.

IT IS FURTHER ORDER, ADJUDGED AND DECREED that Defendants Longtop and Lin shall be jointly and severally liable to pay to Plaintiffs and the Class damages of $882,300,000 plus 9% interest on such amount from February 21, 2008 to the date of payment, pursuant to N.Y. C.P.L.R. 5001 and 5004 (McKinney 2013).

IT IS FURTHER ORDER, ADJUDGED AND DECREED that this Court shall retain jurisdiction over this Action with respect to Defendant Derek Palaschuk and for purposes of enforcing the terms of this Order Entering Default Judgment.

DATED: this 14 day of Nov, 2013

_____
Honorable Shira A. Scheindlin
United States District Judge