**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| IN RE LONGTOP FINANCIAL TECHNOLOGIES LIMITED SECURITIES LITIGATION | C.A. No. 11-cv-03658-SAS<br><br>ECF Case |

**PLAINTIFFS' OMNIBUS MEMORANDUM OF LAW IN SUPPORT OF**
**MOTIONS *IN LIMINE* TO EXCLUDE EVIDENCE AND ARGUMENT AT TRIAL**

## TABLE OF CONTENTS

APPLICABLE LEGAL STANDARDS ...................................................................................... 1

ARGUMENT ............................................................................................................................. 2

I.      Plaintiffs' Motion *in Limine* No. 1:  To Exclude Evidence and Argument Concerning any
        Claims, Legal Theories or Defendants that have been Dismissed from this Case, and any
        Claims or Legal Theories that Plaintiffs Have Abandoned and/or Modified ..................... 2

II.     Plaintiffs' Motion *in Limine* No. 2:  To Exclude Evidence and Argument Relating to
        Affirmative Defenses that were Not Asserted by Palaschuk in his Answer to the
        Amended Complaint ........................................................................................................... 4

III.    Plaintiffs' Motion *in Limine* No. 3:  To Exclude Evidence and Argument Concerning the
        U.S. Government's Failure (to Date) to Act Against Longtop or its executives, or DTT .. 5

IV.     Plaintiffs' Motion *in Limine* No. 4:  To Exclude the Affidavits of ▮▮▮ (a/k/a ▮▮▮▮ )
        and ▮▮▮▮▮ (a/k/a ▮▮▮▮▮▮ ), and any Evidence and Argument Related
        Thereto ........................................................................................................................... 10

V.      Plaintiffs' Motion *in Limine* No. 5:  To Preclude Lay Witnesses from Providing Opinions
        Requiring Specialized Knowledge .................................................................................... 11

VI.     Plaintiffs' Motion *in Limine* No. 6:  To Exclude Evidence and Argument Concerning the
        Amount of Aggregate Damages Suffered by the Trial Class .......................................... 13

VII.    Plaintiffs' Motion *in Limine* No. 7:  To Limit Evidence and Argument Concerning the
        Investment Decisions, Strategies and Transactions in Longtop Securities of Lead
        Plaintiffs and any other Trial Class Member .................................................................. 16

CONCLUSION ....................................................................................................................... 20

## TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Acticon AG v. China North East Petroleum Holdings, Ltd.*,
  692 F.3d 34 (2d Cir. 2012)............................................................................................................13

*Allam v. Myers*,
  2012 WL 1106746 (S.D.N.Y. Apr. 3, 2012)..............................................................................5

*Am. Home Assurance Co. v. Sunshine Supermarket, Inc.*,
  753 F.2d 321 (3d Cir. 1985)...................................................................................................8, 10

*Am. Mfrs. Mut. Ins. Co. v. Payton Lane Nursing Home, Inc.*,
  2010 WL 741971 (S.D.N.Y. Feb. 23, 2010).......................................................................12, 13

*Batwin v. Occam Networks, Inc.*,
  2008 WL 2676364 (C.D. Cal. July 1, 2008).............................................................................7

*Bell v. Fore Sys.*,
  2002 WL 32097540 (W.D. Pa. Aug. 2, 2002) .........................................................................14

*Bounds v. Taylor*,
  77 F. App'x 99 (3d Cir. 2003) ..................................................................................................10

*In re Broadcom Corp. Sec. Litig.*,
  2005 WL 1403756 (C.D. Cal. June 3, 2005) ...........................................................................14

*In re Columbia Sec. Litig.*,
  155 F.R.D. 466 (S.D.N.Y. 1994) ..............................................................................................11

*Duttle v. Bandler & Kass*,
  1990 WL 113187 (S.D.N.Y. July 30, 1990) ..........................................................................7, 8

*Ferrari v. Impath, Inc.*,
  2004 WL 1637053 (S.D.N.Y. July 20, 2004) ...........................................................................19

*Ganino v. Citizens Utils. Co.*,
  228 F.3d 154 (2d Cir. 2000).......................................................................................................9

*Gerber v. Computer Assocs. Int'l, Inc.*,
  303 F.3d 126 (2d Cir. 2002).......................................................................................................2

*Goffstein v. State Farm Fire & Casualty Co.*,
  764 F.2d 522 (8th Cir. 1985) .....................................................................................................8

*Gonzalez v. Digital Equip. Corp.*,
   8 F. Supp. 2d 194 (E.D.N.Y. 1998) ................................................................................15

*Gorbea v. Verizon N.Y., Inc.*,
   2014 WL 2916964 (E.D.N.Y. June 25, 2014) ................................................................3

*Hamza v. Saks Fifth Ave., Inc.*,
   2011 WL 6187078 (S.D.N.Y. Dec. 5, 2011) ..................................................................4

*In re ICN/Viratek Securities Litigation*,
   1996 WL 34448146 (S.D.N.Y. July 15, 1996) ........................................................16, 18

*Jacobson* v. *Deutsche Bank, A.G.*,
   206 F. Supp. 2d 590 (S.D.N.Y. 2002), *aff'd,* 59 F. App'x 430 (2d Cir. 2003).......................11

*Kaufman v. Motorola Inc.*,
   2000 WL 1506892 (N.D. Ill. Sept. 21, 2000)..............................................................14

*Luce v. U.S.*,
   469 U.S. 38 (1984).....................................................................................................1

*Millimet v. George F. Fuller Co.*,
   1965 U.S. Dist. LEXIS 9836 (S.D.N.Y. Aug. 19, 1965)................................................7

*Munoz v. State Farm Lloyds of Texas*,
   522 F.3d 568 (5th Cir. 2008) .......................................................................................9

*National Market Share, Inc. v. Sterling Nat'l Bank*,
   392 F.3d 520 (2d Cir. 2004).........................................................................................4

*Rabon v. Great Sw. Fire Ins. Co.*,
   818 F.2d 306 (4th Cir. 1987) .......................................................................................8

*Rosioreanu v. City of New York*,
   2012 WL 666789 (E.D.N.Y. Feb. 29, 2012)..................................................................4

*Saks v. Franklin Covey Co.*,
   316 F.3d 337 (2d Cir. 2003).........................................................................................5

*Skwortz v. Crayfish Co., Ltd.*,
   2001 WL 1160745 (S.D.N.Y. Sept. 28, 2001)..............................................................19

*Soley v. Wasserman*,
   2013 WL 3185555 (S.D.N.Y. June 21, 2013) ................................................................4

*Sound Video Unlimited, Inc. v. Video Shack, Inc.*,
   700 F. Supp. 127 (S.D.N.Y. 1988) ...............................................................................4

*Teamsters Local 617 Pension & Welfare Funds v. Apollo Grp., Inc.,*
    633 F. Supp. 2d 763 (D. Ariz. 2009) ..................................................................................................7

*Tellabs, Inc. v. Makor Issues & Rights, Ltd.,*
    551 U.S. 308 (2007)...........................................................................................................................19

*Travellers Int'l, A.G. v. Trans World Airlines, Inc.,*
    41 F.3d 1570 (2d Cir. 1994)...............................................................................................................4

*TSC Indus., Inc. v. Northway, Inc.,*
    426 U.S. 438 (1976)...........................................................................................................................16

*United States v. Coplan,*
    703 F.3d 46 (2d Cir. 2012)..................................................................................................................11

*United States v. Figueroa,*
    618 F.2d 934 (2d Cir. 1980).................................................................................................................2

*United States v. Garcia,*
    413 F.3d 201 (2d Cir. 2005)...............................................................................................................12

*United States v. Haynes,*
    729 F.3d 178 (2d Cir. 2013).................................................................................................................11

*United States v. Kaplan,*
    490 F.3d 110 (2d Cir. 2007)...............................................................................................................12

*United States v. Tomasetta,*
    2012 WL 1080293 (S.D.N.Y. Mar. 30, 2012) .........................................................................13

*United States v. Yannotti,*
    541 F.3d 112 (2d Cir. 2008)................................................................................................................11

*Williams v. Arctic Cat, Inc.,*
    2014 WL 1028476 (N.D.N.Y. Mar. 13, 2014) .............................................................................4

*In re WorldCom, Inc. Securities Litigation,*
    2005 WL 408137 (S.D.N.Y. Feb. 23, 2005)..............................................................17, 18, 19

**Statutes**

§ 23 of the Securities Act of 1933 .....................................................................................................7

§ 26 of the Securities Exchange Act of 1934....................................................................................7

**Other Authorities**

FED. R. EVID. 103 ..................................................................................................................................1

FED. R. EVID. 401 ............................................................................................................................1

FED. R. EVID. 402 ............................................................................................................................1

FED. R. EVID. 403 ...............................................................................................................2, 9, 15, 18

FED. R. EVID. 701 ...........................................................................................................................2, 13

FED. R. EVID. 801 ...........................................................................................................................2, 10

FED. R. EVID. 802 .......................................................................................................................2, 10, 11

Lead Plaintiffs Danske Invest Management A/S and Pension Fund of Local No. One, I.A.T.S.E., individually and as Class Representatives on behalf of the Trial Class[1] (collectively, "Plaintiffs"), respectfully submit this omnibus memorandum of law in support of their motions *in limine* to exclude evidence and/or argument from any trial in this action.

## APPLICABLE LEGAL STANDARDS

This Court has the authority to issue rulings on motions *in limine* pursuant to its inherent authority to manage the course of trials. *See generally* FED. R. EVID. 103(c); *Luce v. U.S.*, 469 U.S. 38, 41 (1984). Many of the matters that are the subject of this Motion are either irrelevant and, therefore, inadmissible or so unfairly prejudicial that, even if an objection were to be timely made and sustained, irreparable harm would be done to Plaintiffs.

Pursuant to the Federal Rules of Evidence, "[i]rrelevant evidence is not admissible." FED. R. EVID. 402. Thus, if evidence does not have any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence, it is inadmissible. FED. R. EVID. 401. In assessing "relevancy," it is necessary to answer the question whether the evidence "when tested by the processes of legal reasoning, possesses sufficient probative value to justify receiving it in evidence." FED. R. EVID. 401, Advisory Committee Notes.

Further, relevant evidence should be excluded "if its probative value is substantially outweighed by a danger of . . . unfair prejudice, confusing the issues, misleading the jury, undue

---

[1] To conform the case to the best evidence obtained in discovery, Plaintiffs are pursuing at trial only claims based on alleged misrepresentations made by Defendant Derek Palaschuk ("Palaschuk") and Longtop Financial Technologies Limited ("Longtop") during the period February 10, 2010 through May 17, 2011 (the "Trial Class Period"). *See* ECF Nos. 206-2, 207 (Order approving Class Notice). The Trial Class thus consists of all persons and entities who purchased or otherwise acquired Longtop ADSs during the period February 10, 2010 through May 17, 2011, inclusive, and were damaged thereby; excluded from the Trial Class are Defendants, present or former executive officers of Longtop, present or former members of Longtop's Board of Directors, and their immediate family members.

1

delay, wasting time, or needlessly presenting cumulative evidence." FED. R. EVID. 403. Evidence is prejudicial when it "tends to have some adverse effect upon a [party] beyond tending to prove the fact or issue that justified its admission into evidence." *United States v. Figueroa,* 618 F.2d 934, 943 (2d Cir. 1980) (discussing the Advisory Committee Note to Rule 403 and S. Saltzburg & K. Redden, FEDERAL RULES OF EVIDENCE MANUAL 43 (2d Ed. 1978 Supp.)). "[T]he trial judge has broad discretion to weigh the probative value of the evidence against the negative factors" under Rule 403. *Gerber v. Computer Assocs. Int'l, Inc.,* 303 F.3d 126, 137 (2d Cir. 2002) (internal quotations and citation omitted).

Certain other matters addressed in this motion are inadmissible on the grounds that they are either hearsay, *see* FED. R. EVID. 801 and 802, for which no exception applies, concern opinions by lay witnesses that purport to address matters requiring specialized knowledge or for which there does not exist a sufficient basis to admit the opinion, *see* FED. R. EVID. 701 and 702.

Under these standards, Plaintiffs respectfully request that evidence or argument concerning the following matters be prohibited from any trial:

## ARGUMENT

I. **PLAINTIFFS' MOTION *IN LIMINE* NO. 1: TO EXCLUDE EVIDENCE AND ARGUMENT CONCERNING ANY CLAIMS, LEGAL THEORIES OR DEFENDANTS THAT HAVE BEEN DISMISSED FROM THIS CASE, AND ANY CLAIMS OR LEGAL THEORIES THAT PLAINTIFFS HAVE ABANDONED AND/OR MODIFIED**

Plaintiffs move to preclude Palaschuk from introducing evidence or making any argument that relates to claims that have been dismissed or adjudicated, or claims or legal theories that Plaintiffs have abandoned, changed and/or modified during the course of the litigation. Specifically, Palaschuk should be precluded from introducing evidence or making arguments referencing the fact that this Court dismissed Plaintiffs' claims against Longtop's auditor, Deloitte Touche Tohmatsu CPA Ltd. ("DTT"). *See* ECF No. 115 (11/14/12 Order

2

Granting DTT's Motion to Dismiss). Palaschuk also should be precluded from referencing the fact that Plaintiffs originally alleged, but are no longer seeking to demonstrate, that Palaschuk issued material misstatements with actual knowledge of their falsity, and are instead asserting that he acted recklessly. *See* ECF No. 203, p. 20 n.87 (6/16/14 Order Denying Motion for Summary Judgment) (noting that "[a]t a court conference on October 21, 2013, plaintiffs represented that they would pursue a theory of recklessness rather than intent to defraud."). Palaschuk should further be precluded from referencing the fact that Plaintiffs alleged, but will not seek to demonstrate at trial, that Palaschuk issued material misstatements concerning Xiamen Longtop Human Resources Services ("XLHRS"). *See* ECF No. 167, p. 25 (11/20/13 Memorandum of Law in Support of Plaintiffs' Motion to Exclude Report and Testimony of Alan D. Bell).[2]

Reference to claims or legal theories that have been dismissed, changed or abandoned has no relevance to the claims that Plaintiffs will be litigating against Palaschuk at trial. The only purposes for referring to such dismissed claims or theories would be impermissible ones, such as to suggest to the jury that if some claims were insufficient or required modification, then other claims may be suspect as well. Such inferences are improper and would unduly prejudice Plaintiffs. Accordingly, courts have not hesitated to preclude any reference to dismissed, altered or abandoned claims. Indeed, shielding such matters from the jury is common practice. *See, e.g., Gorbea v. Verizon N.Y., Inc.*, No. 11-cv-3758, 2014 WL 2916964, at *2 (E.D.N.Y. June 25, 2014) (granting motion to exclude from trial evidence regarding claims previously dismissed as irrelevant because "previously dismissed claims, and evidence thereof, are not 'of consequence

---

[2] While Plaintiffs will not offer evidence at trial as to material misstatements concerning XLHRS, Plaintiffs note that certain evidence regarding XLHRS may be offered at trial as a "red flag" in support of Plaintiffs' theory that Palaschuk and Longtop acted recklessly in making the remaining misstatements with respect to Longtop's financial results.

3

to determining the action'") (citation omitted); *Soley v. Wasserman*, No. 08 Civ. 9262, 2013 WL 3185555, at *8 (S.D.N.Y. June 21, 2013) (granting motion to exclude from trial evidence intended to establish dismissed claim); *Rosioreanu v. City of New York*, No. 07 cv 2925, 2012 WL 666789, at *1 (E.D.N.Y. Feb. 29, 2012) (granting motion to preclude plaintiff from offering evidence regarding claims not proceeding to trial, as irrelevant under FED. R. EVID. 401).[3]

Accordingly, Palaschuk should be precluded from making reference to claims that have been dismissed or adjudicated, or claims or legal theories that Plaintiffs abandoned, changed, and/or modified during the course of the litigation.

## II. PLAINTIFFS' MOTION *IN LIMINE* NO. 2: TO EXCLUDE EVIDENCE AND ARGUMENT RELATING TO AFFIRMATIVE DEFENSES THAT WERE NOT ASSERTED BY PALASCHUK IN HIS ANSWER TO THE AMENDED COMPLAINT

Plaintiffs move to preclude Palaschuk from introducing evidence or making any argument that references affirmative defenses Palaschuk failed to assert in his Answer to Plaintiffs' Amended Consolidated Class Action Complaint ("Answer").

It is well-settled that affirmative defenses are deemed waived if not asserted in a party's responsive pleading. *See, e.g., Travellers Int'l, A.G. v. Trans World Airlines, Inc.*, 41 F.3d 1570, 1580 (2d Cir. 1994) ("The general rule in federal courts is that a failure to plead an affirmative defense results in a waiver."); *see also National Market Share, Inc. v. Sterling Nat'l Bank*, 392 F.3d 520, 526 (2d Cir. 2004) ("If an affirmative defense is neither pled nor tried with the parties' consent, the defense is usually waived."); *Sound Video Unlimited, Inc. v. Video Shack, Inc.*, 700 F. Supp. 127, 150 (S.D.N.Y. 1988) (granting plaintiffs' motion *in limine* to preclude defendants,

_____

[3] *Accord, Hamza v. Saks Fifth Ave., Inc.*, No. 07-CV-5974, 2011 WL 6187078, at *7 (S.D.N.Y. Dec. 5, 2011) (excluding, pursuant to FED. R. EVID. 401 and 402, evidence of previously dismissed disability discrimination claims where only plaintiff's retaliatory discharge claims were at issue at trial)); *Williams v. Arctic Cat, Inc.*, No. 3:11-cv-445, 2014 WL 1028476, at *15 (N.D.N.Y. Mar. 13, 2014) (precluding the introduction of evidence concerning breach of warranty and design defect claims that were previously dismissed, at trial of failure to warn claims).

4

at trial, from raising defenses not asserted in their answer); *cf. Allam v. Myers*, No. 09 C 10580, 2012 WL 1106746, at *1 (S.D.N.Y. Apr. 3, 2012) (holding that, "[h]aving failed to put Plaintiff on notice of this [statute of limitations] issue, Defendant cannot now preclude her from introducing—or recovering based on—evidence of conduct falling outside the limitations period"). Palaschuk has thus waived any affirmative defense he failed to raise in his Answer. Therefore, any evidence intended to support such an affirmative defense is irrelevant and should be excluded under FED. R. EVID. 401 and 402.

Moreover, with fact and expert discovery complete, summary judgment motions resolved and trial rapidly approaching, to allow Palaschuk to assert new affirmative defenses at this late stage would unfairly prejudice Plaintiffs who have not had the opportunity to conduct discovery on these unidentified defenses or otherwise develop a strategy for responding to them. *See Saks v. Franklin Covey Co.*, 316 F.3d 337, 350 (2d Cir. 2003) (noting that the purpose of asserting affirmative defenses in a responsive pleading "is to place the opposing parties on notice that a particular defense will be pursued so as to prevent surprise or unfair prejudice" (citing *Blonder-Tongue Labs., Inc. v. Univ. of Ill. Found.*, 402 U.S. 313, 350 (1971))).

Accordingly, Palaschuk should be precluded from introducing any evidence or argument regarding any affirmative defenses he has failed to assert, and any newly raised defenses should be deemed waived.

III.    **PLAINTIFFS' MOTION *IN LIMINE* NO. 3:    TO EXCLUDE EVIDENCE AND ARGUMENT CONCERNING THE U.S. GOVERNMENT'S FAILURE (TO DATE) TO ACT AGAINST LONGTOP OR ITS EXECUTIVES, OR DTT**

Plaintiffs move to preclude Palaschuk from introducing any evidence or making any argument regarding the SEC's or DOJ's failure (to date) to: (1) find that a fraud occurred at Longtop; (2) find that Longtop's financial statements must be restated; (3) implicate Palaschuk as being involved with securities fraud; or (iv) commence civil proceedings or bring criminal

charges against Longtop or any of its executives, including Palaschuk, or DTT with respect to the facts and circumstances leading to the delisting of Longtop. This evidence is not relevant and would be unduly prejudicial to Plaintiffs.

As an initial matter, Plaintiffs believe that the SEC's investigation is ongoing and, therefore, no negative inference should be drawn from the Commission's present failure to bring civil proceedings against Longtop or its executives, or DTT, or refer the matter for criminal prosecution.

Even if the government were to decline civil or criminal prosecution, the absence of such charges and proceedings does not mean that the defendant did not violate the federal securities laws. Indeed, it has always been the rule that SEC administrative or enforcement determinations provide no defense to alleged violations of federal securities laws brought by private litigants. In a release dated September 27, 1972, the SEC clearly announced that no defense to the filing of false financial statements can be found in the SEC's decision not to recommend enforcement proceedings, or the termination of staff investigations.[4] The release states:

> The Commission is instructing its staff that in cases where such action appears appropriate, it may advise a person under inquiry that its formal investigation has been terminated. Such action on the part of the staff will be purely discretionary on its part for the reasons mentioned above. *Even if such advice is given, however, it must in no way be construed as indicating that the party has been exonerated or that no action may ultimately result from the staff's investigation of that particular matter.* All that such a communication means is that the staff has completed its investigation and that at that time no enforcement action has been recommended to the Commission. *The attempted use of such a communication as a purported defense in any action that might subsequently be brought against the party, either civilly or criminally, would be clearly inappropriate and improper* since such a communication, at the most, can mean that, as of its date, the staff of the Commission does not regard enforcement action

---

[4] *See* SEC release titled, "Procedures Relating to the Commencement of Enforcement Proceedings and the Termination of Staff Investigations." Securities Act of 1933, Release No. 5310; Securities Exchange Act of 1934, Release No. 9796; Investment Company Act of 1940, Release No. 7390; Investment Advisors Act of 1940, Release No. 336.

> as called for based upon ... various reasons, some of which, such as workload considerations, are clearly irrelevant to the merits of any subsequent action.

*Id.* (emphasis added). In fact, the Securities Act of 1933 and the Securities Exchange Act of 1934 prohibit reference to the SEC's failure to act in connection with the filing of registration statements, Forms 10-K and Forms 10-Q.[5] Both Acts state that the SEC's failure to act should not be construed to mean that the SEC has approved of the filing, has concluded that the filing is true and accurate, or that the filing is not false or misleading. Accordingly, courts have refused to interpret the SEC's failure to object to a filing as evidence that the filing is non-actionable, especially at the pleading stage. *See, e.g., Batwin v. Occam Networks, Inc.*, No. 07-cv-2750, 2008 WL 2676364, at *13 n.7 (C.D. Cal. July 1, 2008) (finding the SEC decision not to take enforcement action deemed to be irrelevant); *Teamsters Local 617 Pension & Welfare Funds v. Apollo Grp., Inc.*, 633 F. Supp. 2d 763, 796 (D. Ariz. 2009) (same).

Furthermore, the SEC has limited resources, and a "lack of information or limitations of time, manpower, and resources will often dictate" that the SEC takes no action against a company that has violated the law. *Union Pac. R. Co. v. Chi. & Nw. Ry.* Co., 226 F. Supp. 400, 406 (N.D. Ill. 1964); *see also Duttle v. Bandler & Kass*, No. 82 CIV. 5084, 1990 WL 113187, at *3 (S.D.N.Y. July 30, 1990) (excluding evidence that the SEC declined to seek an injunction against the defendants); *Millimet v. George F. Fuller Co.*, No. 65-cv-1678, 1965 U.S. Dist. LEXIS 9836, at *20 (S.D.N.Y. Aug. 19, 1965) (the "failure of the Commission to act shall not be construed to mean any approval" by the SEC).

Similarly, the fact that the U.S. government has not brought criminal charges against Longtop or any of its executives, or DTT, does not mean: (1) that the matter has not been referred for criminal prosecution; or (2) that any federal prosecutors believed that these parties

---

[5] *See* § 23 of the Securities Act of 1933 and § 26 of the Securities Exchange Act of 1934.

did not violate the law. As stated in *Rabon v. Great Sw. Fire Ins. Co.*, 818 F.2d 306, 309 (4th Cir. 1987), "a prosecutor's decision not to prosecute . . . [is] based on different criteria than apply in a civil proceeding. In particular, a prosecutor's decision to *nolle prosse* may take into account many factors irrelevant in a civil suit, such as the higher standard of proof required for criminal conviction." *See also Am. Home Assurance Co. v. Sunshine Supermarket, Inc.*, 753 F.2d 321, 325 (3d Cir. 1985) (court erred in admitting evidence of non-prosecution, because "prosecutorial discretion may take into account many other facts not relevant to a civil suit"). Therefore, "[a]s a general rule, evidence that criminal charges were not brought is inadmissible in a civil case arising out of the same events as the criminal charges." *Goffstein v. State Farm Fire & Casualty Co.*, 764 F.2d 522, 524 (8th Cir. 1985) (citation omitted); *see also Duttle*, 1990 WL 113187, at *4 ("Evidence of a failure to indict, like evidence of an acquittal, should not be offered for the purpose of rebutting any inference of defendants' wrongdoing.").

Here, several factors may have weighed against the SEC taking further action, to date, in regards to the subject matter at issue in this case. First, Longtop is based in China and all of the alleged misconduct took place there, making it extremely difficult, time consuming and costly for the SEC to obtain relevant documents and interview pertinent witnesses. Second, it appears that Longtop may no longer exist as an operating company, nullifying any benefit to be gained through enforcement. As such, the government's failure, to date, to take action in regards to the subject matters at issue in this case, is not relevant to the trial of Plaintiffs' claims against Defendant Palaschuk.

Furthermore, the central issues in this case – whether Palaschuk made materially false and misleading statements or omissions concerning Longtop's financial condition during the Trial Class Period, with scienter, and whether such statements caused Plaintiffs' losses – must be

8

determined based on facts that existed at the time of the alleged violation, not on facts that arise much later. *See, e.g., Ganino v. Citizens Utils. Co.*, 228 F.3d 154, 165 (2d Cir. 2000) ("Materiality is determined in light of the circumstances existing at the time the alleged misstatement occurred." (citing *Spielman v. General Host Corp.*, 402 F. Supp. 190, 194 (S.D.N.Y. 1975) ("The determination of materiality is to be made upon all the facts as of the time of the transaction and not upon a 20-20 hindsight view long after the event") (footnote omitted), *aff'd*, 538 F.2d 39 (2d Cir. 1976))) (other citations omitted). Thus, the government's subsequent decision to bring or not bring any action against Longtop or any of its executives, including Palaschuk, or DTT is irrelevant.

Allowing evidence and argument at trial concerning the government's failure, to date, to commence civil proceedings or bring criminal charges against Longtop, its executives, or DTT, also would unduly prejudice Plaintiffs. The SEC, for example, operates under standards and procedures that have no impact on private enforcement of violations of the federal securities laws. Allowing introduction of the details or results of SEC investigations would inject extraneous issues into the case, resulting in the SEC being "put on trial." The danger is simply too great that a jury will confuse the findings of these investigations (or lack thereof) – which were conducted by an external governmental agency examining matters different from those at issue in this securities fraud class action – as dispositive on the issue of whether Palaschuk committed securities fraud. Under these circumstances, whatever limited probative value the post-Trial Class Period results of these investigations might have is outweighed by the danger of undue prejudice and jury confusion. *See* FED. R. EVID. 403, Advisory Committee Notes; *see also Munoz v. State Farm Lloyds of Texas*, 522 F.3d 568, 574 (5th Cir. 2008) ("Given the highly prejudicial nature of the non-indictment evidence, we find that the district court abused its

9

discretion and committed reversible error" in admitting such evidence at trial); *Bounds v. Taylor*, 77 F. App'x 99, 107 (3d Cir. 2003) ("The danger that a jury will accept a non-conviction as determinative outweighs any probative value that such evidence may hold."); *Am. Home Assur. Co. v. Sunshine Supermarket, Inc.*, 753 F.2d 321, 325 (3d Cir. 1985) ("evidence of non-prosecution was highly prejudicial because it went to the principal issue in this case").

Accordingly, Palaschuk should be precluded from mentioning at trial anything concerning the SEC's failure (to date) to: (i) find that a fraud occurred at Longtop; (ii) find that Longtop's financial statements must be restated; or (iii) implicate Palaschuk as being involved with securities fraud.

**IV.   PLAINTIFFS' MOTION *IN LIMINE* NO. 4: TO EXCLUDE THE AFFIDAVITS OF ███ ███ (A/K/A ███████) AND ███ (A/K/A ████████), AND ANY EVIDENCE AND ARGUMENT RELATED THERETO**

Plaintiffs move to preclude Palaschuk from introducing as evidence at trial, the "Declaration of ████████ (also known as ███████)" (hereafter, the "█ Affidavit") and the "Affidavit of ███ (also known as ███)" (hereafter, the "█ Affidavit"), which he previously submitted as part of his motion for summary judgment. (*See* ECF Nos. 172-5, 172-6). Both ████████ ("█") and ████ ("█") purportedly reported to Palaschuk at Longtop during Palaschuk's tenure as CFO. *See* ███ Affidavit ¶ 5, ██ Affidavit ¶ 4. Both affidavits were provided at summary judgment to outline Palaschuk's supposed efforts to confirm Longtop's revenues and generally to support Palaschuk's argument that his actions as CFO during the Class Period were proper under the circumstances.

The ███ and ██ Affidavits constitute inadmissible hearsay. *See* FED. R. EVID. 801 (hearsay is an out of court statement made by a declarant and offered by a party to prove the truth of the matter asserted in the statement); FED. R. EVID. 802 (hearsay is not admissible); *United States v. Coplan*, 703 F.3d 46, 84 (2d Cir. 2012) (holding that the district court did not err

in excluding portions of transcripts reflecting the defendant's responses to questions at deposition, as he intended to offer such responses to show that he was truthful in answering the questions). Further, Palaschuk cannot establish that the statements contained in the ▮▮▮ and ▮▮▮ Affidavits, which have not been subject to cross examination, are admissible under any exception to the hearsay rule. *See Jacobson v. Deutsche Bank, A.G.,* 206 F. Supp. 2d 590, 594 (S.D.N.Y. 2002), *aff'd,* 59 F. App'x 430 (2d Cir. 2003) ("unless one of the hearsay exceptions contained in the Federal Rules of Evidence requires a different result, [the hearsay statement] is not admissible to prove that [the declarant] made the statements at issue."); *In re Columbia Sec. Litig.,* 155 F.R.D. 466, 474 (S.D.N.Y. 1994) (hearsay inadmissible absent exception).

Thus, the ▮▮▮ and ▮▮▮ Affidavits constitute inadmissible hearsay and any references to or argument regarding those affidavits should be precluded under FED. R. EVID. 802.

## V.  PLAINTIFFS' MOTION *IN LIMINE* NO. 5:  TO PRECLUDE LAY WITNESSES FROM PROVIDING OPINIONS REQUIRING SPECIALIZED KNOWLEDGE

Plaintiffs move to preclude Palaschuk from introducing any opinion testimony via lay witnesses on subject matter(s) that require specialized knowledge.

If a witness is not testifying as an expert, FEDERAL RULE OF EVIDENCE 701 specifically precludes testimony from such witnesses in the form of an opinion, unless such opinion is: "(a) rationally based on the witness's perception; (b) helpful to clearly understanding the witness's testimony or to determining a fact in issue; and (c) not based on scientific, technical or other specialized knowledge." *United States v. Yannotti,* 541 F.3d 112, 125 (2d Cir. 2008); *see also United States v. Haynes,* 729 F.3d 178, 195 (2d Cir. 2013) ("Federal Rule of Evidence 701 limits lay witness testimony to testimony that is . . . not based on scientific, technical, or other specialized knowledge . . . ."). The Second Circuit has held that "lay opinion must be the

11

product of reasoning processes familiar to the average person in everyday life." *United States v. Garcia*, 413 F.3d 201, 215 (2d Cir. 2005).

Lay opinions are excluded where they merely purport to address "custom and practice" or "industry standards." *Am. Mfrs. Mut. Ins. Co. v. Payton Lane Nursing Home, Inc.*, No. CV 05-5155, 2010 WL 741971, at \*4 (S.D.N.Y. Feb. 23, 2010) (citing *Victor G. Reiling Assocs. & Design Innovation, Inc. v. Fisher-Price, Inc.*, 406 F. Supp. 2d 171 (D. Conn. 2005)). Moreover, to satisfy Rule 701(a) a lay witness must have done more than witness something firsthand, to offer his opinion on that subject; rather, he must identify objective bases for his opinion. *See United States v. Kaplan*, 490 F.3d 110, 119 (2d Cir. 2007) (citing *United States v. Rea*, 958 F.2d 1206, 1216 (2d Cir. 1992) ("When a witness has not identified the objective bases for his opinion, the proffered opinion obviously fails completely to meet the requirements of Rule 701 . . . because there is no way for the court to assess whether it is rationally based on the witness's perceptions. . . .")).

The ▇ and ▇ Affidavits each contain numerous instances where the respective affiant opines (impermissibly) on certain technical issues, such as GAAP compliance, as well as matters intended to show that Palaschuk acted in "good faith." For example, in the ▇ Affidavit, ▇ purports to opine that Longtop's financial statements "were accurate and prepared in accordance with US GAAP." ▇ Affidavit ¶ 38. ▇ likewise opines in her declaration that "Longtop's bank loans were properly recorded" under GAAP. ▇ Affidavit ¶ 23; *see also id.* ¶ 31. If offered at trial, such opinion testimony from ▇, ▇ or other lay witnesses concerning whether Longtop's financial statements complied with GAAP, or that Palaschuk acted in "good faith" not only would be based on "industry standards" but also would likely implicate technical or scientific knowledge of SEC and/or GAAP/GAAS rules, and

12

accordingly would be prohibited under FED. R. EVID. 701(c) and 702. *See Am. Mfrs. Mut. Ins. Co.,* 2010 WL 741971, at \*4; FED. R. EVID. 701, 702; *see also United States v. Tomasetta,* No. 10 CR 1205, 2012 WL 1080293, at \*4 (S.D.N.Y. Mar. 30, 2012) (holding that lay opinion testimony as to "what the analyst believed [the company] should have disclosed; or how [the company] should have accounted for its revenue and stock options financials" was inadmissible).[6]

For all these reasons, the Court should preclude Palaschuk from offering self-serving opinion testimony of lay witnesses, such as ▊▊▊▊ and ▊▊, concerning the relevant or applicable industry standards, whether Palaschuk complied with such standards, Palaschuk's mental state in performing his duties as CFO of Longtop during the relevant period, and any other subject matters requiring specialized knowledge.

## VI. PLAINTIFFS' MOTION *IN LIMINE* NO. 6: TO EXCLUDE EVIDENCE AND ARGUMENT CONCERNING THE AMOUNT OF AGGREGATE DAMAGES SUFFERED BY THE TRIAL CLASS

Plaintiffs move to preclude Palaschuk from making any reference to any amount of aggregate damages suffered by the Trial Class.

The Supreme Court has held that the correct measure of damages for claims brought pursuant to Section 10(b) of the Securities Exchange Act of 1934 is "actual damages," which it interpreted to mean "out-of-pocket" loss. *See Acticon AG v. China North East Petroleum Holdings, Ltd.,* 692 F.3d 34, 38 (2d Cir. 2012) (citing *Affiliated Ute Citizens of Utah v. United States,* 406 U.S. 128, 155 (1972)). Under the out-of-pocket measure, "a defrauded buyer of securities is entitled to recover only the excess of what he paid over the value of what he got." *Id.* (quoting *Levine v. Seilon,* 439 F.2d 328, 334 (2d Cir. 1971)). It is well settled that in

---

[6] At this juncture, Palaschuk has not identified his potential trial witnesses. Therefore, to the extent that Palaschuk seeks to elicit similar testimony from any other lay witness, this testimony likewise should be excluded.

13

securities litigation, a proper method to arrive at an out-of-pocket loss number is to present evidence at trial of damages on a *per share basis*. *See In re Vivendi Universal, S.A. Sec. Litig.*, No. 02-cv-05571 (ECF No. 998) (S.D.N.Y. Feb. 2, 2010) (jury verdict form requiring determination of daily per share inflation); *In re BankAtlantic Bancorp, Inc. Sec. Litig.*, No. 07-cv-61542-UU (ECF No. 665) (same); *see also id.* (ECF No. 482) (S.D. Fla. Sept. 10, 2010) (granting plaintiffs' motion *in limine* to preclude defendants from introducing evidence of aggregate damages at trial); *Bell v. Fore Sys.*, No. 97-cv-1265, 2002 WL 32097540, at *1-4 (W.D. Pa. Aug. 2, 2002) (granting defendant's motion *in limine* to exclude aggregate damages testimony); *Kaufman v. Motorola Inc.*, No. 95-cv-1069, 2000 WL 1506892, at *2 (N.D. Ill. Sept. 21, 2000) (excluding expert's testimony on aggregate damages and recognizing the propriety of opining on per share losses); *cf. In re Broadcom Corp. Sec. Litig.*, No. 01-cv-275, 2005 WL 1403756, at *1-3 (C.D. Cal. June 3, 2005) (allowing jury to determine per share damage per day, and employing a claims administration process to supply the remaining information to calculate total damages).

The determination of total or "aggregate" damages in connection with Palaschuk's liability is properly reserved for a claims administration process following trial, during which Trial Class members will submit evidence of their holdings to a third party administrator who will determine their right to and amount of recovery using the per share damage amounts determined by the jury. *See id.*, at *3 (holding that "the jury can determine per share damage per day, and the Court can easily use the claims administration process to supply the remaining information to calculate an accurate, reliable total damage figure and payout" and excluding plaintiff's expert's opinions regarding aggregate damages); *Kaufman*, 2000 WL 1506892, at *2 (holding that "an adequate remedy may be fashioned by having the jury determine a per share

14

damage loss and requiring the filing of claims by each shareholder who claims that he, she or it has been damaged").

Additionally, during trial, any evidence concerning the amount of aggregate damages would be purely speculative because the aggregate amount of any judgment against Palaschuk will not be known until the completion of a claims administration process following trial. Although Plaintiffs' expert has offered an opinion as to the amount of aggregate damages, this opinion was provided for the limited purpose of quantifying the amount of Plaintiffs' default judgment against the Company and its CEO. *See* Expert Report on Damages, Gang Hu, Ph.D., CFA, dated August 30, 2013.[7] Plaintiffs do not intend to offer any evidence of aggregate damages at trial, and the probative value of such evidence would be far outweighed by its prejudicial effect on the jury.

Allowing the admission of such speculative evidence or argument concerning the amount of aggregate damages also would be unfairly prejudicial to Plaintiffs because its sole purpose would be to incite the jury's emotions. *See Gonzalez v. Digital Equip. Corp.*, 8 F. Supp. 2d 194, 198 (E.D.N.Y. 1998) ("Unfair prejudice under Rule 403 'means an undue tendency to suggest decision on improper basis, commonly, though not necessarily, an emotional one.'" (quoting *Old Chief v. United States*, 519 U.S. 172, 180 (1997))).

Accordingly, Palaschuk should be precluded from introducing evidence or making any argument that references aggregate damages suffered by the Trial Class.

---

[7] Moreover, the default judgment that Plaintiffs obtained against Longtop and its CEO covers a broader class period than the claims that Plaintiffs will be trying against Palaschuk. Accordingly, any opinions expressed by Dr. Hu concerning the aggregate damages over this broader class period are plainly inapplicable and irrelevant to Plaintiff's claims against Palaschuk.

15

VII.    **PLAINTIFFS' MOTION *IN LIMINE* NO. 7: TO LIMIT EVIDENCE AND ARGUMENT
        CONCERNING THE INVESTMENT DECISIONS, STRATEGIES AND TRANSACTIONS
        IN LONGTOP SECURITIES OF LEAD PLAINTIFFS AND ANY OTHER TRIAL CLASS
        MEMBER**

        Plaintiffs move to preclude Palaschuk from introducing evidence or making arguments

concerning the investment decisions, strategies, and transactions of the Lead Plaintiffs and other

members of the Trial Class, with respect to their purchases of Longtop American Depositary

Shares ("ADSs") during the Trial Class Period, in attempt to refute Plaintiffs' allegations

concerning: (1) falsity; (2) materiality; and (3) loss causation. Allowing Palaschuk to elicit

testimony from Lead Plaintiffs and other Trial Class members is irrelevant to these issues, and

would be unduly prejudicial to Plaintiffs.

        The conduct and investments of Lead Plaintiffs and individual Trial Class members is not

relevant to the issues as to whether: (1) Palaschuk issued a misstatement during the Trial Class

Period; (2) such statements were material; or (3) such statements proximately caused Plaintiffs'

losses. Indeed, courts overseeing trials of securities fraud class actions have recognized that

evidence of trading by a particular class member is irrelevant to the materiality determination

that the jury must make, which is governed by an objective standard. *See In re ICN/Viratek

Securities Litigation*, No. 87 Civ. 4296, 1996 WL 34448146, at *4 n.2 (S.D.N.Y. July 15, 1996)

(Wood, J.) (rejecting defendants' arguments that evidence concerning the lead plaintiffs'

investments bore on materiality and was therefore admissible, noting that the applicable

"materiality inquiry is whether [a] reasonable investor, 'not the individual investor,' would attach

importance to the alleged misrepresentation or omission" (quoting *Tucker v. Arthur Andersen &

Co.*, 67 F.R.D. 468, 475 (S.D.N.Y. 1975))); *see also TSC Indus., Inc. v. Northway, Inc.*, 426 U.S.

438, 445 (1976) ("the question of materiality . . . is an objective one, involving the significance

of an omitted or misrepresented fact to a reasonable investor").

16

Relying on *ICN*, Judge Cote barred evidence concerning particular class members from trial in *In re WorldCom, Inc. Securities Litigation*, No. 02-cv-3288, 2005 WL 408137, at *4 (S.D.N.Y. Feb. 23, 2005), stating that, "a sampling of class members' opinions is entirely irrelevant – because, for materiality purposes, the 'reasonable investor' is equivalent to the market itself . . . . [M]ateriality is a determination of whether the market would have cared about a particular statement . . . .'" *Id.* at *4 (citing *ICN*, 1996 WL 34448146, at *4 & n.2). Thus, evidence or argument concerning individual Trial Class members' investments, strategies or sophistication is irrelevant to the issue of materiality.

Such evidence is likewise irrelevant to the class-wide issues of loss causation and whether Palaschuk's conduct otherwise violated the securities laws. In *WorldCom*, Judge Cote excluded evidence about "the opinions and performance of the named plaintiffs and their financial advisors" from the trial, ruling that such evidence was "not the yardstick" against which the jury should assess the defendants' liability, and would threaten "to divert the jury's attention from the serious issues before them, including an evaluation of what the defendants themselves did and did not do." *Id.* at **3, 5. Judge Cote also ruled that evidence about individual class members was not relevant to the determination of loss causation, noting that loss causation in a securities class action is established "through evidence of the movement of the price of securities following an announcement." *Id* at *2. The same reasoning applies here with equal force.

Even if the evidence had some relevance to the issues of falsity, materiality or loss causation, it would be highly prejudicial for Palaschuk to present evidence or argument concerning Plaintiffs' investment activities for this purpose. Judge Cote's rulings in *WorldCom* are instructive. There, the defendant sought to show "that the purchase of WorldCom securities by the Lead Plaintiff in 2002 undercuts the Lead Plaintiff's contention that early 2002

17

announcements were partial disclosures of earlier material misrepresentations and omissions by

WorldCom." *Id.* at *1-2. Granting the plaintiff's motion to exclude such evidence, the court

stated:

> Evidence of the Lead Plaintiff's trading following an announcement is a very
> imprecise way of rebutting a showing of loss causation . . . . Because of the
> danger of confusion of the issues and of unfair prejudice to the class, the Lead
> Plaintiff has shown that the negligible probative value of this evidence is
> substantially outweighed by the other factors that must be weighed in a Rule 403
> analysis.

*Id.* Furthermore, Judge Cote held that evidence of the lead plaintiffs' investment activities would

risk "confus[ing] the issue of the named plaintiffs' individual reliance with the class-wide issues

of reliance on the Exchange Act claims and with issues of materiality." *Id.* at *4; *see also ICN*,

1996 WL 34448146, at *2 (excluding evidence about named plaintiffs to "avoid potential jury

confusion" with respect to the necessary class-wide reliance determination). The exact same

reasoning should apply here to exclude as unduly prejudicial any evidence or argument that

Palaschuk attempts to introduce regarding Plaintiffs' trading activity. Indeed, such evidence is

only relevant, if at all, to the issues of whether Plaintiffs (1) were harmed by Palaschuk's

conduct, and (2) are entitled to rely upon the fraud-on-the-market presumption of reliance.

Accordingly, any introduction of this evidence should be for the limited purpose of addressing

these two elements of Plaintiffs' claims.

In addition, the Court should exclude, under FED. R. EVID. 403, evidence or argument

concerning the fact that Plaintiffs, like many large institutional investors, are sophisticated

market participants that have employed various investment strategies and advisors at different

times. To allow Palaschuk to present such evidence could prejudice Plaintiffs by, for example,

causing the jury to believe, incorrectly, that the Trial Class is comprised entirely of sophisticated

investors who actively employ various investment strategies and advisors, perhaps had unique

information or insight, and thus, that the Trial Class as a whole is not deserving of recovery. Courts have excluded evidence concerning individual class members and their particular investment activities from securities class action trials due to the risk of such prejudice. *See WorldCom*, 2005 WL 408137, at \*4 (excluding evidence concerning plaintiffs' financial advisors, whose understanding was "an unreliable proxy for the market's knowledge and understanding").

Allowing such prejudicial evidence about Plaintiffs to go before the jury also would be fundamentally inconsistent with the Congressional intent that underlies the Private Securities Litigation Reform Act ("PSLRA"). The PSLRA was "aimed to increase the likelihood that institutional investors ... would serve as lead plaintiffs." *Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 321 (2007); *see Ferrari v. Impath, Inc.*, No. 03-cv-5667, 2004 WL 1637053, at \*3 (S.D.N.Y. July 20, 2004) (citing *In re Oxford Health Plans, Inc. Sec. Litig.*, 182 F.R.D. 42, 46 (S.D.N.Y. 1998) (holding that the purpose behind the PSLRA is best achieved "by encouraging institutional investors to serve as lead plaintiffs)); *Skwortz v. Crayfish Co., Ltd.*, No. 00-cv-6766, 2001 WL 1160745, at \*2 (S.D.N.Y. Sept. 28, 2001) ("Congress believed that [the purpose behind the PSLRA] could best be achieved by encouraging institutional investors to serve as lead plaintiffs."). And while it indisputable that Congress intended institutional investors to lead securities class actions, "[t]here is no indication . . . that the drafters of the PSLRA sought to influence the claims of the relatively unsophisticated investors who typically make up the bulk of a class by thrusting issues particular to institutional lead plaintiffs into the forefront of an action." *WorldCom*, 2005 WL 408137, at \*4-5.

Finally, to the extent Palaschuk will seek to explore before the jury the Lead Plaintiffs' knowledge (or alleged lack thereof) concerning the allegations and evidence in the case,

19

Palaschuk's purpose would appear to be to suggest that the case is "lawyer driven" and therefore somehow abusive. Such an effort to prejudice the jury is improper and should not be permitted.

## CONCLUSION

For all of these reasons, Plaintiffs respectfully request that the Court grant their motions *in limine*.

Dated: August 29, 2014

KESSLER, TOPAZ MELTZER & CHECK, LLP

GREGORY M. CASTALDO
KIMBERLY A. JUSTICE
MICHELLE M. NEWCOMER
RICHARD A. RUSSO, JR.
MARGARET E. ONASCH
280 King of Prussia Road
Radnor, PA 19087
(610) 667-7706
(610) 667-7056 (Fax)

*Lead Counsel on Behalf of Lead Plaintiffs and the Class*

GRANT & EISENHOFER, P.A.
DANIEL L. BERGER
JEFF A. ALMEIDA
485 Lexington Avenue
29th Floor
New York, NY 10017
(646) 722-8500
(646) 722-8501 (Fax)

*Local Counsel on Behalf of Lead Plaintiffs and the Class*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

IN RE LONGTOP FINANCIAL
TECHNOLOGIES LIMITED
SECURITIES LITIGATION

Civil Action No. 11-cv-3658-SAS

**JURY TRIAL DEMANDED**

**ECF CASE**

## CERTIFICATE OF SERVICE

I hereby certify that on August 29, 2014, I electronically filed Plaintiffs' Notice of Motions and Motions *In Limine* to Exclude Evidence and Argument at Trial and Plaintiffs' Omnibus Memorandum of Law in Support of Motions *In Limine* to Exclude Evidence and Argument at Trial with the Court using the Court's CM/ECF system which will send a notice of electronic filing to Derek M. Palaschuk, *Pro Se*. I further certify that unredacted copies of the foregoing documents (filed under seal on this same date) were served upon Derek M. Palaschuk via e-mail.

Kimberly A. Justice