UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| IN RE LONGTOP FINANCIAL TECHNOLOGIES LIMITED SECURITIES LITIGATION | Civil Action No. 11-cv-3658-SAS |

**PLAINTIFFS' MEMORANDUM OF LAW IN SUPPORT OF
MOTION FOR AWARD OF PREJUDGMENT INTEREST**

Plaintiffs Danske Invest Management A/S and Pension Fund of Local One I.A.T.S.E. ("Plaintiffs"), individually and on behalf of the Trial Class,[1] respectfully submit this memorandum of law in support of their motion for an award of prejudgment interest following the jury verdicts on liability and damages rendered against Defendant Derek Palaschuk ("Palaschuk").[2]

## I.  INTRODUCTION

On November 21, 2014, the jury found Palaschuk liable to Plaintiffs and the Trial Class under Section 10(b) of the Securities Exchange Act of 1934 (the "Exchange Act") for each and every of his alleged misstatements during the Trial Class Period.  On November 24, 2014, the jury returned its damages verdict, essentially adopting the analysis and per share inflation amounts Plaintiffs' expert witness at trial had ascribed to each day of the Trial Class Period.  In accordance with Section 21D(f) of the Exchange Act, the jury also apportioned liability amongst the three named defendants in the Action:  Longtop (49%), Lin (50%) and Palaschuk (1%).

Plaintiffs seek an award of prejudgment interest accruing from May 17, 2011, the last day of the Trial Class Period and the date on which damages were fixed, to the date of entry of final judgment against Palaschuk.[3]  "The decision whether to grant prejudgment interest and the rate

---

[1]  The "Trial Class" is comprised of all persons and entities who purchased or otherwise acquired Longtop ADSs during the period from February 10, 2010 through May 17, 2011, inclusive, the "Trial Class Period," and were damaged thereby.

[2]  On November 14, 2013, the Court entered default judgment against Defendants Longtop Financial Technologies Limited ("Longtop") and Wai Chau Lin a/k/a Lian Weizhou ("Lin") in the amount of $882,300,000 million, plus 9% interest on this amount from February 21, 2008 to the date of payment.  *See* Order Entering Default Judgment, ECF No. 164.

[3]  In accordance with the letter that the parties jointly submitted to the Court on January 9, 2015, Plaintiffs will promptly move for entry of final judgment and will apply for an award of attorneys' fees and reimbursement of nontaxable costs upon completion of the claims administration process.  *See* January 9, 2015 Letter, ECF No. 271.

used if such interest is granted are matters confided to the district court's broad discretion . . . ." *S.E.C. v. First Jersey Sec., Inc.*, 101 F.3d 1450, 1476 (2d Cir. 1996) (quoting *Endico Potatoes, Inc. v. CIT Grp./Factoring, Inc.*, 67 F.3d 1063, 1071-72 (2d Cir. 1995)). Here, an award of prejudgment interest is warranted to fully and fairly compensate Plaintiffs and members of the Trial Class for their losses because they have been deprived of the use of their funds (in the amounts of their respective damages) for nearly four years as a result of Palaschuk's fraud. In addition, an award of prejudgment interest at the 9% New York statutory rate, *see* N.Y. CPLR § 5004 (McKinney 2014), is appropriate.

## II.  PREJUDGMENT INTEREST SHOULD BE AWARDED

"Prejudgment interest serves to compensate for the loss of use of money due as damages from the time the claim accrues until judgment is entered, thereby achieving full compensation for the injury those damages are intended to redress." *W. Virginia v. United States*, 479 U.S. 305, 311 n.2 (1987). Thus, "prejudgment interest is an element of [the plaintiff's] complete compensation." *Jones v. UNUM Life Ins. Co. of Am.*, 223 F.3d 130, 139 (2d Cir. 2000) (citations omitted). In determining whether an award of prejudgment interest is appropriate, courts in the Second Circuit have considered the following factors: "(i) the need to fully compensate the wronged party for actual damages suffered, (ii) considerations of fairness and the relative equities of the award, (iii) the remedial purpose of the statute involved, and/or (iv) such other general principles as are deemed relevant by the court." *In re Vivendi Universal, S.A. Sec. Litig.*, 284 F.R.D. 144, 162 (S.D.N.Y. 2010) (citing *First Jersey*, 101 F.3d at 1476 (internal citations omitted)).

### A.  Full Compensation

"The essential rationale for awarding prejudgment interest is to ensure that an injured party is fully compensated for its loss." *City of Milwaukee v. Cement Div., Nat'l Gypsum Co.*,

515 U.S. 189, 195 (1995); *see also Vivendi*, 284 F.R.D. at 162 ("Plaintiffs have been deprived of the use of their funds for nearly ten years, and prejudgment interest is necessary to fully compensate them for their loss."). "[I]f a defendant has deprived the plaintiff of a specific sum of money, he has also deprived the plaintiff of the interest which the money would have earned in the absence of defendant's breach . . . ; unless the plaintiff is paid interest for the entire time that he is deprived of the use of his money, he will not receive full compensation." *Myron v. Chicoine*, 678 F.2d 727, 734 (7th Cir. 1982); *see also de Kwiatkowski v. Bear, Stearns & Co. Inc.*, No. 96 CIV. 4798, 2000 WL 729118, at *3 (S.D.N.Y. June 2, 2000) ("Full use of that personal property [of which he was deprived through defendant's action] would have entitled plaintiff to the interest he presumably would have earned had he had full possession of it.").

Here, absent an award of prejudgment interest, Plaintiffs and the Trial Class would not be fully compensated for losses that the jury found were caused by Palaschuk's fraud. In addition to the damages awarded by the jury, in order to be made whole, Plaintiffs and the Trial Class should be compensated for the loss of the use of their money during the time between the date their claims accrued at the end of the Trial Class Period, i.e., May 17, 2011, and the entry of final judgment. An award of prejudgment interest will serve to fully and fairly compensate Plaintiffs and the Trial Class for the interest that they could have otherwise earned on the money that they lost due to Palaschuk's fraud.

  **B.** **Considerations of Fairness and Relative Equities**

In considering the fairness and relative equities of a prejudgment interest award, courts have ruled that such factors as: (i) "the personal wrongdoing of a defendant," *SEC v. Musella*, 748 F. Supp. 1028, 1042-43 (S.D.N.Y. 1989), *aff'd,* 898 F. 2d 138 (2d Cir. 1990) (citing *Norte & Co.*, 416 F.2d at 1191; *SEC v. Tome*, 638 F. Supp. 638, 639 (S.D.N.Y. 1986), *aff'd*, 833 F.2d 1086 (2d Cir. 1987)); and (ii) any dilatory tactics on the part of the plaintiff," *Rolf v. Blyth,*

3

*Eastman Dillon & Co.*, 637 F.2d 77, 87 (2d Cir. 1980), should be considered.  Thus, "[i]n the context of Section 10(b) and Rule 10b-5 actions, proof of *scienter* is sufficient to justify an award of prejudgment interest."  *Musella*, 748 F. Supp. at 1043.  Here, the jury found that Palaschuk acted with scienter.  *See* 11/21/14 Trial Tr. at 574-575 (jury foreperson stating that jury found Palaschuk acted recklessly in making all eight of the challenged statements).  Moreover, Plaintiffs did not delay in advancing the action to trial.  *See Rolf*, 637 F.2d at 87 (award of prejudgment interest appropriate where "there was no evidence of dilatory tactics on the part of the plaintiff").  Thus, an award of prejudgment interest is both fair and equitable.

      C.      **Remedial Purposes**

Courts in the Second Circuit often have recognized the remedial purpose of the federal securities laws, particularly Section 10(b).  *See, e.g.*, *First Jersey*, 101 F.3d at 1466 (acknowledging "remedial purposes" Section 10(b) and Rule 10b-5); *In re Parmalat Sec. Litig.*, 376 F. Supp. 2d 472, 501 (S.D.N.Y. 2005) (same); *In re Livent, Inc. Noteholders Sec. Litig.*, 360 F. Supp. 2d 568, 573 (S.D.N.Y. 2005) ("There is thus no reason to deny Plaintiffs prejudgment interest based on the nature of the [Securities Act] statute involved in the suit.").  In fact, the Private Securities Litigation Reform Act itself contemplates an award of prejudgment interest in discussing the calculation of attorneys' fees.  *See* 25 U.S.C. § 78u-4(a)(6) ("Total attorneys' fees and expenses awarded by the court to counsel for the plaintiff class shall not exceed a reasonable percentage of the amount of *any damages and prejudgment interest* actually paid to the class.") (emphasis added).  Because the jury found Palaschuk guilty of violating the federal securities laws, both the remedial purpose of these laws and the specific contemplation of prejudgment interest in the applicable statutory provision weigh in favor of an award of prejudgment interest.

As shown above, each of the relevant factors supports an award of prejudgment interest to Plaintiffs and the Trial Class.

### III. PREJUDGMENT INTEREST SHOULD BE CALCULATED STARTING ON MAY 17, 2011 AT THE NEW YORK STATUTORY RATE

The prejudgment interest award should be calculated starting on May 17, 2011, the last day of the Trial Class Period, because that is the date upon which damages accrued. Calculating prejudgment interest based on the last day of the class period has been held to be fair and appropriate. *United States v. Seaboard Sur. Co.*, 817 F.2d 956, 966-67 (2d Cir. 1982); *see also Vivendi*, 284 F.R.D. at 164 (awarding prejudgment interest starting on the last day of the class period). Moreover, prejudgment interest should accrue until the entry of final judgment, at which point post-judgment interest would begin to accrue. *See In re Refco Inc. Sec. Litig.*, No. 07-MD-1902, 2014 WL 2514719, at *4 (S.D.N.Y. May 2, 2014) ("prejudgment interest should continue to accrue . . . until the date judgment is entered"); *Donoghue v. MIRACOR Diagnostics, Inc.*, No. 00 CIV 6696, 2002 WL 233188, at *4 (S.D.N.Y. Feb. 11, 2002) (prejudgment interest accrues "until the date judgment is entered").

The rate of prejudgment interest to be awarded is within a district court's discretion. *See First Jersey*, 101 F.3d at 1476 ("the rate used if such [prejudgment] interest is granted [is] confided to the district court's broad discretion . . ."). In addition, "the same considerations that inform the court's decision whether or not to award interest at all should inform the court's choice of interest rate." *Vivendi*, 284 F.R.D. at 162 (quoting *Jones v. UNUM Life Ins. Co. of Am.,* 223 F.3d 130, 139 (2d Cir. 2000)).

"A district court sitting in New York may use the rate of interest used to calculate prejudgment interest under New York law in calculating prejudgment interest in federal securities law cases." *Musella*, 748 F. Supp. at 1043; *Donoghue* 2002 WL 233188, at *4 (same); *see also Livent*, 360 F. Supp. 2d at 572 (awarding prejudgment interest at N.Y. CPLR § 5004 9% rate in Section 11 class action); *Schneider v. Lilaboc, LLC*, No. 12-cv-5818, 2013 WL 563029, at

5

*1-2 (S.D.N.Y. Feb. 14, 2013) (granting default judgment in individual action asserting Rule 10b-5 claims and various state law claims after defendants failed to appear and awarding prejudgment interest at the 9% N.Y. CPLR rate); *In re Crazy Eddie Sec. Litig.*, 948 F. Supp. 1154, 1167 (E.D.N.Y. 1996) ("Whether pre-judgment interest is awarded under federal or state law, federal courts have ordinarily looked to state law in determining the appropriate interest rate."). Indeed, the Court already has applied the 9% New York statutory rate of prejudgment interest in this Action when it granted Plaintiffs' motion for default judgment against Longtop and Lin. *See supra* n.2. The same rate should be applied in calculating the prejudgment interest award for the judgment against Palaschuk.

In the alternative, prejudgment interest should be calculated according to the average annual rate of return on one-year Treasury bills. *See, e.g.*, *Vivendi*, 284 F.R.D. at 164 (awarding "prejudgment interest based on the yield of a one-year treasury note compounded annually"); *Liberty Media Corp. v. Vivendi Universal, S.A.*, No. 03-cv-2175, 2013 WL 105776, at *4 (S.D.N.Y. Jan. 9, 2013) (awarding prejudgment interest at one-year T-bill rate, compounded annually); *see also Sec. Ins. Co. of Hartford v. Old Dominion Freight Line, Inc.*, 314 F. Supp. 2d 201, 205 (S.D.N.Y. 2003) (awarding prejudgment interest at one-year T-bill rate).

## IV.   CONCLUSION

For the foregoing reasons, Plaintiffs respectfully submit that the Court should award prejudgment interest at the New York statutory rate of 9% from May 17, 2011 to the date of entry of final judgment.

Dated: February 6, 2015                              KESSLER TOPAZ MELTZER & CHECK, LLP

                                                     _____
                                                     GREGORY M. CASTALDO
                                                     KIMBERLY A. JUSTICE
                                                     MICHELLE M. NEWCOMER
                                                     RICHARD A. RUSSO, JR.
                                                     MARGARET E. ONASCH
                                                     280 King of Prussia Road
                                                     Radnor, PA 19087
                                                     (610) 667-7706
                                                     (610) 667-7056 (Fax)

                                                     *Lead Counsel on Behalf of Lead Plaintiffs and the Class*

                                                     GRANT & EISENHOFER, P.A.
                                                     DANIEL L. BERGER
                                                     JEFF A. ALMEIDA
                                                     485 Lexington Avenue
                                                     29th Floor
                                                     New York, NY 10017
                                                     (646) 722-8500
                                                     (646) 722-8501 (Fax)

                                                     *Local Counsel on Behalf of Lead Plaintiffs and the Class*

# **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on February 6, 2015, I electronically filed the foregoing Plaintiffs' Notice Of Motion And Motion For Entry Of An Award Of Prejudgment Interest; Plaintiffs' Memorandum Of Law In Support Of Motion For Award Of Prejudgment Interest; Plaintiffs' Notice Of Motion And Motion For Approval Of Proposed Notice And Claims Administration And Allocation Of The Costs Thereof; Plaintiffs' Memorandum Of Law In Support Of Motion For Approval Of Proposed Notice And Claims Administration And The Allocation Of The Costs Thereof; and Declaration of Kimberly A. Justice in Support of Plaintiffs' Notice of Motion for Approval of Proposed Notice and Claims Administration and the Allocation of the Costs Thereof and Exhibits thereto, with the Clerk of Court using the CM/ECF system which will send a notice of electronic filing to all counsel of record who have consented to electronic notification.

                                                                          */s/Kimberly A. Justice*
                                                                          Kimberly A. Justice