USDC SDNY
DOCUMENT EXHIBIT A
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 6/23/15

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| IN RE LONGTOP FINANCIAL TECHNOLOGIES LIMITED SECURITIES LITIGATION | Civil Action No. 11-cv-3658-SAS |

[PROPOSED] ORDER PRELIMINARILY APPROVING SETTLEMENT
AND DIRECTING NOTICE TO THE CLASS

WHEREAS, a consolidated securities action is pending in this Court entitled *In re Longtop Financial Technologies Limited Securities Litigation*, Civil Action No. 11-cv-3658-SAS (S.D.N.Y.) (the "Action");

WHEREAS, pursuant to Memorandum Opinion and Order dated July 10, 2013 (ECF No. 157), the Court certified a class comprised of all persons and entities who purchased or otherwise acquired Longtop Financial Technologies Limited ("Longtop") American Depositary Shares ("ADSs") during the period from February 21, 2008 through May 17, 2011, inclusive and were damaged thereby;[1]

WHEREAS, pursuant to the Court's Order Approving Notice and Summary Notice of Pendency of Class Action dated July 29, 2014 (ECF No. 207), the Notice of Pendency of Class Action (the "Class Notice") was mailed to potential members of the Class to notify them of, among other things: (i) the pending Action and the Court's certification of the Action to proceed as a class action on behalf of the Court-certified Class; (ii) the default judgment entered against Longtop and Wai Chau Lin a/k/a Lin Weizhou; and (iii) the jury trial scheduled for November 2014 against defendant Derek Palaschuk. The Class Notice also provided members of the Class

---

[1] Excluded from the Class are the Defendants, present or former executive officers of Longtop, present or former members of Longtop's Board of Directors, and their immediate family members (as defined in 17 C.F.R. § 229.404, Instructions). Also excluded from the Class are any Persons who previously submitted a request for exclusion as set forth on Appendix 1 to the Stipulation.

with the opportunity to request exclusion from the Class and set forth the procedure for doing so; and three (3) requests for exclusion were received pursuant to the Class Notice;

WHEREAS, on November 18, 2014 a trial commenced against Palaschuk, whereby Lead Plaintiffs pursued claims based on Palaschuk's alleged misrepresentations during the period February 10, 2010 through May 17, 2011 (the "Trial Class Period").[2] On November 21, 2014, the jury rendered a verdict on liability in favor of the Trial Class and, on November 24, 2014, the jury rendered a verdict on damages, apportioning responsibility for its total damages award amongst defendants as follows: 49% to Longtop; 50% to Lin; and 1% to Palaschuk;

WHEREAS, on June 18, 2015, while post-trial briefing was pending before the Court, plaintiffs Danske Invest Management A/S and Pension Fund of Local No. One, I.A.T.S.E. (together, the "Class Representatives" or "Lead Plaintiffs"), on behalf of themselves and the Class, and defendant Derek Palaschuk ("Palaschuk" or the "Settling Defendant" and, together with the Class Representatives, the "Settling Parties") in the Action, by and through their respective counsel, entered into a Stipulation and Agreement of Settlement (the "Stipulation") which is subject to review under Rule 23 of the Federal Rules of Civil Procedure and which, together with the exhibits thereto, sets forth the terms and conditions for the proposed settlement of the claims alleged in the Action against the Settling Defendant; and

WHEREAS, upon consent of the Settling Parties, after review and consideration of the Stipulation filed with the Court and the exhibits annexed thereto, and after due deliberation,

IT IS HEREBY ORDERED that:

1.  The Court, for purposes of this order (the "Preliminary Approval Order"), adopts all defined terms as set forth in the Stipulation.

---

[2] Accordingly, pursuant to the proposed settlement, only those Class Members who purchased or otherwise acquired Longtop ADS during the Trial Class Period (the "Trial Class" or "Trial Class Members") will be potentially eligible to share in the Settlement.

2

Case 1:11-cv-03658-VEC Document 293 Filed 06/23/15 Page 3 of 12
Case 1:11-cv-03658-SAS Document 292-1 Filed 06/19/15 Page 4 of 13
EXHIBIT A

2. Lead Counsel are authorized to act on behalf of the Class with respect to all acts required by, or which may be undertaken pursuant to, the Stipulation or such other acts that are reasonably necessary to consummate the proposed Settlement set forth in the Stipulation.

**Preliminary Approval of Proposed Settlement**

3. The Court preliminarily approves the proposed Settlement of the Action as set forth in the Stipulation, subject to the right of any Class Member to challenge the fairness, reasonableness, and adequacy of the Settlement or the Stipulation, and to show cause, if any exists, why a final judgment dismissing the Action based on the Stipulation should not be ordered herein after due and adequate notice to the Class has been given in conformity with this Order.

**Mailing and Publication of Notice to the Class**

4. Lead Counsel is hereby authorized to retain The Garden City Group, Inc. ("GCG") as the Claims Administrator in connection with the Settlement to supervise and administer the notice procedure in connection with the proposed Settlement as well as the processing of Proofs of Claim as more fully set forth below.

5. The Claims Administrator shall make reasonable efforts to identify all Persons who are members of the Class. Within twenty (20) calendar days after the entry of this Order, the Claims Administrator shall cause a copy of the Notice and the Proof of Claim, substantially in the forms of Exhibits A(1) and A(2) to the Stipulation, to be mailed by first class mail, postage pre-paid, to all members of the Class identified in connection with the Class Notice mailing, at their last known address (the "Notice Date").

6. Pursuant to the Notice, if you purchased or otherwise acquired Longtop ADSs during the period from February 21, 2008 through May 17, 2011, inclusive, for the beneficial interest of any person or entity other than yourself, you shall, within seven (7) calendar days of

3

EXHIBIT A

your receipt of the Notice, either: (i) provide a list of the names and last known addresses of such beneficial purchasers to the Claims Administrator, IF YOU HAVE NOT ALREADY PROVIDED SUCH NAMES AND ADDRESSES IN RESPONSE TO THE CLASS NOTICE MAILED IN 2014; or (ii) forward copies of the Notice and Proof of Claim to each such beneficial purchaser and provide GCG with written confirmation that these documents have been so forwarded. If you previously elected to mail the Class Notice directly to beneficial purchasers, the Claims Administrator will forward the same number of the Notice and Proof of Claim to you to send to such beneficial purchasers. Upon full compliance with these directions, you may seek reimbursement of your reasonable expenses actually incurred, by providing the Claims Administrator with proper documentation supporting the expenses for which reimbursement is sought.

7. Contemporaneously with the mailing of the Notice and Proof of Claim, the Claims Administrator shall cause copies of the Notice and Proof of Claim to be posted on the website, www.longtopclassaction.com, from which Class Members may download copies of the Notice and Proof of Claim.

8. Within ten (10) calendar days of the Notice Date, the Claims Administrator shall cause the publication of the Summary Notice, substantially in the form of Exhibit A(3) to the Stipulation, once in *Investor's Business Daily* and *The Wall Street Journal* and once over the *PRNewswire*.

9. Lead Counsel shall file with the Court and serve upon Settling Defendant's Counsel no later than ten (10) calendar days prior to the Settlement Fairness Hearing an affidavit or declaration showing that the mailing and publication have been made in accordance with this Order.

Case 1:11-cv-03658-VEC Document 293 Filed 06/23/15 Page 5 of 12
Case 1:11-cv-03658-SAS Document 292-1 Filed 06/19/15 Page 6 of 13
EXHIBIT A

10. No later than ten (10) days after the submission of the Stipulation to the Court, the Settling Defendant shall have served notice pursuant to the Class Action Fairness Act of 2005 ("CAFA Notice") on the State and Federal officials as required by 28 U.S.C. § 1715(b). Not later than ten (10) calendar days before the Settlement Fairness Hearing, the Settling Defendant shall file with the Court an affidavit or declaration showing timely compliance with this CAFA Notice directive.

11. The Court: (i) approves the form and content of the Notice, the Proof of Claim, and the Summary Notice, attached to the Stipulation as Exhibits A(1), A(2), and A(3), respectively, and the method set forth herein of notifying the Class of the Settlement and its terms and conditions, and (ii) finds that the mailing and distribution of the Notice and Proof of Claim and the publication of the Summary Notice in the manner and form set forth above meet the requirements of Rule 23 of the Federal Rules of Civil Procedure, Section 21D(a)(7) of the Securities Exchange Act of 1934, as amended, 15 U.S.C. § 78u-4(a)(7), including by the Private Securities Litigation Reform Act of 1995 (the "PSLRA"), and due process, constitute the best notice practicable under the circumstances, and shall constitute due and sufficient notice to all Persons entitled thereto.

### Settlement Fairness Hearing and Right to Be Heard

12. Pursuant to FED. R. CIV. P. 23(e), a hearing (the "Settlement Fairness Hearing") shall be held on Oct. 13, 2015, at 2:30 p.m., in the United States District Court for the Southern District of New York, the Honorable Shira A. Scheindlin presiding, for the following purposes:

    a. to determine whether the Settlement should be approved by the Court as fair, reasonable, adequate, and in the best interests of the Class;

b. to determine whether the Plan of Allocation for the proceeds of the Settlement should be approved by the Court as fair and reasonable;

c. to determine whether the Order and Final Judgment should be entered pursuant to the Stipulation, *inter alia*, dismissing the Action against the Settling Defendant with prejudice and extinguishing and releasing all Settled Claims (as defined in the Stipulation);

d. to consider Lead Counsel's application for reimbursement of Litigation Expenses (as defined in the Stipulation);

e. to consider Lead Plaintiffs' application for reimbursement of costs and expenses (including lost wages) in connection with their representation of the Class; and

f. to rule on such other matters as the Court may deem appropriate.

13. The Court reserves the right to adjourn the Settlement Fairness Hearing or any adjournment thereof, including the consideration of the application for attorneys' fees and reimbursement of Litigation Expenses or to change the location thereof, without further notice of any kind to Class Members.

14. The Court reserves the right to approve the Settlement at or after the Settlement Fairness Hearing with such modification to the Stipulation as may be consented to by the Settling Parties and without further notice to the Class.

15. Any member of the Class may appear at the Settlement Fairness Hearing and show cause why the proposed Settlement embodied in the Stipulation should or should not be approved as fair, reasonable and adequate, or why the Judgment should or should not be entered thereon, and/or to present opposition to the Plan of Allocation or to the applications of Lead Counsel and Lead Plaintiffs for reimbursement of Litigation Expenses. However, no Class Member or any other Person shall be heard or entitled to contest the approval of the terms and conditions of the Settlement, or, if approved, the Judgment to be entered thereon approving the

EXHIBIT A

same, or the terms of the Plan of Allocation or the applications by Lead Counsel and Lead Plaintiffs for reimbursement of Litigation Expenses, unless, no later than twenty-one (21) calendar days prior to the Settlement Fairness Hearing, the Class Member files with the Court and serves on counsel (listed below) a written statement of objection to the Settlement, the Plan of Allocation, and/or the application for reimbursement of expenses. Any member of the Class who timely objects to the Settlement, the Plan of Allocation, and/or the applications for reimbursement of expenses, or who otherwise wishes to be heard, may appear in person or by his, her, or its attorney, at his, her, or its own expense, at the Settlement Fairness Hearing and present evidence or argument that may be proper or relevant; *provided, however*, that no Person other than the Settling Parties and their counsel shall be heard, and no papers, briefs, pleadings, or other documents submitted by any Person shall be considered by the Court, unless within twenty-one (21) calendar days prior to the Settlement Fairness Hearing, such Person files with the Court and serves upon counsel listed below: (i) a statement of such Person's objections to any matters before the Court concerning this Settlement; (ii) the grounds therefor or the reasons that such Person desires to appear and be heard, as well as all documents or writings such Person desires the Court to consider; (iii) whether that Person intends to present any witnesses; and (iv) proof of the Person's membership in the Class, which proof shall include the Person's purchases and acquisitions of Longtop ADSs during the Class Period and any sales thereof, including the dates, the number of ADSs and price(s) paid and received for each such purchase, acquisition and sale. Such filings shall be served upon the Court and each of the following counsel:

***Lead Counsel for Class Representatives and the Class:***

Gregory M. Castaldo, Esq.
Kimberly A. Justice, Esq.
KESSLER TOPAZ
MELTZER & CHECK, LLP
280 King of Prussia Road
Radnor, PA 19087

7

*Counsel for the Settling Defendant*:

John F. Sylvia, Esq.
MINTZ LEVIN COHN FERRIS
GLOVSKY AND POPEO, P.C.
666 Third Avenue
New York, NY 10017

**Participation in the Settlement**

16. Pursuant to the Settlement, only Trial Class Members (i.e., those Class Members who purchased or otherwise acquired Longtop ADS during the period February 10, 2010 through May 17, 2011)[3] will be potentially eligible to share in the Settlement. Trial Class Members who wish to participate in the Settlement and to be eligible to receive a distribution from the Net Settlement Fund must complete and submit a Proof of Claim in accordance with the instructions contained therein. Unless the Court orders otherwise, all Proofs of Claim must be postmarked no later than one hundred and twenty (120) calendar days after the Notice Date. Notwithstanding the foregoing, Lead Counsel may, at its discretion, accept for processing late Claims provided such acceptance does not delay the distribution of the Net Settlement Fund to the Trial Class. By submitting a Claim, a Person shall be deemed to have submitted to the jurisdiction of the Court with respect to his, her or its Claim and the subject matter of the Settlement.

17. Any Class Member who does not timely submit a valid Proof of Claim, shall not be eligible to share in the Settlement Fund, unless otherwise ordered by the Court, but will otherwise be bound by all of the terms of the Stipulation and Settlement, including the terms of the Judgment to be entered in the Action and the releases provided for therein.

---

[3] At trial Lead Plaintiffs pursued claims based on Palaschuk's alleged misrepresentations during the period February 10, 2010 through May 17, 2011 (i.e., the "Trial Class Period"). At trial, a jury found Palaschuk liable for violating Section 10(b) of the Securities Exchange Act of 1934 during this portion of the certified Class Period.

8

EXHIBIT A

**Opting-Back Into the Class**

18. Any Person that previously submitted a request for exclusion in connection with the Class Notice as set forth in Appendix 1 to the Stipulation, may elect to opt-back into the Class. By opting back into the Class, such Person, subject to the requirement applicable to all Persons that he, she or it establish membership in the Trial Class, shall be eligible to receive a payment from the Net Settlement Fund. Any Person set forth on Appendix 1 to the Stipulation who wishes to opt-back into the Class must either, individually or through counsel, request to opt-back into the Class in writing within the time and in the manner set forth in the Notice, which provides that any such request to opt-back into the Class must be mailed or delivered such that it is received no later than twenty-one (21) calendar days prior to the Settlement Fairness Hearing, to the Claims Administrator at the address set forth in the Notice. Each request to opt-back into the Class must: (i) state the name, address and telephone number of the person or entity requesting to opt-back into the Class; (ii) state that such person or entity "requests to opt-back into the Class in the *In re Longtop Financial Technologies Limited Securities Litigation*, Civil Action No. 11-cv-3658-SAS"; and (iii) be signed by the person or entity requesting to opt-back into the Class or an authorized representative. A Person may not opt-back into the Class for the purpose of objecting to any aspect of the Settlement, the Plan of Allocation, or Lead Counsel's and Lead Plaintiffs' requests for reimbursement of Litigation Expenses.

19. Any Person that previously submitted a request for exclusion from the Class as set forth on Appendix 1 to the Stipulation and that does not opt-back into the Class in accordance with the requirements set forth in this Order and the Notice, shall remain excluded from the Class; such Person shall not be a Class Member, shall not be bound by the terms of the Settlement or the Stipulation, or of any other orders or judgments in the Action, and shall have no right to receive any payment out of the Net Settlement Fund.

### No Second Opportunity to Request Exclusion from the Class

20. In light of the extensive notice program undertaken in connection with class certification and the ample opportunity provided to Class Members to request exclusion from the Class at that time, the Court is exercising its discretion in accordance with Second Circuit precedent (*see, e.g., Denney v. Deutsche Bank AG*, 443 F.3d 253, 271 (2d Cir. 2006) and *Wal-Mart Stores, Inc. v. Visa U.S.A., Inc.*, 396 F.3d 96, 114-15 (2d Cir. 2005)) to preclude Class Members from having a second opportunity to exclude themselves from the Class in connection with the Settlement proceedings.

### Stay of Proceedings

21. All proceedings in the Action, other than such proceedings as may be necessary to carry out the terms and conditions of the Settlement, are hereby stayed and suspended until further order of this Court. Pending final determination whether the Settlement should be approved, the Class Representatives and all members of the Class are barred and enjoined from commencing, prosecuting, continuing, or asserting any action with regards to any of the Settled Claims against the Released Parties as defined in the Stipulation.

### Settlement Administration Fees and Expenses

22. The Court authorizes payment out of the Settlement Fund of Notice and Administration Costs in accordance with the Stipulation.

### The Settlement Fund

23. The contents of the Settlement Fund held by the Escrow Agent shall be deemed and considered to be in *custodia legis* of the Court, and shall remain subject to the jurisdiction of the Court, until such time as the contents of those funds shall be distributed pursuant to the Stipulation and/or further order(s) of the Court.

24. The Claims Administrator or the Escrow Agent is authorized and directed to prepare any tax returns and any other tax reporting for or in respect of the Settlement Fund and to

pay from the Settlement Fund any Taxes owed with respect to the Settlement Fund, and to otherwise perform all obligations with respect to Taxes and any reporting or filings in respect thereof as contemplated by the Stipulation, without further order of the Court.

25. The passage of title and ownership of the Settlement Fund to the Escrow Agent in accordance with the terms of the Stipulation is approved. No Person that is not a Class Member shall have any right to any portion of, or in the distribution of, the Net Settlement Fund unless otherwise ordered by the Court or otherwise provided in the Stipulation.

### Supporting Papers

26. All motions and papers in support of the Settlement and Plan of Allocation, and any application by Lead Counsel and Lead Plaintiffs for reimbursement of expenses, shall be filed and served no later than thirty-five (35) calendar days before the date scheduled for the Settlement Fairness Hearing, and all reply briefs in support of said motions shall be filed and served no later than ten (10) calendar days prior to the Settlement Fairness Hearing.

### Termination and Other Provisions

27. If the Settlement, including any amendment made in accordance with the Stipulation, is not approved by the Court or shall not become effective for any reason whatsoever, the Settlement (including any modification thereof) made with the consent of the Settling Parties as provided for in the Stipulation, and any actions taken or to be taken in connection therewith (including this Order and any judgment entered herein), shall be terminated and shall become void and of no further force and effect except as set forth in the Stipulation.

28. The Stipulation and all negotiations, statements, and proceedings in connection therewith shall not, in any event, be construed or deemed to be evidence of an admission or concession on the part of the Class Representatives, the Settling Defendant, any member of the Class, or any other Person, of any liability or wrongdoing of any nature by them, or any of them,

11

and shall not be offered or received in evidence in any action or proceeding (except an action to enforce this Stipulation and Settlement contemplated hereby), or be used in any way as an admission, concession, or evidence of any liability or wrongdoing of any nature, and shall not be construed as, or deemed to be evidence of, an admission or concession that the Class Representatives, any member of the Class, or any other Person, has or has not suffered any damage.

29. No Released Parties shall be liable or obligated to pay any fees, expenses, costs or disbursements to, or incur any expense on behalf of, any person or entity (including, without limitation, the Class Representatives and Lead Counsel), directly or indirectly, in connection with the Action or the Settlement, except as expressly provided for in the Settlement.

30. The Court retains jurisdiction over this Action to consider all further matters arising out of or connected with the Settlement reflected in the Stipulation, including enforcement of the releases provided for in the Stipulation.

31. The Court may, for good cause, extend any of the deadlines set forth in this Order without further notice to Class Members.

SIGNED this 23 day of June 2015.

THE HONORABLE SHIRA A. SCHEINDLIN
UNITED STATES DISTRICT JUDGE