**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| IN RE LONGTOP FINANCIAL TECHNOLOGIES LIMITED SECURITIES LITIGATION | Civil Action No. 11-cv-3658-SAS |

**MEMORANDUM OF LAW IN SUPPORT OF CLASS COUNSEL'S MOTION FOR**
<u>**REIMBURSEMENT OF LITIGATION EXPENSES**</u>

Court-appointed Lead Counsel Kessler Topaz Meltzer & Check, LLP ("Class Counsel") respectfully submits this memorandum in support of its motion, pursuant to Rule 23(h) of the Federal Rules of Civil Procedure, for reimbursement of litigation expenses that were reasonably and necessarily incurred by Plaintiffs' Counsel[1] in connection with prosecuting and resolving the above-captioned action ("Action"). Class Counsel also request reimbursement pursuant to the Private Securities Litigation Reform Act of 1995 ("PSLRA") for costs and expenses incurred by the Court-appointed Lead Plaintiffs Danske Invest Management A/S ("Danske") and Pension Fund of Local No. One, I.A.T.S.E. ("Local One" and together with Danske, "Lead Plaintiffs"), in connection with their representation of the Class.[2]

## I.     PRELIMINARY STATEMENT

The settlement of this Action with defendant Derek Palaschuk ("Palaschuk") for $2,300,000.00 represents a substantial result for the Class. This recovery was achieved through the skill, tenacity and effective advocacy of Plaintiffs' Counsel, who vigorously litigated this Action for four years culminating in a jury trial against highly skilled defense counsel. Although Plaintiffs' Counsel's expenses amount to $767,038.23, Class Counsel is seeking partial reimbursement of these expenses in the amount of $500,000.00. Class Counsel also requests

---

[1] The term "Plaintiffs' Counsel" refers collectively and solely to Class Counsel and court-appointed Liaison Counsel, Grant & Eisenhofer P.A. ("G&E").

[2] Class Counsel is simultaneously submitting the Declaration of Gregory M. Castaldo in Support of (I) Lead Plaintiffs' Motion for Final Approval of Class Action Settlement and Approval of Plan of Allocation and (II) Class Counsel's Motion for Reimbursement of Litigation Expenses (the "Castaldo Declaration" or "Castaldo Decl."). The Court is respectfully referred to the Castaldo Declaration for a detailed description of, *inter alia*, the history of the Action; the nature of the claims asserted; the negotiations leading to the Settlement; the value of the Settlement to the Class, as compared to the risks and uncertainties of continued litigation; and a description of the extensive efforts undertaken by Plaintiffs' Counsel on behalf of the Class. Unless otherwise noted, capitalized terms used herein have the meanings set forth in the Castaldo Declaration and in the Stipulation and Agreement of Settlement dated June 18, 2015 (the "Stipulation") (ECF No. 294). Unless otherwise noted, all emphasis is added and internal citations and footnotes are omitted.

reimbursement to Lead Plaintiffs for costs and expenses incurred in connection with services performed on behalf of the Class in the aggregate amount of $11,673.20.

As detailed in the Castaldo Declaration, the Settlement was reached after nearly four years of intense litigation, including a jury verdict against Palaschuk on both liability and damages.  In reaching this point in the litigation, Class Counsel undertook extensive efforts and devoted substantial resources to investigating, prosecuting and resolving Lead Plaintiffs' claims.  These efforts included, among other things:  (i) conducting an extensive investigation into the claims against Palaschuk; (ii) drafting a detailed amended complaint; (iii) successfully opposing Palaschuk's motion to dismiss; (iv) obtaining certification of the Class; (v) engaging in discovery and reviewing over 3 million pages of documents produced by Palaschuk, including a large number of Chinese language documents; (vi) engaging in expert discovery and *Daubert* challenges; (vii) successfully opposing Palaschuk's motion for summary judgment; (viii) preparing for trial; (ix) obtaining jury verdicts on liability and damages in favor of Lead Plaintiffs and the Trial Class;[3] and (x) successfully negotiating the Settlement.  Castaldo Decl., ¶¶ 15-41.

The Settlement with Palaschuk is a particularly favorable result when considered in light of the substantial risk of appeal Lead Plaintiffs faced if the Action had continued as well as the risk that Palaschuk would assert challenges to the validity of individual Trial Class Member claims on the basis of reliance, creating a contested, protracted and costly post-verdict claims administration process that could ultimately result in the reduction or elimination of a Trial Class Member's right to recovery.  *See* Castaldo Decl., ¶¶ 5, 44-48, 51.  Pursuant to the Court's June

---

[3] The "Trial Class" consists of all persons and entities who purchased or otherwise acquired Longtop ADSs during the period February 10, 2010 through May 17, 2011, inclusive (the "Trial Class Period"), and were damaged thereby.

23, 2015 Order Preliminarily Approving Settlement and Directing Notice to the Class (ECF No. 293) (the "Preliminary Approval Order"), more than 85,000 copies of the Claim Packet have been mailed to potential Class Members and nominees, and the Summary Notice was published once in the national edition of *The Wall Street Journal* and *Investor's Business Daily*, and transmitted over *PR Newswire*. *See* Affidavit of Jose C. Fraga Regarding (A) Mailing of the Notice and Proof of Claim Form; (B) Publication of the Summary Notice; and (C) Requests to Opt-Back Into the Class Received to Date (the "GCG Aff."), at ¶¶ 10-11, attached as Ex. 1 to the Castaldo Declaration. The Notice, which is also available on the settlement website at http://www.longtopclassaction.com, advises potential Class Members that Class Counsel would be seeking reimbursement of Litigation Expenses in an amount up to $500,000, as well as reimbursement to Lead Plaintiffs in an amount not to exceed $20,000 in the aggregate. *See* GCG Aff., Ex. A, at pp. 2 and 6.[4] While the deadline set by the Court for Class Members to object to the requested reimbursement of expenses has not yet passed, to date, no objections have been received. *See* Castaldo Decl., ¶ 70.

Class Counsel respectfully requests that the Court approve its application for reimbursement of Litigation Expenses, including reimbursement to Lead Plaintiffs for services performed in connection with their representation of the Class.

**II. PLAINTIFFS' COUNSEL'S EXPENSES WERE REASONABLY INCURRED AND NECESSARY TO THE PROSECUTION AND RESOLUTION OF THE ACTION**

Class Counsel requests reimbursement of litigation expenses that were reasonably incurred by Plaintiffs' Counsel and necessary to the prosecution and resolution of the Action.

---

[4] Plaintiffs' Counsel have expended over 14,000 hours of attorney time to litigate this matter. Castaldo Decl., ¶ 63. Nevertheless, Class Counsel is not seeking an award of attorneys' fees from the Settlement Fund.

These expenses are properly recovered by counsel. *See In re Am. Int'l Grp., Inc. Sec. Litig.*, 293 F.R.D. 459, 467 (S.D.N.Y. 2013) (in a class action, attorneys may be compensated "for reasonable out-of-pocket expenses incurred and customarily charged to their clients, as long as they were 'incidental and necessary to the representation'"); *In re Flag Telecom*, No. 02-CV-3400, 2010 WL 4537550, at *30 (S.D.N.Y. Nov. 8, 2010) ("It is well accepted that counsel who create a common fund are entitled to the reimbursement of expenses that they advanced to a class."). Plaintiffs' Counsel incurred a total of $767,038.23 in Litigation Expenses on behalf of the Class in connection with their efforts against Palaschuk. Castaldo Decl., ¶¶ 64-65.[5] Class Counsel is seeking partial reimbursement of these expenses in the amount of $500,000.00. This request is fair and reasonable.

Of the total expenses incurred by Plaintiffs' Counsel, $177,009.66−or approximately 23%—was used for experts and consultants. Castaldo Decl., ¶ 68. Specifically, Class Counsel retained experts and consultants whose work was critical to the development of the case. During the course of the litigation, these experts and consultants assisted Lead Plaintiffs in preparing the Amended Complaint, analyzing certain discovery, preparing for depositions, opposing Palaschuk's motion for summary judgment, preparing a market efficiency report in support of class certification, analyzing estimated damages in connection with the settlement negotiations and trial, and preparing the proposed Plan of Allocation. *Id*.

Another large component of the expenses—$153,645.96, or approximately 20%—was for an outside vendor to provide the necessary services for electronic database document review

---

[5] In total, Plaintiffs' Counsel incurred $916,418.75 in expenses prosecuting this Action against all Defendants. A breakdown by category of the $767,038.23 in expenses incurred by Plaintiffs' Counsel in connection with their efforts against Palaschuk is set forth in the Castaldo Declaration at ¶¶ 64-65.

that enabled Lead Counsel to efficiently and effectively search, review and perform analytics on the more than 3 million pages of documents produced by Palaschuk.  Castaldo Decl., ¶ 69.

The expenses detailed above as well as the other expenses for which Plaintiffs' Counsel seek reimbursement (i.e., online legal and factual research, court fees, travel expenses and court reporting services, reproduction costs (printing, copying and scanning), facsimile charges, and postage and delivery expenses) are the types of expenses that are necessarily incurred in litigation and routinely charged to clients billed by the hour.[6]  These expense items are billed separately, and such charges are not duplicated in the firm's hourly billing rates.

The Notice advises potential Class Members that Class Counsel would be seeking reimbursement of Litigation Expenses in an amount up to $500,000.00.  As mentioned above, no objections to this reimbursement request have been received to date.  In sum, Class Counsel respectfully submits that the expenses sought here ($500,000.00) (i) were all reasonably and necessarily incurred by Plaintiffs' Counsel; (ii) are of the type customarily reimbursed in securities cases; (iii) amount to approximately half of the total expenses incurred by Plaintiffs' Counsel to prosecute this case against all Defendants; and should thus be approved.

### III. DANSKE AND LOCAL ONE SHOULD BE AWARDED THEIR REASONABLE COSTS AND EXPENSES UNDER 15 U.S.C. §78U-4(A)(4)

In connection with its request for reimbursement of litigation expenses, Class Counsel also seeks an award of $11,673.20 to compensate Lead Plaintiffs for the services they performed

---

[6] *See City of Providence v. Aeropostale, Inc.,* No. 11 Civ. 7132 (CM)(GWG), 2014 WL 1883494, at *19 (S.D.N.Y. May 9, 2014) ("The [] expenses [] attributable to such things as travel for depositions and for mediation, the costs of computerized research, duplicating documents, and other incidental expenses . . . were critical to Lead Plaintiff's success in achieving the proposed Settlement."); *In re Global Crossing Sec. & ERISA Litig.*, 225 F.R.D. 436, 468 (S.D.N.Y. 2004) ("The expenses incurred – which include investigative and expert witnesses, filing fees, service of process, travel, legal research and document production and review – are the type for which 'the paying, arms' length market' reimburses attorneys [and] [f]or this reason, they are properly chargeable to the Settlement fund.").

on behalf of the Class. The PSLRA specifically provides that an "award of reasonable costs and expenses (including lost wages) directly relating to the representation of the class" may be granted to "any representative party serving on behalf of a class." 15 U.S.C. § 78u-4(a)(4). As required and envisioned by the PSLRA, Lead Plaintiffs' claims for reimbursement of costs and expenses are based upon the substantial amount of time devoted to the Action by employees of Lead Plaintiffs. *See* Declaration of Bo Spanding in Support of Danske Invest Management A/S's Request for Compensatory Fee Award ("Spanding Decl.") and Declaration of Scott G. Cool in Support of the Pension Fund of Local No. One, I.A.T.S.E.'s Request for Compensatory Fee Award ("Cool Decl."), attached as Exhibits 2 and 3 to the Castaldo Declaration.[7]

As set forth in the declarations of representatives for Lead Plaintiffs, Lead Plaintiffs have been committed to pursuing the Class's claims against Palaschuk. These large institutions have actively and effectively fulfilled their obligations as representatives of the Class, complying with all of the many demands placed upon them, and providing valuable assistance to Class Counsel throughout the course of this litigation. As part of their oversight of, and participation in, this Action on behalf of the Class, Lead Plaintiffs, among other things: (i) participated in discussions with Class Counsel concerning significant developments in the litigation, including case strategy; (ii) reviewed material pleadings and briefs; (iii) supervised the production of discovery responsive to requests propounded by Palaschuk, including gathering and reviewing documents in response to discovery requests; (iv) monitored the protracted settlement negotiations on behalf of the Class; and (v) in the case of Local One, appeared at trial. *See* Spanding Decl., ¶ 5; Cool Decl., ¶ 5.

---

[7] The hourly rates for which reimbursement is sought are based on the annual salaries of the respective Lead Plaintiff personnel who worked on this Action. *See* Spanding Decl., ¶ 8; Cool Decl., ¶ 8.

The Lead Plaintiffs' declarations further establish that the time dedicated to the Action by their employees was time that these salaried employees could not devote to other work for Lead Plaintiffs and thus, resulted in a tangible cost to the institutional Lead Plaintiffs. As Judge Sweet observed in *In re Gilat Satellite Networks*, *Ltd*., "[s]ince the tasks undertaken by employees of Lead Plaintiffs reduced the amount of time those employees would have spent on other work and these tasks and rates appear reasonable to the furtherance of the litigation, the motion for . . . expenses for Lead Plaintiffs is granted." No. CV-02-1510 (CPS)(SMG), 2007 WL 2743675, at *19 (E.D.N.Y. Sept. 18, 2007). Similarly, in *In re Am. Int'l Grp.*, *Inc. Sec. Litig.*, Judge Batts found that "the request of [lead plaintiffs] OPERS and STRS Ohio for reimbursement of $71,910.00 in lost wages related to their active participation in this action is reasonable," No. 04 Civ. 8141 (DAB), 2012 WL 345509, at *6 (S.D.N.Y. Feb. 2, 2012).[8]

The Notice advises recipients that Lead Plaintiffs may seek reimbursement of their reasonable costs and expenses, not to exceed $20,000.00 in the aggregate. To date, there have been no objections to this specific request. Class Counsel respectfully requests that the Court award $9,100.00 to Danske and $2,573.20 to Local One as compensation for their reasonable costs and expenses incurred in representing the Class. The reimbursement sought by Lead

---

[8] *See also In re Marsh & McLennan Cos., Inc. Sec. Litig.*, No. 04 Civ. 8144 (CM), 2009 WL 5178546, at *21 (S.D.N.Y. Dec. 23, 2009) (awarding $144,657 to the New Jersey Attorney General's Office and $70,000 to certain Ohio pension funds, to compensate them "for their reasonable costs and expenses incurred in managing this litigation and representing the Class" and noting that these efforts were "precisely the types of activities that support awarding reimbursement of expenses to class representatives"); *In re Satyam Computer Servs. Ltd. Sec. Litig.*, No. 09-MD-2027-BSJ, slip. op. at 3-4 (S.D.N.Y. Sept. 13, 2011), ECF No. 365 (awarding an aggregate amount of $195,111 as reimbursement for the costs and expenses of class representatives directly relating to their services in representing the class). *In re Sadia S.A. Sec. Litig.*, No. 08 Civ. 9528 SAS, 2011 WL 6825235, at *4 (S.D.N.Y. Dec. 28, 2011) (awarding class representatives $14,177.50 for reimbursement of costs and expenses reasonably incurred during the course of the litigation).

Plaintiffs is reasonable and fully justified under the PSLRA based on their involvement in the Action and should be granted.

## IV.     CONCLUSION

For the foregoing reasons, Class Counsel respectfully requests that the Court grant its request for (i) reimbursement of $500,000.00 in expenses incurred by Plaintiffs' Counsel in connection with the prosecution and resolution of this Action; and (ii) reimbursement to the Lead Plaintiffs, in the aggregate amount of $11,673.20, for their services performed in connection with their representation of the Class.

Dated:  September 8, 2015                               Respectfully submitted,

                                           KESSLER TOPAZ
                                             MELTZER & CHECK, LLP

                                          */s/Kimberly A. Justice*
                                           GREGORY M. CASTALDO
                                           KIMBERLY A. JUSTICE
                                           MICHELLE M. NEWCOMER
                                           MARGARET E. ONASCH
                                           280 King of Prussia Road
                                           Radnor, PA 19087
                                           (610) 667-7706
                                           (610) 667-7056

                                           ***Class Counsel on Behalf of Lead Plaintiffs and the Class***

                                           GRANT & EISENHOFER, P.A.
                                           DANIEL L. BERGER
                                           JEFF A. ALMEIDA
                                           485 Lexington Avenue, 29th Floor
                                           New York, NY 10017
                                           (646) 722-8500
                                           (646) 722-8501 (Fax)

                                           ***Liaison Counsel on Behalf of Lead Plaintiffs and the Class***