USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 10/13/15

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

IN RE LONGTOP FINANCIAL
TECHNOLOGIES LIMITED SECURITIES
LITIGATION

Civil Action No. 11-cv-3658-SAS

## [PROPOSED] ORDER AND FINAL JUDGMENT
## AS TO DEFENDANT DEREK PALASCHUK

WHEREAS, a consolidated securities action is pending in this Court entitled *In re Longtop Financial Technologies Limited Securities Litigation*, Civil Action No. 11-cv-3658-SAS (S.D.N.Y.) (the "Action");

WHEREAS, this matter came before the Court for hearing pursuant to the Order Preliminarily Approving Settlement and Directing Notice to the Class dated June 23, 2015 (the "Preliminary Approval Order", ECF No. 293), on the application by the Settling Parties for approval of the Settlement set forth in the Stipulation and Agreement of Settlement dated June 18, 2015 (the "Stipulation," ECF No. 294) entered into by plaintiffs Danske Invest Management A/S and Pension Fund of Local No. One, I.A.T.S.E. (together, "Class Representatives" or "Lead Plaintiffs"), on behalf of themselves and the Class (as defined herein), and defendant Derek Palaschuk ("Palaschuk" or the "Settling Defendant"), by and through their respective counsel; and

WHEREAS, due and adequate notice having been given to the Class, which was previously certified by the Court by Memorandum Opinion and Order dated July 10, 2013,[1] as required in the Preliminary Approval Order, and the Court having considered all papers filed and proceedings had herein and otherwise being fully informed and good cause appearing therefor;

---

[1] In its Memorandum Opinion and Order dated July 10, 2013, the Court granted Lead Plaintiffs' motion to certify the Action as a class action and certified a class consisting of all persons and entities who purchased or otherwise acquired Longtop ADSs during the period from February 21, 2008 through May 17, 2011, inclusive, and were damaged thereby (the "Class").

IT IS HEREBY ORDERED, ADJUDGED AND DECREED as follows:

1. This Order and Final Judgment as to Defendant Derek Palaschuk (the "Judgment") incorporates by reference the definitions in the Stipulation and all terms used herein shall have the same meanings as set forth in the Stipulation.

2. This Court has jurisdiction over the subject matter of the Action, and over all parties to the Action, including all members of the Class.

3. The Notice to Class Members of the Proposed $2.3 Million Settlement with Defendant Derek Palaschuk, Settlement Fairness Hearing, and Motion for Reimbursement of Litigation Expense ("Notice") has been given to the Class, pursuant to and in the manner directed by the Preliminary Approval Order, proof of the mailing of the Notice was filed with the Court by Lead Counsel, and a full opportunity to be heard has been offered to all Settling Parties, the Class, and Persons in interest. The form and manner of the Notice is hereby determined to have been the best notice practicable under the circumstances and to have been given in full compliance with each of the requirements of Rule 23 of the Federal Rules of Civil Procedure, Section 21D(a)(7) of the Securities Exchange Act of 1934, as amended, 15 U.S.C. § 78u-4(a)(7), including by the Private Securities Litigation Reform Act of 1995 (the "PSLRA"), and due process; and it is further determined that all members of the Class are bound by the Judgment herein.[2]

4. Pursuant to Federal Rule of Civil Procedure 23, the Court hereby approves the Settlement set forth in the Stipulation in all respects (including, without limitation, the amount of the Settlement, the releases provided for in the Stipulation, and the dismissal with prejudice of

---

[2] Excluded from the Class are Defendants, present or former executive officers of Longtop, present or former members of Longtop's Board of Directors, and their immediate family members (as defined in 17 C.F.R. § 229.404, Instructions). Also excluded from the Class are any Persons who previously submitted a request for exclusion as set forth on Appendix 1 hereto and who do not opt back into the Class in accordance with the requirements set forth in the Notice.

claims against the Settling Defendant) and finds that the Settlement is, in all respects, fair, reasonable and adequate to Lead Plaintiffs and the Class. The Court further finds that the Settlement set forth in the Stipulation is the result of arms'-length negotiations between experienced counsel representing the interests of the Settling Parties. Accordingly, the Settling Parties are hereby authorized and directed to comply with and to consummate the Settlement in accordance with its terms and provisions.

5. The Action and all claims included therein, as well as all of the Settled Claims (defined in the Stipulation and in Paragraph 6(b) below) are dismissed with prejudice as to the Class Representatives and the other members of the Class, and as against each and all of the Released Parties (defined in the Stipulation and in Paragraph 6(a) below). The Settling Parties are to bear their own costs, except as otherwise provided in the Stipulation.

6. As used in this Judgment, the terms "Released Parties," "Settled Claims," "Released Parties' Claims," and "Unknown Claims" shall have the meanings as provided in the Stipulation, and specified below:

(a) "Released Parties" means the Settling Defendant and all of his past and present agents, associates, attorneys, advisors, spouses, immediate family members, partners, trustees, executors, estates, administrators, subsidiaries, affiliates, predecessors, successors, assigns and insurers.

(b) "Settled Claims" means any and all claims and causes of action of every nature and description, whether known or Unknown Claims (as hereinafter defined), whether arising under federal, state or common law, that Lead Plaintiffs or any other member of the Class: (i) asserted in the Complaints, or (ii) could have asserted in any forum that arise out of or are based upon the allegations, transactions, facts, matters or occurrences, representations, or omissions

involved, set forth, or referred to in the Complaints, the Liability Verdict or the Damages Verdict and that relate to the purchase or other acquisition of Longtop ADS during the Class Period.

(c) "Released Parties' Claims" means any and all claims and causes of action of every nature and description, whether known or Unknown Claims (as hereinafter defined), whether arising under federal, state or common law, that have been or could have been asserted in the Action or any forum by the Released Parties or any of them or the successors and assigns of any of them against Lead Plaintiffs, any Class Member or their attorneys, which arise out of or relate in any way to the institution, prosecution, or settlement of the Action (except for claims to enforce the Settlement).

(d) "Unknown Claims" means any and all Settled Claims that Lead Plaintiffs and/or any member of the Class does not know or suspect to exist in his, her or its favor as of the Effective Date and any Released Parties' Claims that any Released Party does not know or suspect to exist in his, her or its favor as of the Effective Date, which if known by him, her or it might have affected his, her or its decision(s) with respect to the Settlement. With respect to any and all Settled Claims and any Released Parties' Claims, the Settling Parties stipulate and agree that upon the Effective Date, Lead Plaintiffs and the Settling Defendant shall expressly waive, and each member of the Class and Released Party shall be deemed to have waived, and by operation of the Judgment shall expressly have waived, any and all provisions, rights and benefits conferred by any law of any state or territory of the United States or of any other country, or principle of common law or otherwise, which is similar, comparable, or equivalent to California Civil Code § 1542, which provides:

> A general release does not extend to claims which the creditor does not know or suspect to exist in his or her favor at the time of executing the release, which if known by him or her must have materially affected his or her settlement with the debtor.

The Settling Parties acknowledge, and members of the Class and the Released Parties by operation of law shall be deemed to have acknowledged, that the inclusion of "Unknown Claims" in the definition of Settled Claims and Released Parties' Claims was separately bargained for and was a key element of the Settlement.

7. Upon the Effective Date of this Settlement, each Class member shall be deemed by operation of law to have fully, finally and forever released, relinquished, waived, discharged and dismissed each and every Settled Claim against the Released Parties, regardless of whether or not such Class member executes and delivers a Proof of Claim.

8. Upon the Effective Date of the Settlement, the Released Parties shall be deemed by operation of law to have fully, finally and forever released, relinquished, waived, discharged and dismissed each and every one of the Released Parties' Claims against Lead Plaintiffs, and their respective attorneys, and all other Class members.

9. The releases set forth in ¶¶ 7 and 8 above shall not apply to: (i) any Person who previously submitted a request for exclusion as set forth on Appendix 1 hereto and who does not opt back into the Class in accordance with the provisions set forth in the Notice; or (ii) if and only if the Court permits a second opportunity for Class members to request exclusion from the Class, any Person who submits a request for exclusion from the Class in connection with the Notice who does not withdraw his, her or its request for exclusion and whose request is accepted by the Court.

10. The Stipulation and the releases provided for therein and herein do not affect, in any way, (i) the Default Judgment entered by the Court against Longtop and Lin on November 14, 2013 (ECF No. 164); or (ii) any of the claims Lead Plaintiffs and/or the Class have against any Non-Settling Defendants.

11. The Stipulation, whether or not consummated, and any proceedings taken pursuant to it shall not be:

(a) offered or received against the Settling Defendant or against Lead Plaintiffs or any member of the Class as evidence of or construed as or deemed to be evidence of any presumption, concession, or admission by the Settling Defendant or by any of the Lead Plaintiffs or any member of the Class with respect to the truth of any fact alleged by Lead Plaintiffs or the validity of any claim that had been or could have been asserted in the Action or in any litigation, or the deficiency of any defense that has been or could have been asserted in the Action or in any litigation, or of any liability, negligence, fault, or wrongdoing of the Settling Defendant;

(b) offered or received against the Settling Defendant as evidence of a presumption, concession or admission of any fault, misrepresentation or omission with respect to any statement or written document approved or made by the Settling Defendant, or against Lead Plaintiffs or any member of the Class as evidence of any infirmity in the claims of Lead Plaintiffs or any member of the Class;

(c) offered or received against the Settling Defendant or against Lead Plaintiffs or any member of the Class as evidence of a presumption, concession or admission with respect to any liability, negligence, fault or wrongdoing, or in any way referred to for any other reason as against any of the parties to the Stipulation, in any other civil, criminal or administrative action or proceeding, other than such proceedings as may be necessary to effectuate the provisions of the Stipulation; provided, however, that if the Stipulation is approved by the Court, the Settling Defendant may refer to it to effectuate the liability protection granted him thereunder;

(d) construed against the Settling Defendant or Lead Plaintiffs or any member of the Class as an admission or concession that the consideration to be given thereunder represents the amount which could be or would have been recovered after trial; and

(e) construed as or received in evidence as an admission, concession or presumption against Lead Plaintiffs or any member of the Class or any of them that any of their claims are without merit or that damages recoverable under the Complaint would not have exceeded the Settlement Amount.

12. No Released Parties shall be liable or obligated to pay any fees, expenses, costs or disbursements to, or incur any expense on behalf of, any Person (including, without limitation, the Class Representatives and Lead Counsel), directly or indirectly, in connection with the Action or the Settlement, except as expressly provided for in the Settlement. No Released Parties shall have any responsibility whatsoever for filing elections or other required statements, or tax returns, or for paying the costs associated therewith, the payment of any Taxes due, or the expenses of notice or administration of the Settlement Fund, except as expressly provided for in the Settlement.

13. The Court finds that all Settling Parties and their counsel have complied with each requirement of the PSLRA and Rule 11 of the Federal Rules of Civil Procedure as to all proceedings herein.

14. Only those Class members who purchased or otherwise acquired Longtop ADS during the period February 10, 2010 through May 17, 2011 (the "Trial Class Members)[3] and who submit valid Proofs of Claim shall be potentially eligible to receive a distribution from the Settlement Fund. The Proof of Claim to be executed by Class members shall further release all Settled Claims against the Released Parties. All Class Members shall, as of the Effective Date, be bound by the releases set forth herein whether or not they submit a valid and timely Proof of Claim.

---

[3] At trial Lead Plaintiffs pursued claims based on Palaschuk's alleged misrepresentations during the period February 10, 2010 through May 17, 2011 (i.e., the "Trial Class Period"). At trial, a jury found Palaschuk liable for violating Section 10(b) of the Securities Exchange Act of 1934 during this portion of the certified Class Period.

7

15. No Authorized Claimant shall have any claim against Lead Plaintiffs, Plaintiffs' Counsel, the Claims Administrator, or any other agent designated by Lead Counsel based on the distributions made substantially in accordance with the Settlement and Plan of Allocation as approved by the Court and further orders of the Court. No Authorized Claimant shall have any claim against the Settling Defendant, Settling Defendant's Counsel, or any of the Released Parties with respect to the investment or distribution of the Net Settlement Fund, the determination, administration, calculation or payment of Claims, the administration of the escrow account, or any losses incurred in connection therewith, the Plan of Allocation, or the giving of notice to Class members.

16. Separate orders shall be entered regarding approval of a Plan of Allocation and the applications of Lead Counsel and Lead Plaintiffs for reimbursement of Litigation Expenses. Any order approving or modifying the Plan of Allocation set forth in the Notice and any application for attorneys' fees and expenses shall not disturb or affect the finality of this Judgment, the Stipulation or the Settlement contained therein, and shall not affect or delay the Effective Date of the Settlement.

17. Without affecting the finality of this Judgment in any way, the Court reserves exclusive and continuing jurisdiction over the Action, the Class Representatives, the Class, and the Released Parties for the purposes of: (i) supervising the implementation, enforcement, construction, and interpretation of the Stipulation, the Plan of Allocation, and this Judgment; (ii) hearing and determining any application by Lead Counsel for an award of attorneys' fees and expenses, or any application for reimbursement of costs and expenses to the Class Representatives; (iii) supervising the distribution of the Settlement Fund; and (iv) enforcing the terms of the November 14, 2013 Order Entering Default Judgment.

18.	In the event that the Settlement does not become effective in accordance with the terms of the Stipulation or in the event that the Settlement Fund, or any portion thereof, is returned to the Settling Defendant and/or the Person(s) paying the same, then this Judgment shall be rendered null and void to the extent provided by and in accordance with the Stipulation and shall be vacated and, in such event, all orders entered and releases delivered in connection herewith shall be null and void to the extent provided by and in accordance with the Stipulation.

19.	There is no reason for delay in the entry of this Judgment and immediate entry by the Clerk of the Court is expressly directed pursuant to Rule 54(b) of the Federal Rules of Civil Procedure.

SIGNED this 13 day of October 2015.

THE HONORABLE SHIRA A. SCHEINDLIN
UNITED STATES DISTRICT JUDGE

# APPENDIX 1

1. Gene and Peggy Hoenig Living Trust
   Gene Hoenig TTEE
   Gainesville, TX

2. George Oliveri
   San Diego, CA

3. Robert F. Perrone
   Springfield, IL